# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

)

JAMES KOPPEL,               )

          )

    Plaintiff,        )

          )

v.               )         C.A. No. 1:20-cv-11479

          )

WILLIAM MOSES,       )

          )

    Defendant.       )

_____)

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant William Moses ("Moses"), with a full reservation of any and all rights, claims, and defenses of any nature whatsoever, files this Notice of Removal and hereby removes this action from the Superior Court of the Commonwealth of Massachusetts, Middlesex County (the "Superior Court"), to the United States District Court for the District of Massachusetts. A Civil Action Cover Sheet is attached hereto as **Exhibit 1**, and a Category Form is attached hereto as **Exhibit 2**. In support of removal, Moses respectfully states the following:

1.      On or about April 13, 2020, plaintiff James Koppel ("Koppel") filed a civil action in the Middlesex Superior Court entitled _Koppel v. Moses,_ 2081CV00941 (the "Action"). On or about May 6, 2020, Koppel attempted service at a Massachusetts address which Moses had vacated nearly two months before. Moses did not receive notice of the complaint as a result of that attempted service. On June 26, Koppel obtained an order of default in the Superior Court. On July 17, 2020, Koppel's counsel provided a copy of the summons and complaint to Moses's

109578\000000\3516723

counsel, and agreed that the complaint would be deemed received by Moses as of that date.

Copies of all process, pleadings, and orders served on Moses are attached hereto as **Exhibit 3.**

2.        This Notice of Removal is timely because it is being filed within 30 days of

Moses's receipt of the initial pleading setting forth the claim for relief upon which the Action is

based, as required by 28 U.S.C. § 1446(b)(1).

3.        Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts "shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interests and costs, and is between . . . citizens of different states." As

shown below, the requirements of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) are

satisfied here.

4.        Plaintiff Koppel is a resident of Massachusetts. (Exhibit 3, Complaint, ¶ 1).

Defendant Moses resides in Arlington, Virginia. Moses is registered to vote in Virginia, holds a

Virginia driver's license, files a Virginia income tax return, and receives bills at his Virginia

address. Moses is a graduate student at the Massachusetts Institute of Technology in Cambridge,

Massachusetts, but does not intend to reside in Massachusetts after his studies are over. Diversity

of citizenship therefore exits between plaintiff and defendant. *See Alexander v. Trustees of*

*Boston University*, 584 F. Supp. 282, 287 (D. Mass. 1984), *rev'd on other grounds*, 768 F.2d 630

(1st Cir. 1985) (Massachusetts student deemed a citizen of Ohio).

5.        Koppel's complaint demands more than $75,000 in damages as required by 28

U.S.C. § 1332(a). Ex. 3, Complaint, ¶ 75 (alleging damages of "at least $500,000").

6.        Accordingly, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §

1332.

109578\000000\3516723

7.      Since the service of the summons and complaint on July 17, 2020, there have been no proceedings in the Action.

8.      No previous application has been made for the relief requested herein.

9.      Removal to this Court is proper because it is "the district and division embracing the place where [the Action] is pending." 28 U.S.C. § 1441(a). The Middlesex Superior Court is within the United States District Court for the District of Massachusetts, Eastern Division. *See* 28 U.S.C. § 101; Local Rule 40.1(c).

WHEREFORE, Defendant William Moses removes this action from the Superior Court to this Court pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

WILLIAM MOSES,

By his attorneys,

*/s/ Jeffrey J. Pyle*
Jeffrey J. Pyle (BBO # 647438)
jpyle@princelobel.com
Michael J. Lambert (BBO # 704134)
mlambert@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
T: 617-456-8000
F: 617-456-8100

Dated: August 5, 2020

3

109578\000000\3516723

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2020, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system, and I hereby certify that I have served the foregoing by U.S. Mail and electronic mail on the below-listed counsel who have not yet entered an appearance in this Court:

Edward G. Boylan, Esq.
Freeman Mathis & Gary LLP
60 State Street, Suite 600
Boston, MA 02109-1800
pboylan@fmglaw.com

*/s/ Jeffrey J. Pyle*
Jeffrey J. Pyle

4

109578\000000\3516723