UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
JAMES KOPPEL,                           )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        No. 20-cv-11479-LTS
                                        )
WILLIAM MOSES,                          )
                                        )
        Defendant.                      )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO SET ASIDE ENTRY OF DEFAULT

### INTRODUCTION

Defendant William Moses submits this memorandum of law in support of his motion to set aside the default against him by the clerk of the Middlesex Superior Court. Plaintiff James Koppel ("Koppel") did not properly serve Moses with process before the default entered on June 26, 2020. "Good cause" to set aside the default under Fed. R. Civ. P. 55(c) exists for this reason alone. In addition, Moses's default was not willful, he has acted expeditiously to assert his valid defenses to plaintiff's defamation claim since learning of this action, and allowance of this motion will not prejudice Koppel. Accordingly, the Court should set aside the default and permit Moses to defend this action on the merits.

### BACKGROUND

Plaintiff James Koppel sued William Moses, a fellow graduate student at the Massachusetts Institute of Technology (MIT), in the Middlesex Superior Court based on an email that Moses sent on March 2, 2020, to the members of an MIT computing club. (*See*

Complaint, Ex. 3 to Notice of Removal, Doc. No. 1). On March 12, 2020, after communications between Koppel's attorney and MIT in-house counsel Jaren Wilcoxson, the executive committee of the computing club sent a second email to the same recipients, clarifying certain matters relating to the March 2 email. (*See* **Exhibit 1** and **Exhibit 2** hereto).

As these events unfolded, colleges and universities around the country were in the process of shutting down or moving to remote learning platforms due to the COVID-19 pandemic. On March 10, 2020, MIT president Rafael Reif sent an email to the MIT community announcing that classes for the week of March 16-20 would be cancelled, that undergraduates would need to leave campus immediately, and all "[g]raduate students who can work remotely and who can arrange another place to live away from campus are strongly encouraged to do so." (Moses Aff., ¶ 3 and Ex. A thereto).

As of the date of Pres. Reif's announcement, defendant William Moses was renting a unit at the Sidney Pacific Graduate Residence at MIT, a dormitory located at 70 Pacific St. #491B, Cambridge, Massachusetts. (Moses Aff., ¶ 3). On March 13, 2020, Moses submitted a "Graduate Housing Termination Form" to MIT and informed the school that he would be moving out of the dormitory. (Moses Aff., ¶ 4, Ex. B). On March 13, 2020, Moses moved himself and his belongings to his permanent Virginia residence. (*Id.*).

On April 13, 2020, Koppel sued Moses in the Middlesex Superior Court. (Doc. No. 1, Notice of Removal, Ex. 3, Complaint). On May 4, 2020, a private process server allegedly left a copy of the summons and complaint "posted at [the] door" of Moses's former dormitory. (**Exhibit 3** (return of service)). The return of service states that another copy of the complaint was "mailed," presumably to the same address. (*Id.*). Moses, by then located in Virginia, did not receive any mailed copy of the summons and complaint. (Moses Aff., ¶ 5).

2

On July 6, 2020, Moses received a copy of a motion for entry of default judgment and a default order, which had been entered on June 26, 2020 by the Superior Court. (Moses Aff., ¶ 5; Doc. No. 1, Notice of Removal, Ex. 3 (notice of default)). An envelope containing the default papers apparently had been forwarded from Moses's dormitory to his Virginia residence. (*Id.*).

Moses retained the undersigned counsel. On July 17, 2020, counsel for Moses spoke with counsel for the plaintiff. Moses's counsel noted the defective service, and agreed to accept service of process effective July 17. Plaintiff's counsel did not agree prior service was defective, but agreed to send copies of the summons and complaint to counsel for Moses that day. In a confirming email, Moses's counsel stated, "Dear Paul, Thanks for agreeing to send me a copy of the summons and complaint, and to deem them received as of today. You can send them to this email address." (**Exhibit 4**). Plaintiff's counsel sent the summons and complaint later that day.

On August 5, 2020, Moses timely removed the action to this Court.

<u>ARGUMENT</u>

Under Rule 55(c), a court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). "The standard is a liberal one based upon the policy justification that actions should be resolved on their merits." *Wilson v. Town of Fairhaven*, No. CV 18-11099-PBS, 2019 WL 1757780, at *29 (D. Mass. Mar. 4, 2019), report and recommendation adopted, No. 1:18-CV-11099, 2019 WL 1760591 (D. Mass. Mar. 19, 2019) (internal quotations omitted). In deciding whether good cause exists, courts consider factors including: "'(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented.'" *Id.*, quoting *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010). "A court may also assess (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the

motion to set aside the entry of default." *Wilson*, 2019 WL 1757780 at *29 (cleaned up). Each of these factors strongly favors removal of the default here.

## A.   Good Cause Exists Because Koppel Did Not Properly Serve Moses Before the Default Entered.

Moses was not properly served with process before the entry of the default on June 26, 2020. This alone is sufficient "good cause" to remove the default. *Sindi v. El-Moslimany*, No. CIV.A. 13-10798-GAO, 2014 WL 1281522, at *3 (D. Mass. Mar. 26, 2014) (removing default because defendant "was not properly served," and thus "her obligation to file a responsive pleading had not yet materialized when the default was entered.").

By the time Koppel's process server left the summons and complaint for Moses at the Sidney Pacific dormitory on May 4, Moses had not lived in that facility for nearly two months. (Moses Aff., ¶ 4; Ex. 3 hereto). Accordingly, it was not Moses's "last and usual place of abode" for purposes of Mass. R. Civ. P. 4. *Rogan v. Liberty Mut. Ins. Co.,* 305 Mass. 186, 187 (1940) (no proper service of process where summons and complaint left at Massachusetts address from which defendant had moved two months prior to Maryland); *Konan v. Carroll,* 37 Mass. App. Ct. 225, 228–30 (1994) (default judgment vacated for lack of proper service of process where defendants had not resided at address for over four years). The return of service states that a second copy was "mailed" to the dormitory, but Moses never received the mailed copy, (Moses Aff., ¶ 5), and service by mail is not proper in Massachusetts in any event. (Mass. R. Civ. P. 4(d)(1)). The fact that the default entered before proper service was effectuated is sufficient good cause, on its own, to set aside the default. *Sindi*, No. CIV.A. 13-10798-GAO, 2014 WL 1281522, at *3.

4

**B.      Good Cause Exists Under the Totality of Factors.**

Even if the court somehow deemed the May 4, 2020 service on Moses's vacated dormitory to be sufficient, the relevant factors still favor removal of the default.

First, Moses's default was not "willful." *Wilson*, 2019 WL 1757780, at *29. Moses's affidavit states under penalties of perjury that he did not know of this lawsuit before the default entered. (Moses Aff., ¶ 5).

Second, setting aside default would not prejudice Koppel. "Prejudice is absent because simply requiring a party to litigate the action does not amount to prejudice, and there is no indication that memories of witnesses have dimmed beyond refreshment." *Wilson v. Town of Fairhaven*, No. CV 18-11099-PBS, 2019 WL 1757780, at *29 (D. Mass. Mar. 4, 2019) (internal quotations omitted).

Third, Moses has meritorious defenses to Koppel's action. As explained in Moses's motion to dismiss, filed concurrently with this motion, the primary basis of the defamation claim is a statement that Koppel had made other persons "uncomfortable." That statement is too vague and indefinite to be the subject of a defamation action. *Gray, v. St. Martin's Press, Inc.*, 221 F.3d 243, 248 (1st Cir. 2000) (statements that involve mere "expressions of personal judgment" are non-actionable, "especially as the judgments become more vague and subjective in character"); *Ayyadurai v. Floor64, Inc.*, 270 F. Supp. 3d 343, 355 (D. Mass. 2017) ("[V]ague language that is subject to multiple interpretations is generally not actionable" as defamation). Other purported elements of the defamation claim rely on strained readings of the March 2 email, rely on true statements, or depend on statements that amount to First Amendment protected opinion. Koppel's other claims improperly seek to re-plead the non-meritorious libel count under a

different guise, and fail on their own terms. (*See generally* Memorandum in Support of Motion to Dismiss).

Fourth, "the nature of [Moses's] explanation for the default"—that he did not know of the existence of the lawsuit until after the clerk entered it on June 26—supports a finding of good cause. (Moses Aff., ¶ 5).

Fifth, the issue of the "good faith of the parties" favors removal of the default. *Wilson*, 2019 WL 1757780, at *29. There is no evidence of bad faith by either party. However, it is notable that Koppel is himself an MIT graduate student, and therefore knew that the campus had effectively been shut down in March. Koppel was therefore on notice that Moses was likely not living at the Sidney Pacific dormitory on May 4, when Koppel's process server left the summons and complaint there. Further, both Koppel and his counsel had communicated with Moses by email before the lawsuit was filed, and in Koppel's case by Facebook Messenger as well. (Moses Aff., ¶ 2). Yet Koppel made no effort to ensure Moses's actual notice of the lawsuit via such means. Further, Koppel's counsel had communicated in March with in-house counsel for MIT, Jaren Wilcoxson, about the allegedly defamatory email and the clarifying March 12 email, but never informed him of the lawsuit, sent a courtesy copy of the complaint, or asked for Moses's current address. (Ex. 1). Given the disruptive effects of the pandemic on MIT and the region more generally, greater efforts by Koppel to ensure proper service of process and actual notice of the lawsuit before seeking and obtaining entry of a default could have been expected.

The "amount of money involved" in the case is substantial. *Wilson*, 2019 WL 1757780 at *29. Koppel claims $500,000 in damages for the allegedly defamatory email. (Notice of Removal, Ex. 3, Complaint, ¶ 75). Moses should be permitted to defend against such a claim on the merits.

6

Finally, the timing of the motion to set aside the default does not weigh against a finding of good cause. *Wilson*, 2019 WL 1757780 at *29. This motion is filed 26 days after service of the summons and complaint on Moses's counsel, and within 7 days of removal to this Court.

For the foregoing reasons, defendant William Moses respectfully requests that his Motion to Set Aside the Default be allowed.

Respectfully submitted,

WILLIAM MOSES,

By his attorneys,

*/s/ Jeffrey J. Pyle*
Jeffrey J. Pyle (BBO # 647438)
jpyle@princelobel.com
Michael J. Lambert (BBO # 704134)
mlambert@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
T: 617-456-8000
F: 617-456-8100

Dated: August 12, 2020

## Certificate of Service

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

*/s/ Jeffrey J. Pyle*
Jeffrey J. Pyle

7

3520061.v2