UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
JAMES KOPPEL,                               )
                                            )
      Plaintiff,                            )
                                            )        Civil Action No. 1:20-cv-11479-LTS
      v.                                    )
                                            )
WILLIAM MOSES,                              )
                                            )
      Defendant.                            )
_____ )

Opposition to Motion by Defendant to Vacate
the State Court Entry of Default on June 26, 2020

      Plaintiff James Koppel by counsel hereby opposes the motion by the defendant served

August 12 to set aside the entry of a default entered by the Middlesex County Superior Court on

June 26, 2020. The grounds for opposition are set forth below.

1. This court at this time is without subject matter jurisdiction as to the state court entry of
   default.

      Plaintiff contends that this defendant in seeking to vacate the state court default by a motion

served August 12, 2020 misapprehends the applicable law in this case. This civil action was

removed to this court on August 5, 2020. This plaintiff is concurrently challenging that removal

and has filed a motion to remand this action to the Middlesex Superior Court. Because of that

procedural setting, the August 12, 2020 motion to vacate a default is not an ordinary or garden

variety motion to vacate a default.

      The position of this plaintiff on this motion is that this District Court does not at this time

have the power to vacate the state court default. A District Court has the power to vacate a default

only if the civil action has been timely removed. Sindi v. El-Moslimany, Civil Action No. 13-

10798-GAO, 2014 U.S. Dist. LEXIS 40108, 2014 WL 1281522, at *2 (D. Mass. Mar. 26, 2014). If that is correct any determination as to timely removal must precede, in logic and as a matter of law, any ruling by this court as to vacating the default entered by the Superior Court. Unless and until it is found that this civil action has been properly and timely removed to this court, this court is without subject matter jurisdiction as to any other issues. If the removal is not proper, remand is required without further action in this court. If and only if remand is denied can this court vacate the default entered by the Superior Court. In that instance this court is allowed to apply federal law as if the default had entered in this federal court. Sindi, supra.

For the purpose of the concurrently filed motion by this plaintiff for remand and all issues as to whether removal is proper, plaintiff respectfully submits that the entry of the default in the state court case is the law of this case. See Exhibit 2 to this Opposition, motion for entry of default; Exhibit 3, page 2, copy of the entered default.

Unless and until removal is judged to be proper and remand is denied, plaintiff contends that the default entered by the state court is prima facie valid. Unless and until removal is determined to be proper, this court has no jurisdiction to vacate the entry of the default.

This logic and this argument are consistent with the ruling of the federal court in Maine that it could not consider a motion for dismissal unless and until the default entered in the state court was vacated after timely removal. Byron v. HSBC Bank USA, N.A., No. 2:15-cv-360-GZS, 2016 U.S. Dist. LEXIS 10972, at *3-4 (D. Me. Jan. 29, 2016). The same logic applies with more force here. The entry of the default in the Middlesex Superior Court cannot be disputed unless it is determined that removal here is proper.

Plaintiff respectfully contends that at this point in this civil action because the issue of the propriety of removal has not yet been decided, this court is without subject matter jurisdiction to

vacate the default. This court at this time is required to treat the state court entry of default as valid and effective.

The default entered by the Middlesex Superior Court on June 26, 2020, Exhibit 3, is prima facia evidence that service of process of the summons and complaint was validly accomplished on May 4, 2020. The entry of the default by the Middlesex Superior Court is a finding that service was proper and that this defendant failed to answer or respond in a timely manner. See Exhibit 2, motion for entry of default. The entry of the default is the law of the case. It is issue preclusive as to whether service of process was proper as of May 4, 2020.

This point alone defeats the August 5 removal. Because the service of process as of May 4 was valid, the 30-day period for removal expired on or about June 5, 2020.

2. <u>Factual issues as to the entry of the default and the validity of service of process.</u>

Because the motion to vacate the default is not within the subject matter jurisdiction of this court at this time argument as to the merits of the motion is premature. Certain assertions in the motion however are inaccurate. They are addressed here to correct inaccuracies bearing on the merits of the motion for remand concurrently served and filed by this plaintiff.

a. The defendant argues as if the date on which he read a "mailed" copy of the complaint is relevant to the motion for remand. Doc. 5-1, page 2. Moses Affidavit. Doc. 5-6. para. 5. Plaintiff disagrees. If removal is not timely remand must be allowed. If the plaintiff is not a citizen of another state remand must be allowed.

If it is relevant when the defendant actually read the complaint, the defendant cannot carry his burden to show that mail was not forwarded to him after May 4, the date of service. See Doc. 5-4, page 2 "copy posted on door; second copy mailed." The entry of default was mailed to Koppel at Pacific Ave in Cambridge on June 26. Exhibit 3 to this Opposition. Moses admits he received

3

that mail when it was forwarded to him in Virginia. Doc. 5-6, page 2, para. 5. There is no evidence that MIT or the Post Office at any time failed to forward mail to this defendant. Moses at no point says or suggests MIT or the Post Office failed to forward mail to him at any time. A presumption of regularity obtains. If the Post Office and MIT forwarded all of the mail, they forwarded the summons and complaint posted on his door and the copies mailed to this defendant on May 4. See Return of Service by the Process Server. Doc. 5-4, page 2.

b. In the description of facts in the motion to vacate the state court default, document 5.1 at page 2 of 7, Moses omits the most important fact. As of March 13, 2020, Moses expressly said (wrote) that he intended to return to his apartment at the MIT Sidney Pacific apartments in Cambridge "once this is all over," referring to his temporary absence from his Cambridge apartment caused by Covid 19. See Moses email March 13 Doc. 5-8, page 2 of 2. This confirms his intent to return. Nothing in the removal papers negates his intent to return to Cambridge after a temporary absence.

c. Moses says that at a point in time not identified and by a writing or email which is not disclosed he informed MIT that he did not intend to return to Cambridge for the fall semester of 2020. Doc. 5-6, page 2 para. 4. That is hearsay and is immaterial because absence in the fall term is fully consistent with his long-term intent to return to Cambridge to complete his graduate education. Document 5-8, page 2 of 2. A negative inference is appropriate. Moses says he "informed" MIT but conspicuously fails to disclose the email in which he did that. In that his intention to return to Cambridge is already established, Doc. 5-8, page 2 of 2, the fair inference is that when he said he was not coming back for the fall term in 2020 he confirmed [in the nondisclosed email to MIT] his March 13 intent that he intends to come back as soon as Covid-related restrictions are lifted.

d. Plaintiff notes and objects to all allegations by Moses in his affidavit as to his putative "residence" or "permanent residence" at the home of his parents in Virginia. Until removal is deemed to be proper the issue of residence is a question of law. It is not a proper subject of any affidavit assertions. Plaintiff requests that all references to residence or permanent residence in the Moses Affidavit (document 5-6) be stricken as assertions of law or given no weight. Plaintiff requests this relief be granted without need for separate motion.

e. The defendant's description of communications between counsel for the parties here on July 17 is incomplete. Motion, Doc. 5-1, page 3. It is correct that counsel for plaintiff did not agree that the May 4, 2020 service was defective. Id. Beyond that however, nothing at all was said as to the state court default already entered in the Middlesex civil action. Plaintiff waived no rights as to that. Counsel for plaintiff the same day invited the filing of a document recording acceptance of service. See Exhibit 4 to this Opposition, page 1. When that did not happen, counsel for plaintiff on August 4 inquired whether present counsel for defendant was planning to file a notice of appearance, accept service, and answer the complaint. Exhibit 5. That August 4 email to counsel, Exhibit 5, was sent in part to make sure that present counsel for the defendant was in fact still intending to file an appearance. Id. The July delivery of the further copies of the summons and complaint to counsel described in the motion, Doc. 5-1, page 3, was based on the verbal representation of counsel that he did or would represent this defendant. That courtesy (delivery of copies) was in no way a waiver of any of existing rights of this plaintiff. The fact no rights were waived as of July 17 is shown by the fact that as of August 4 counsel for plaintiff still did not know for a fact that counsel for defendant would in fact be filing an appearance. Id.

In sum, the assertions as to a lack of diligence by plaintiff as to service of process are argumentative, inaccurate, and irrelevant. Doc. 5- 1, page 6 of 7.

(i) Counsel for plaintiff did not communicate by email with Moses prior to commencement of this civil action in any ordinary sense. Id. The only email communication to Moses was sent to him solely in his official capacity as the president of SIPB See Exhibit 1 addressed to SIPB "in care of William Moses." Exhibit 1 to this Opposition. After proper service of the summons and complaint Koppel had no obligation to communicate with Moses to "ensure" Moses' "actual notice" of the lawsuit [sic]. But see Doc. 5-1, page 6 of 7.

(ii) Counsel for Koppel did communicate in early March of 2020 to an in-house attorney for MIT. Doc. 5-1, page 6 of 7. That attorney however was acting on behalf of SIPB, not Moses. The suggestion that counsel for plaintiff was required or permitted to communicate with that same in-house attorney (id) for MIT as to a subsequent lawsuit against Moses personally is mistaken.

(iii) The MIT attorney after hearing from Moses about the pending civil action did communicate with counsel for Koppel and did express disappointment that he was not sent a courtesy copy of the complaint. Doc. 5-1, page 6; Doc. 5-2, page 2 of 4. Any such "courtesy" would have been inappropriate. Id. An attorney not representing a party is not entitled to any such courtesy. Distribution of the Complaint to the in-house attorney very likely would have been improper. The fact that a document is a public record does not mean that the document is not confidential.

(iv) It likewise would never be appropriate for counsel for Koppel to communicate with an in-house MIT attorney as to a private civil action to get information about this defendant such as a forwarding address or the residence address of his parents. But see Doc. 5-1, page 6. All of these assertions are inaccurate. They are irrelevant to the merits of the motion for remand and to the merits of the motion to vacate the entry of default.

Conclusion

For the reasons described, plaintiff requests that the motion to vacate the default not be acted upon until after a ruling by this court on the motion by this plaintiff for remand of this action to the Middlesex Superior Court. Plaintiff requests other consistent relief.

Respectfully submitted,

James Koppel,
By his attorneys,

*/s/ Paul G. Boylan*
*/s/ Ben N. Dunlap*

_____

Paul G. Boylan, BBO #052320
Ben Dunlap, BBO #661648
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
pboylan@fmglaw.com
bdunlap@fmglaw.com
Tel: (617) 963-5978

Dated: September 1, 2020

Certificate of Service

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

*/s/ Ben N. Dunlap*

_____

Ben N. Dunlap