UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES KOPPEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:20-cv-11479-LTS |
| v. ) | |
| ) | |
| WILLIAM MOSES, ) | |
| ) | |
| Defendant. ) | |

ASSENTED-TO MOTION FOR LEAVE TO FILE REPLY BRIEF
IN SUPPORT OF MOTION FOR REMAND

Plaintiff respectfully requests leave to file a Reply Memorandum in support of his Motion for Remand ("Motion"), attached herein as Exhibit A, pursuant to Rule 7.1(b)(3) of the Local Rules of the United States District Court for the District of Massachusetts.

As grounds for this Motion, the Opposition brief filed by Defendant William Moses presents factual assertions and legal arguments as to domicile which are disputed if not clearly wrong. The short reply brief, Exhibit A attached, will assist the Court in its consideration and resolution of the Koppel Motion for Remand.

Respectfully submitted,
James Koppel,
By his attorneys,

*/s/ Ben Dunlap*

Paul G. Boylan, BBO #052320
Ben Dunlap, BBO #661648
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
pboylan@fmglaw.com
bdunlap@fmglaw.com
Dated: September 25, 2020                                   Tel: (617) 963-5973

1

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a), counsel for Plaintiff certifies that he has conferred with counsel for Defendant regarding this motion for leave to file a reply brief. Counsel for Defendant has given Defendant's assent to this motion.

*/s/ Ben Dunlap*

Ben N. Dunlap

CERTIFICATE OF SERVICE

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

*/s/ Ben N. Dunlap*

Dated: September 25, 2020      Ben N. Dunlap

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES KOPPEL,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>WILLIAM MOSES,  )<br>  )<br>  Defendant.  )<br>  ) | Civil Action No. 1:20-cv-11479-LTS |

(Proposed ) REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

Plaintiff James Koppel submits this reply in support of his motion for remand of this action to Middlesex Superior Court. As shown below, the law cited in Defendant's Opposition is readily distinguishable from the facts here. The Defendant's opposition Affidavit demonstrates that he intends to live here until he completes his Ph.D. at MIT, as he is required to do. As a result there is no diversity jurisdiction here. Moses is domiciled in Massachusetts and is therefore a citizen of Massachusetts for the purpose of diversity jurisdiction. The Koppel motion for remand should be granted, and this civil action should be remanded.

To start, Moses incorrectly asserts in his Opposition that Koppel bears the burden to prove domicile. Doc 20, Def. Opp. at 1, 8, 9. To the contrary, as the party seeking to remove this action to Federal Court, Moses bears the burden to prove the requirements of diversity jurisdiction, including domicile. *Mass. Biologic Labs. v. CSL Behring AG*, Civil Action No. 16-11459-FDS, 2016 U.S. Dist. LEXIS 151238, at *5-6 (D. Mass. Nov. 1, 2016) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal"); *see also Garcia Perez v. Santaella*,

364 F.3d 348, 350 (1st Cir. 2004) ("[T]he party invoking diversity jurisdiction must prove domicile by a preponderance of the evidence."). Moses has not met this burden.

In examining the factors relevant to domicile, the Court takes a holistic approach. No single fact is determinative. *Garcia Perez* 364 F.3d at 350. The fact that Moses is a Ph.D. student is not by itself conclusive. Domicile requires a more fulsome inquiry as to where the person intends to stay. *Lundquist v. Precision Valley Aviation, Inc*., 946 F.2d 8, 10 (1st Cir. 1991); *Coma v. De Cuebas*, 356 F.Supp.3d 198, 203 (D.P.R. 2019); *Jiminez-Franceschini v. Bentley*, 867 F.Supp.2d 276, 280-281 (D.P.R. 2012). Moses understandably nowhere asserts, nor can he, that his present intent is not to return to this state to finish his Ph.D. work. The reason is simple. All Ph.D. programs at MIT, unlike many other universities, are residence programs. MIT uniformly and universally requires all that all candidates reside at MIT and that they all stay here for the for the full duration of all Ph.D. work. See http://catalog.mit.edu/mit/graduate-education/general-degree-requirements/

> MIT degrees are "residence" degrees in the sense that a major portion of the work must be done on campus in association with the faculty, other graduate students, and the Institute community. The amount of time required to attain any one degree varies.

MIT no doubt requires long term residence here so that the entire university and all Ph.D. candidates will be enriched by literally years of required physical presence and proximity. The result will be inevitable intense and challenging interactions of world- class faculty with talented Ph.D. candidates. The entire university benefits from compelled residency. This is not a mail order Ph.D.. A world- class institution can afford to be demanding. If Moses for the moment finds that the MIT residency requirements are legally inconvenient he surely should be

consoled by the prospect that by choosing a residency Ph.D. program at MIT he is earning a lifetime rich in intellectual and professional rewards.

The fact that Moses has made a present long term commitment to domicile here supports the service of process at his "last and usual abode."   Doc 20, Opposition 4-7.

Apart from that however, Moses' long term present commitment to reside here requires a finding that he is a domiciled here. Doc 20, 8-11.

The cases cited in the Opposition for the proposition that some graduate students are not citizens of the state where they study and work are readily distinguishable.  Most of the cases cited by Moses involve college student ( Doc 20, 8-9). College students make no long term commitment . They can transfer on a whim.  They in no way are similar to long- term Ph.D. candidates in residence programs. No case cited by Moses none involves a candidate in a long term "residence" Ph.D. program similar <u>all</u>  MIT  Ph.D. programs.

The cases Moses cites as to graduate students are plainly inapt. In *Alexander v. Trustees of Boston Univ*., 584 F.Supp. 282 (D. Mass. 1984) ( doc 20, 10)  the Court concluded that a divinity school student at Boston University was not a citizen of Massachusetts for the purpose of diversity jurisdiction. In that case, the Court did not apply or create any broad rule applicable to all graduate students. Instead, the Court analyzed objective factors regarding citizenship and evidence concerning the plaintiff's <u>present intent not to remain</u> in Massachusetts, including most, notably, an <u>agreement to practice ministry with the Ohio Methodist Conference after his graduation</u>. *Alexander*, 584 F.Supp. at 287. There is no parallel evidence here. Moses nowhere alleges or shows any present intent to leave Massachusetts in the foreseeable future.  He cannot assert that intent because he has chosen a program which forbids it. What he may do in 2022 or

3

later is irrelevant to his present required intent that he complete his residency Ph.D. program here.

Similarly, in *Murphy* v. *Newport Waterfront Landing, Inc.*, 806 F. Supp. 322, 324-325 (D.R.I. 1992) ( doc 20, 10) the evidence showed that the plaintiff was presently planning to return to Massachusetts after graduation from a law school in Nebraska. Murphy grew up and attended college in Massachusetts before enrolling in law school. The Court noted the fixed limited duration of the law program in Nebraska and the fact that the plaintiff <u>had taken the Massachusetts bar exam</u> as strong evidence of his present intent to return to Massachusetts for work. *Id*. Moses says nothing of the sort, and cannot.

*Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974) (doc 20, 10) is irrelevant here and does not help Moses. The Court's decision there was that the wife was domiciled in Mississippi at the time of her marriage and that she did not lose that citizenship by her marriage to a citizen of France .Id at 1399, 1400. The defendant, an intrusive landlord, invaded the privacy of the couple soon after the marriage . Id. 1398. They then moved to Illinois. The facts showed that the relatively brief time spent by the couple in Louisiana (at most one year ) after marriage was a temporary residence. Id at 1398. Nothing in *Mas* is relevant or controlling here.

In contrast to *Mas*, no issue here involves marital status. Unlike *Murphy* and *Alexander*, there is <u>no evidence here that Moses has plans to return to Virginia following his graduation from MIT</u>. *See Alexander*, 584 F.Supp. at 287 (Boston University divinity student not domiciled in Massachusetts where he had an agreement to return to Ohio after graduation); *Murphy,* 806 F. Supp. at 324-325 (Nebraska law student not domiciled in Nebraska where he took the Massachusetts bar exam, showing intent to return to Massachusetts after graduation). Moses does not and cannot show any competent evidence of any <u>present</u> intention to reside anywhere other

4

than Massachusetts for the foreseeable future. Moses has purposefully chosen the pursuit of excellence and is bound to the consequences of that choice.

Moses at best quibbles with certain statements in the Motion for Remand regarding his biography. He inexplicably suggests that his public, published *curriculum vitae* is not accurate or is misleading in certain details (Moses Affidavit, ¶¶ 11-23). Moses at no point disputes the key facts. He does not dispute that he has resided in Massachusetts since 2014 and that he became a domiciliary of Massachusetts no later than 2017. His CV screams "MIT" over and over. Doc 20-15-20. Moses admits in his Affidavit that he has resided in Massachusetts since 2014. Moses Affidavit, ¶5. He acknowledges he has rented an MIT apartment since 2017, and that he merely subleased the apartment to someone else when he was working in California for several months in 2019. Moses Affidavit, ¶¶ 5, 15. Moses admits he left the MIT apartment in the spring of 2020 only because the apartment was closed due to covid rules. Moses Affidavit, ¶¶ 18-19. He acknowledges he intends to be physically present in Massachusetts until at least 2021, and he admits he does not know where he will live after 2021. Moses Affidavit, ¶ 20. Notably, Moses does not assert that he will live in Virginia or anywhere else after 2021, nor can he plausibly do so. As of 2020 Moses indisputably has chosen to reside here indefinitely in order to earn a residency Ph.D. from MIT. His well-informed choice binds him. The facts conclusively demonstrate Moses as of 2020 is domiciled in this state and is a citizen of Massachusetts, not Virginia. It follows that there is no diversity jurisdiction in this action.

WHEREFORE, Plaintiff James Koppel requests that Court enter an order:

a. Allowing the Motion for Remand;

b. Remanding this action to the Middlesex Superior Court; and

c. Awarding such other relief as the Court deems just.

Respectfully submitted,

James Koppel,
By his attorneys,

_____
Ben Dunlap, BBO661648
Paul G. Boylan, BBO 052320
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
pboylan@fmglaw.com
bdunlap@fmglaw.com
Tel: (617) 963-5978

Dated:  September __, 2020

## Certificate of Service

    I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

_____
Ben Dunlap

6