UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

JAMES KOPPEL,                                   )
                                                )
          Plaintiff,                            )
                                                )
v.                                              )          No. 20-cv-11479-LTS
                                                )
WILLIAM MOSES,                                  )
                                                )
          Defendant.                            )
_____)

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant William Moses ("Moses") submits the following answer to the numbered

paragraphs contained in the complaint of plaintiff James Koppel ("Koppel"). To the extent that

Koppel alleges facts in the titles or section headings in Koppel's complaint (a. through g.), they

are hereby denied.

1.       Moses states that he is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in paragraph 1 of Koppel's complaint

and therefore denies them.

2.       Moses denies the first sentence of paragraph 2 of Koppel's complaint. Moses

admits that he has known Koppel since 2015 and otherwise denies the allegations contained in

the second sentence of paragraph 2.

3.       Moses states that he is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in Paragraph 3 of Koppel's complaint

and therefore denies them.

3577792

4.      Moses states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Koppel's complaint and therefore denies them.

5.      Moses states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Koppel's complaint and therefore denies them.

6.      Admitted.

7.      The first sentence of paragraph 7 is denied. As to the second sentence, Moses admits that Koppel expressed interest in being Moses's roommate and otherwise denies the allegations contained in the second sentence of paragraph 7 of Koppel's complaint. Moses denies the third sentence of paragraph 7.

8.      As to the first sentence of paragraph 8, Moses denies that the Student Information Processing Board ("SIPB") is an "informal organization sponsored by" the university, and states that SIPB is in fact a formally registered student organization the Massachusetts Institute of Technology. Further answering, Moses admits that SIPB receives direct funding from MIT. The second sentence, concerning the purposes of SIPB, is admitted, but Moses further states that SIPB's purposes include providing MIT students and affiliates access and advocacy on computing-related matters. SIPB offers talks, classes for and without credit, and computing infrastructure, and offers answers to computing questions.

9.      The first sentence of paragraph 9 is admitted. The second sentence is admitted, except that Moses states that SIPB membership and participation in its activities is limited to MIT affiliates. As to the third sentence, Moses admits that SIPB members share an interest in computer science and that there is worldwide use of some of SIPB's resources, and otherwise

Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in third sentence of paragraph 9.

10.     Moses admits that SIPB is an extracurricular computer science club at MIT, and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in paragraph 10.

11.     Moses admits that SIPB is an extracurricular computer science club at MIT, and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in paragraph 11.

12.     The first sentence of paragraph 12 is admitted. Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of the second sentence of paragraph 12.

13.     Admitted.

14.     The first sentence of paragraph 14 is admitted. As to the second sentence, Moses denies that "significant participation and contributions to SIPB" is the only consideration for election to keyholder, and otherwise admits the second sentence of paragraph 14.

15.     Moses admits that SIPB keyholders are elected by existing student keyholders. The remainder of paragraph 15 is admitted.

16.     Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first four sentences of paragraph 16, and therefore denies them. As to the fifth sentence, Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements concerning the number of hours Koppel spent on SIPB activities, and denies said sentence to the extent it implies that any particular number of hours qualifies a SIPB member for election as a keyholder.

3577792

17.     The first sentence of paragraph 17 is admitted. As to the second sentence, Moses admits that as of February 27 he had recently been elected chair of SIBP, and previous to that election had been a member of the executive committee, and otherwise denies the allegations contained in the second sentence of paragraph 17.

18.     Admitted.

19.     Moses admits that he informed plaintiff that reports of the nature referenced in the first sentence of paragraph 19 had been received by the SIPB executive committee, and otherwise denies the allegations contained in the first sentence of paragraph 19. The second sentence is admitted except that Moses states that he told Koppel that SIPB members, as opposed to SIPB keyholders, had made the reports. As to the remainder of paragraph 19, Moses admits that he did not provide specific information to Koppel concerning the nature of the reports, and otherwise denies the allegations contained in the last four sentences of paragraph 19.

20.     Moses admits that he did not disclose to Koppel the identities of persons who had reported that Koppel had made them uncomfortable, and otherwise denies the allegations contained in paragraph 20 of Koppel's complaint.

21.     Moses admits that he told Koppel he became aware of some of the reports approximately three weeks before February 27, and otherwise denies the first sentence of paragraph 21. Moses denies the second sentence of paragraph 21 to the extent it implies that he characterized the reports about Koppel as involving "offenses," and admits that he did not state how many reports were involved and what time periods they covered.

22.     Denied; further answering, Moses states that he asked Koppel to voluntarily disengage from SIPB, and Koppel agreed to do so.

23.     Denied.

3577792

24.     Denied.

25.     Moses admits that the executive committee of SIPB declined to agree to keep private the fact that the executive committee had asked Koppel to refrain from participating in the group, and otherwise denies the allegations contained in the first sentence of paragraph 25. Moses admits that Koppel said that he would no longer use SIPB resources and otherwise denies the allegations contained in the second sentence of paragraph 25. The third sentence is denied.

26.     Moses admits that he sent an email on March 2, 2020 on behalf of the executive committee of SIPB, and otherwise denies the allegations contained in the first sentence of paragraph 26. The second sentence of paragraph 26 is denied.

27.     The first sentence of paragraph 27 is admitted. As to the second sentence, Moses admits that Koppel's counsel communicated with counsel at MIT and otherwise denies the allegations contained in the second sentence. The third sentence is denied.

28.     Moses admits that he sent an email on March 12, 2020 on behalf of the executive committee of SIPB, the text of which Koppel's counsel had reviewed, edited, and largely approved, and otherwise denies the allegations contained in the first sentence of paragraph 28 of Koppel's complaint. The second sentence of paragraph 28 is admitted. As to the third sentence, Moses admits that the email clarified certain matters addressed in the March 2 email, admits that the email was sent as a "reply" to the March 2 email, and otherwise denies the allegations contained in the third sentence of paragraph 28 of Koppel's complaint. As to the fourth sentence, Moses denies that the March 2 statement is defamatory, and further states that the sentence refers to a document that speaks for itself and no further answer is required.

3577792

29.     Moses admits that he sent a second, standalone email on behalf of the executive committee of SIPB on March 12, which document speaks for itself, and denies the remainder of the allegations contained in paragraph 29 of Koppel's complaint.

30.     The first two sentences of paragraph 30 are denied. Moses states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 30 of Koppel's complaint and therefore denies them. The fourth sentence is denied.

31.     The first sentence of paragraph 31 is denied. Moses denies that the March 2 or 12 emails constitute "public notice," deny that the emails constituted "expulsion of a member" of SIPB, and admits that no written rule of SIPB applied to the emails.

32.     The first sentence of paragraph 32 is denied. As to the second sentence, Moses states that it references a document that speaks for itself, and denies all allegations that incorrectly characterize the text of the document. Moses is without knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in the third sentence of paragraph 32 and therefore denies them. Moses states that the fourth and fifth sentences state conclusions based on a document that speaks for itself, and Moses denies all allegations that incorrectly characterize the text of the referenced document. Further answering, Moses denies that Koppel was subjected to "discipline" by SIPB.

33.     Moses states that the first sentence of paragraph 33 states only conclusions based on a document that speaks for itself, and no further answer is required; to the extent further response is necessary, Moses denies all allegations that incorrectly characterize the text of the referenced document. As to the second sentence, Moses denies that Koppel was subjected to "discipline" and admits that his request to Koppel to refrain from further involvement in SIPB,

3577792

and Koppel's agreement to that request, were not subject to any formal procedure set forth in the SIPB constitution.

34.     Denied.

35.     The first sentence of paragraph 35 characterizes a document that speaks for itself, and Moses denies all allegations that that incorrectly characterize the text of the referenced document. The remainder of paragraph 35 is denied.

36.     Denied.

37.     Moses states that the first sentence of paragraph 37 purports to characterize a document that speaks for itself, and Moses denies all allegations that incorrectly characterize the text of the document. The second and third sentences are denied. As to the fourth sentence, Moses admits that the March 2 and March 12 emails do not state any "inculpatory or supporting facts," and further states that the sentence characterizes documents that speaks for themselves, and denies all allegations that incorrectly characterize the text of the document.

38.     The first sentence of paragraph 38 characterizes a document that speaks for itself, and Moses denies the allegations in that sentence to the extent they incorrectly characterize the text of the document. As to the second sentence, Moses admits that the executive board requested that plaintiff not use any SIPB resources. The third, fourth, fifth, and sixth sentences are denied.

39.     The first sentence of paragraph 39 purports to characterize a document that speaks for itself, and Moses denies the allegations contained in that sentence to the extent they incorrectly characterize the text of the document; to the extent the first sentence of paragraph 39 alleges facts, they are denied. The second sentence of paragraph 39 purports to characterize a

3577792

document that speaks for itself, and Moses denies the allegations in that sentence to the extent they incorrectly characterize the text of the document.

40.   Moses states that the first sentence of paragraph 40 purports to characterize a document that speaks for itself, and Moses denies the allegations contained in that sentence to the extent they incorrectly characterize the text of the document; to the extent the first sentence of paragraph 40 alleges facts, they are denied. The second sentence of paragraph 40 is denied.

41.   Moses states that the first sentence of paragraph 41 purports to characterize a document that speaks for itself, and Moses denies the allegations contained in that sentence to the extent they incorrectly characterize the text of the document; to the extent the first sentence of paragraph 41 alleges facts, they are denied. The second sentence of paragraph 41 is denied. The third sentence purports to characterize a document that speaks for itself, and Moses denies the allegations contained in that sentence to the extent they incorrectly characterize the text of the document. The fourth sentence is denied. Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in the fifth sentence of paragraph 41, and therefore denies them.  The sixth and seventh sentences of paragraph 41 are denied.

42.   The first two sentences of paragraph 42 are denied. As to the third sentence, Moses admits that the issue of complaints had been discussed before within SIPB, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the "issue of anonymous complaints by members against other members" had previously been discussed, and therefore denies the sentence to that extent. The fourth sentence of paragraph 42 is denied.

3577792

43.     Paragraph 43 purports to characterize a document that speaks for itself, and Moses denies the allegations contained in that sentence to the extent they incorrectly characterize the text of the document; to the extent paragraph 43 alleges facts, they are denied.

44.     Paragraph 44 purports to characterize a document that speaks for itself, and Moses denies the allegations contained therein to the extent they incorrectly characterize the text of the document; to the extent paragraph 44 alleges facts, they are denied.

45.     Denied.

46.     To the extent paragraph 46 alleges facts as opposed to conclusions and characterizations, such facts are denied.

47.     Moses admits that he sent the March 2, 2020 email on behalf of the SIPB executive committee and that he was the chair of SIPB, and otherwise denies the allegations contained in paragraph 47.

48.     Moses denies that the March 2 email constitutes "defamation," admits that other persons contributed to the drafting of the March 2 email, and otherwise denies the first sentence of paragraph 48. The second and third sentences of paragraph 48 constitute assertions of Koppel's knowledge and intent rather allegations of fact, and therefore no further answer is required; to the extent the second and third sentences allege facts, they are denied.

49.     Moses states that paragraph 49 states a legal conclusion to which no response is required; to the extent further response is required, paragraph 49 is denied.

50.     Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 50, and therefore denies them.  As to the second sentence, Moses admits that all recipients of the March 2 email were affiliated with SIPB and each of them belonged to an email distribution list comprised only of

persons who had indicated that they may come to the SIPB office on MIT's campus; Moses

otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations contained in the second sentence, which he therefore denies.

51.     Moses lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in the first two sentences of paragraph 51, and therefore

denies them. The third sentence is denied.

52.     Moses denies that the distribution of the email was "excessive," states that the

email was sent only to certain members/alumni of a student club, and states that he lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations contained in paragraph 52 and therefore denies them.

53.     To the extent paragraph 53 alleges facts, Moses states that he lacks knowledge or

information sufficient to form a belief as to their truth or falsity, and therefore denies them.

54.     Moses denies that the recipients of the March 2 email constitute a "vast

worldwide network of influential persons;" as to the remainder of the allegations contained in

paragraph 54, Moses states that he lacks knowledge or information sufficient to form a belief as

to their truth or falsity, and therefore denies them.

55.     Denied.

56.     Denied.

57-71.  Paragraphs 57-71 of the complaint are directed at Koppel's Count III, "Invasion

of Privacy, Including False Disclosure of Private Facts," which the Court has dismissed.

Accordingly, no response to these allegations is required. To the extent a response to the factual

allegations contained in paragraphs 57-71 is required, they are denied. To the extent paragraphs

57-71 purport to characterize a document that speaks for itself in terms that incorrectly

characterize the text of the document, they are denied. Notwithstanding the foregoing, Moses

denies the allegation contained in paragraph 61 that the March 2, 2020 email had no "factual

basis," and admits the allegation contained in paragraph 61 that the March 2, 2020 email

"disclosed no factual basis as to what made anyone 'uncomfortable.'"

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

## COUNT I

### (Defamation)

76.     Moses repeats and incorporates by reference the foregoing responses to Koppel's

allegations as if fully set forth herein.

77.     Denied.

78.     Denied.

## COUNT II

### (Interference with Advantageous Relations)

79.     Moses repeats and incorporates by reference the foregoing responses to Koppel's

allegations as if fully set forth herein.

80-81.  Paragraphs 80-81 relate to Count II of Koppel's complaint, which has been

dismissed. Accordingly, no response is required. To the extent a response is required, the factual

allegations contained in paragraphs 80-81 are denied.

## COUNT III

### (Invasion of Privacy, Including False Disclosure of Private Facts)

82.     Moses repeats and incorporates by reference the foregoing responses to Koppel's allegations as if fully set forth herein.

83-84. Paragraphs 83-84 relate to Count III of Koppel's complaint, which has been dismissed. Accordingly, no response is required. To the extent a response is required, the factual allegations contained in paragraphs 83-84 are denied.

## COUNT IV

### (Civil Conspiracy)

85.     Moses repeats and incorporates by reference the foregoing responses to Koppel's allegations as if fully set forth herein.

86-89.  Paragraphs 86-89 relate to Count IV of Koppel's complaint, which has been dismissed. Accordingly, no response is required. To the extent a response is required, the factual allegations contained in paragraphs 86-89 are denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's complaint is barred by the common interest privilege.

3.     Plaintiff's complaint is barred under the privilege to disclose allegedly defamatory information as reasonably necessary to serve an organization's legitimate interest in the fitness of an individual to continue participating in said organization's activities.

4.     Plaintiff's complaint fails because the allegedly defamatory statement is too vague to support a claim of defamation.

5.     Plaintiff's claims fail because the statements of which he complains are not reasonably capable of defamatory meaning.

3577792

6.     Plaintiff's claims are barred because they are opinions protected by the First Amendment and/or are not probably false statements of fact.

7.     Plaintiff's claims are barred because the statements of which he complains are true or substantially true.

8.     Plaintiff's claims are barred by the incremental harm doctrine.

9.     Plaintiff's claims are barred by the neutral reportage doctrine.

10.    Plaintiff's claims are barred because he is a limited purpose public figure, and Moses did not recklessly.

11.    Plaintiff's claims are barred because Moses did not act negligently.

12.    Plaintiff's claims fail because the he has not suffered any damages from the allegedly defamatory statements or his damages are *de minimis.*

13.     The statements of which Plaintiff complains are privileged by the United States Constitution and the Massachusetts Declaration of Rights, as well as by common law.

14.    The statements of which Plaintiff complains are privileged by the doctrine of fair comment.

15.    Plaintiffs' claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

16.    Plaintiff's claims are barred, in whole or in part, based on the doctrines of waiver and estoppel.

17.    Plaintiff's claims are barred, in whole or in part, based on his own comparative negligence.

18.    Plaintiff's damages, if any, were eliminated or mitigated by defendant's subsequent statement pursuant to G.L. c. 231 § 93.

3577792

Moses denies that Koppel is entitled to judgment, damages, attorney's fees, interest, costs, or any other relief in this action.

DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE

Respectfully Submitted,

WILLIAM MOSES,

By his attorneys,

*/s/ Jeffrey J. Pyle*
Jeffrey J. Pyle (BBO # 647438)
jpyle@princelobel.com
Michael J. Lambert (BBO # 704134)
mlambert@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
T: 617-456-8000
F: 617-456-8100

Dated: November 10, 2020

**Certificate of Service**

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle

3577792