UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                   )
JAMES KOPPEL,                        )
                                                   )
     Plaintiff,                      )
                                                   )   Civil Action No. 1:20-cv-11479-LTS
v.                              )
                                                   )
WILLIAM MOSES,           )
                                                   )
     Defendant.                 )
_____ )

## JOINT STATEMENT OF THE PARTIES FOR THE
## NOVEMBER 18 SCHEDULING CONFERENCE

Counsel for the parties have conferred and submit the following as their joint statement for the Rule 16 Conference, to be held November 18, 2020, by Zoom.

1. <u>Agenda</u>

The parties do not believe that a formal agenda is required but there are at least two issues which the plaintiff would like to address at the November 18 conference.

<u>Statement of Plaintiff:</u>

a. The initial disclosure date is December 2. That day was chosen in part because of scheduling issues involving counsel.

The plaintiff is interested in promptly identifying all of the persons and materials evidencing the discussions and events leading to the March 2 email. Depending on the content of initial disclosures by the defendant, that subject could be fully or almost fully disclosed by the initial disclosures of this defendant.

Because the initial disclosure date December 2 postdates the November 18, the contents of the initial disclosures will not be known on November 18.

Plaintiff requests broad disclosure of the emails leading to the March 2 communication. The communication on its face describes a relatively lengthy process of receiving stories and or complaints, followed by discussion, followed by a decision to take action, plus drafting of the email in question. Many of those emails will be by members, keyholders or the executive board of SIPB. Plaintiff does not contend that the defendant is the keeper of records of SIPB. Plaintiff may or may not agree he has possession custody or control of all or many of the materials leading up to the March 2 email.

If the initial disclosures by the defendants do not include all or substantially all of the materials leading up to the March 2 communication, defendant will need to proceed by subpoenas to the keepers of relevant records including electronic records of SIPB.

b. Plaintiff requests all emails disclosed be disclosed with all emails in the trail of any disclosed email. The plaintiff will do the same. Disclosed emails from both parties should include everything available to the reader of the email at the time of reading it as well as headers for the purpose of DKIM verification.

2. Amendments to Pleadings.

The parties propose that the Court allow five months for the amendment of pleadings, or until April 16, 2021. Plaintiff does not know at this time when the most important identifications will be complete. Plaintiff will attempt to make any amendments as soon as possible.

3. Fact Discovery Interim Deadlines.

Counsel have conferred as to the following dates and offer the following proposals, which are expressed in terms of months starting November 18, 2020 with related dates expressed by date of a month. The parties note that these deadlines may need to be extended if additional defendants are added.

a. <u>Requests for production of documents and interrogatories</u>

**Plaintiff**: Plaintiff suggests these be served within three months, or February 18, 2021.

**Defendant:** Defendant suggests that the deadline for service of document requests and interrogatories extend for seven months, or June 18, 2021, which is one month prior to defendant's proposed date for the close of discovery.

b. <u>Requests for admissions</u>

**Plaintiff:** Plaintiff suggests these be served within three months, or February 18, 2021.

**Defendant:** Defendant suggests that the deadline for service of requests for admission extend for seven months, or June 18, 2021, which is one month prior to defendant's proposed date for the close of discovery.

c. <u>All depositions other than expert depositions</u>

**Plaintiff:** Plaintiff suggests these be completed within five months, or April 19, 2021.

**Defendant:** Defendant suggests that all fact depositions be completed within eight months, or by the close of fact discovery on July 16, 2021.

d. <u>Final Fact Discovery</u>

**Plaintiff:** Plaintiff suggests this date be set as May 19, 2021.

**Defendant:** Defendant suggests this be set at eight months, or July 16, 2021.

4. <u>Status Conference</u>

    **Plaintiff:** Plaintiff suggests that a status conference be held in June 2021.

    **Defendant:** Defendant suggests that a status conference be held in August 2021.

5. <u>Expert Discovery.</u>

    **Plaintiff:**

    a. By the party bearing the burden of proof: Plaintiff suggests these be disclosed within six months, or May 18, 2021.

    b. Rebuttal trial experts. Plaintiff suggests these be disclosed within seven months, or June 18, 2021.

    c. All trial expert depositions. Plaintiff suggests this be done by June 30, 2021.

    **Defendant:**

    a. By the party bearing the burden of proof: Defendant proposes that expert reports be disclosed one month after the close of discovery, on August 18, 2021.

    b. Rebuttal trial experts: Defendant proposes that rebuttal expert reports be disclosed one month after the disclosure of expert reports by the party bearing the burden of proof, or by September 17, 2021.

    c. Depositions of testifying experts: Defendant proposes that all expert depositions be conducted by October 15, 2021.

6. <u>Dispositive Motions.</u>

    **Plaintiff:** Plaintiff suggests these be served by July 19, 2021 with 30 days for response.

    **Defendant:** Defendant proposes that dispositive motions be filed by October 29, 2021, with 30 days for any response.

7. <u>Initial Pretrial Conference</u>: The parties suggest a pretrial conference be held at the Court's convenience after decision on any dispositive motions.

| | |
|---|---|
| Respectfully submitted,<br>Defendant<br>William Moses,<br>By his attorneys, | Respectfully submitted,<br>Plaintiff<br>James Koppel,<br>By his attorneys, |
| /s/  *Jeffrey J. Pyle*<br>Jeffrey J. Pyle, BBO #647438<br>jpyle@princelobel.com<br>Michael Lambert, BBO #704134<br>mlambert@princelobel.com<br>Prince Lobel Tye LLP<br>One International Place, Suite 3700<br>Boston, MA 02110<br>T: 617-456-8000<br>Dated: November 11, 2020 | /s/ *Paul G. Boylan*<br>Paul G. Boylan, BBO #052320<br>Ben Dunlap, BBO #661648<br>Freeman Mathis & Gary, LLP<br>60 State Street, Suite 600<br>Boston, Massachusetts 02109<br>pboylan@fmglaw.com<br>bdunlap@fmglaw.com<br>T: 617-963-5973<br>Dated: November 11, 2020 |

**Certificate of Service**

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle