UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
JAMES KOPPEL,                       )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )   No. 20-cv-11479-LTS
                                    )
WILLIAM MOSES,                      )
                                    )
    Defendant.                      )
_____)

## OPPOSITION OF WILLIAM MOSES TO JAMES KOPPEL'S MOTION TO COMPEL

Defendant William Moses hereby opposes plaintiff James Koppel's motion to compel the production of attorney-client privileged communications in this defamation case. (Doc. No. 34). In support of this opposition, Moses submits his affidavit, filed herewith, and further states as follows.

    1.    The communications Koppel seeks via his motion relate to Moses's requests for, and the dissemination of, legal advice in response to (a) a demand for a retraction by Koppel's attorney in March 2020, and (b) the filing of this lawsuit. The communications were made with an expectation of confidentiality, and were circulated only within the leadership of the Student Information Processing Board (the MIT-chartered student group on behalf of which Moses sent the allegedly defamatory email); the administration of MIT; and MIT's Office of General Counsel. (Moses Aff., ¶¶ 8, 9). The documents have been narrowly redacted or withheld only to protect the dissemination of legal advice and the submission of information for an attorney's benefit. (Doc. 35, Ex. A (Privilege Log); Moses Aff., ¶¶ 9-11).

1

2. "The critical inquiry for determining whether the attorney-client privilege applies is whether the communication was made in confidence and primarily or predominantly for the purpose of obtaining or disseminating legal advice." *In re Intuniv Antitrust Litig.*, No. 16-CV-12396-ADB, 2018 WL 6492747, at *6 (D. Mass. Dec. 10, 2018), citing *United States v. Windsor Cap. Corp.*, 524 F. Supp. 2d 74, 81 (D. Mass. 2007). Moses's affidavit discusses each requested communication and explains how it meets this standard. (Moses Aff., ¶¶ 9-11).

3. Koppel acknowledges that Moses and SIPB had an attorney-client relationship with MIT's Office of General Counsel, starting in March 2020. (Memo in Support, Doc. 35, at 4). Indeed, Koppel's demand letter of March 6, 2020, expressly advised Moses (then a 23-year-old graduate student) and the rest of the SIPB executive committee to consult with counsel. (Moses Aff., Ex. A).

4. The primary basis for Koppel's motion is his assertion that the attorney-client privilege was undermined because some of Moses's privileged communications included other members of the SIPB Executive Committee and leadership. Koppel is incorrect. Moses sent the allegedly defamatory email on behalf of the Executive Committee of SIPB, and the communications at issue were solely among the group's leadership, MIT deans, and the MIT Office of General Counsel. (Moses Aff., ¶¶ 8-9). All of these parties were within the "magic circle" of the privilege, and Koppel's motion fails to demonstrate otherwise.

5. Koppel also demands blanket access to documents that do not list an attorney as a sender or recipient. Contrary to Koppel's assertions, not every communication must involve an attorney in order to be privileged. "[T]he privilege protects from disclosure communications among corporate employees that <u>reflect advice</u> rendered by counsel to the corporation." *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 442 (S.D.N.Y. 1995). Here,

Moses has redacted or withheld communications among SIPB Executive Committee members and leadership that reflect legal advice SIPB received from the Office of General Counsel. (Moses Aff., ¶¶ 8-11); *Crane Sec. Techs., Inc. v. Rolling Optics, AB*, 230 F. Supp. 3d 10, 21–22 (D. Mass. 2017) ("[t]he fact that communications are between non-lawyers does not *per se* waive the privilege.")

6. Koppel next asserts that the inclusion of other members of the SIPB Executive Committee on Moses's attorney-client communications with the MIT General Counsel's Office in July 2020 undermined the privilege, because by then the lawsuit had been filed with Moses as the only defendant. (Memo re Motion to Compel at 5 ("By July 6, 2020, Moses knew he alone was a defendant" so there is "no basis" for a claim of privilege)). Koppel is again incorrect.

7. As noted above, Moses sent the allegedly defamatory email in this case on behalf of SIPB Executive Committee, and other members of the Executive Committee helped to compose it. (Moses Aff., ¶ 3). The retraction demand in March was sent to the Executive Committee of SIPB. (Moses Aff., Ex. A). The Executive Committee as a whole plainly had the right to obtain legal advice concerning a lawsuit against its Chair.

8. Furthermore, Koppel explicitly stated in his April 2020 complaint that any persons who assisted in the drafting of the March 2 email "<u>will be named as defendants</u> at the earliest opportunity." (Complaint, ¶ 48, emphasis supplied). Specifically:

> 47. The March 2 email purports to have been written on behalf of the SIPB executive committee by the chairperson, defendant Moses.
>
> 48. Other persons very likely assisted in and contributed to the March 2 defamation. The identity of those persons is not yet known. <u>All such persons will be named as defendants at the earliest opportunity</u> when the plaintiff is able to identify the persons who assisted and conspired with this defendant as to the conduct described.

3

> 49. <u>All such persons are jointly and severally liable</u> with the defendant to the extent that they wrongfully conspired with the defendant or wrongfully assisted and aided him as to the wrongdoing described here.
>
> \* \* \*
>
> 75. The damages wrongfully caused by this defendant <u>and others acting with him</u> based on presently known facts could be found by a jury to be at least $500,000 . . .

(Complaint, Doc. No. 1, Ex. 3) (emphasis supplied).

9. Having alleged in his complaint that SIPB Executive Committee members are liable and expressing an intention to sue them, Koppel cannot now plausibly claim that the filing of that very complaint rendered all members of the Executive Committee not named William Moses strangers to the legal advice being given by the Office of General Counsel at MIT about this lawsuit.

10. Finally, Koppel seeks Moses's notes of a conversation he had with the undersigned, Moses's trial counsel, as Moses was in the process of engaging him in this case. Koppel provides no explanation as to why it is not privileged, whereas the privilege log and Moses's affidavit do just that. (Moses Aff., ¶ 11).

3696846

The documents, and portions of documents, Koppel seeks in his motion are privileged. Koppel's motion is groundless, and should be denied.

Respectfully Submitted,

WILLIAM MOSES,

By his attorneys,

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle (BBO # 647438)
jpyle@princelobel.com
Michael J. Lambert (BBO # 704134)
mlambert@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
T: 617-456-8000
F: 617-456-8100

Dated: April 15, 2021

### Certificate of Service

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle

3696846