UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                      )
JAMES KOPPEL,                         )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )   No. 20-cv-11479-LTS
                                      )
WILLIAM MOSES,                        )
                                      )
    Defendant.                        )
_____)

### AFFIDAVIT OF WILLIAM MOSES IN OPPOSITION TO JAMES KOPPEL'S MOTION TO COMPEL

I, William Moses, hereby depose and state as follows.

1. I am the defendant in this action. I make this affidavit on personal knowledge in support of my opposition to plaintiff James Koppel's motion to compel the production of documents that I have redacted or withheld as attorney-client privileged.

2. I am a graduate student at the Massachusetts Institute of Technology. In February, 2020, I was elected Chair of the Executive Committee of the Student Information Processing Board ("SIPB"), an MIT-chartered student group focused on computer science.

3. On March 2, 2020, on behalf of the Executive Committee of SIPB, I sent an email to a distribution list of SIPB members concerning plaintiff James Koppel. That email is the basis of Koppel's defamation claim against me in this case. That email was written by a number of members of the Executive Committee.

4. On March 6, 2020, I received a letter from Attorney Paul Boylan, sent on behalf of Koppel. The letter was sent to my email address and to an email distribution list for the SIPB

1

Executive Committee. The email (WM00151) and letter (Koppel0026-0028) are attached hereto as **Exhibit A**.

5.  The letter is addressed to the "Executive Committee of the Student Information Processing Board in care of William Moses," with a certified mail copy sent to "Executive Committee, Student Information Processing Board." (*Id.*) Beginning with the salutation, "Dear Sir or Madam," the letter asserts that the March 2, 2020 email is "defamatory and actionable." The letter states, "[w]e respectfully suggest you confer with counsel at once." The letter goes on to demand a retraction, and requests, "[p]lease communicate with me at your earliest convenience or request that your attorney do so." (Ex. A).

6.  Between March 6 and March 11, 2020, I and other members of the SIPB Executive Committee communicated with staff of the Office of General Counsel ("OGC") of MIT concerning Koppel's demand letter. The attorney with whom we met or communicated electronically was Jaren Wilcoxson. Also included on some communications were OGC staff members Victoria Zurman and Erin Johnson Ahern.

7.  I have produced a privilege log to counsel for Koppel in this litigation. The document logs certain March 2020 communications with the OGC in which I was a party. A copy of the log is attached to Koppel's Memorandum of Law in Support of his Motion to Compel (Doc. No. 35) as Exhibit A. The privileged communications in the March 2020 timeframe were labeled by Koppel on the log as "PL1" through "PL43."

8.  For the Court's better understanding of the log, I identify below the individuals listed on the document as senders or recipients of the communications of which Koppel now seeks disclosure.

    a.  William Moses:            Chair, SIPB Executive Committee

2

3695671

|   |   |   |
|---|---|---|
| b. | Victoria Zurman | Assistant to MIT's General Counsel |
| c. | Erin Johnson Ahern: | Manager, MIT's Office of General Counsel |
| d. | Gustavo Burkett: | Associate Dean at MIT |
| e. | Jaren Wilcoxson, Esq.: | Attorney, MIT Office of General Counsel |
| f. | Emma Batson: | SIPB Executive Committee member |
| g. | A. ("Cel") Skeggs: | SIPB Executive Committee member |
| h. | Leah Flynn Gallant: | MIT Associate Dean |
| i. | Matthew Bauer: | Assistant to MIT Dean of Student Life |
| j. | Alex Chernaykovsky: | SIPB keyholder, former Chair. |
| k. | Ethan Feuer: | MIT Associate Dean, Student Life |
| l. | Jeffrey J. Pyle, Esq.: | Prince Lobel Tye LLP, my attorney. |

9. I communicated between March and July 2020 with the MIT Office of General Counsel, MIT deans, and my fellow SIPB Executive Committee members in order to obtain advice and counsel on how I, SIPB, and MIT should respond to Koppel's demand letter and his lawsuit. I expected and intended that these communications would be and remain confidential.

10. I have reviewed Koppel's motion to compel, in which he seeks certain of my electronic communications from March 2020. Those communications are described below, with reference to their description on the privilege log (Exhibit A to Koppel's memorandum).

    a. The entry "PL8" on the privilege log describes a redaction to a document that I produced with the Bates number WM00406. This document is an electronic chat among members of the SIPB executive committee: Emma Batson, Cel Skeggs, Miriam Rittenberg, and me. Small portions of that chat, reflecting comments by Batson and Skeggs, are redacted. The redacted communications reflect advice provided to me and other SIPB Executive Committee members by MIT's Office of General Counsel.

    b. The entry "PL13" on the privilege log pertains to an email that I sent on March 8, 2020 at 11:29 p.m., to Dean Gallant, Dean Burkett, and Matthew

3

3695671

        Bauer of MIT. I cc'd MIT Attorney Jaren Wilcoxson and Executive Assistant to the MIT General Counsel, Victoria Zurman. The substance of the communication has already been disclosed to Koppel at WM000408, which is contained in Exhibit B to Koppel's motion.

    c.    The entry "PL29" refers to redactions to an electronic chat discussion on March 11 within the SIPB Executive Committee in which three members participated: myself, Emma Batson, and Andromeda Skeggs. The redactions, which were made to a document produced as WM00410, concern SIPB's communications with MIT's Office of General Counsel.

11.    Koppel's motion also seeks disclosure of a series of communications that I had with attorneys and SIPB Executive Committee members and leaders in July 2020, after I became aware of this lawsuit. I address them below.

    a.    Entries PL44-47 in the privilege log describe redactions to documents produced as WM0037-WM0040. These redactions are to a Gmail "hangout" with Emma Batson on July 6, 2020, the day I learned of the lawsuit. The redactions discuss the lawsuit, the involvement of the MIT Office of General Counsel, and my communications with the Office of General Counsel. Batson, as noted above, was a SIPB Executive Committee member and the immediate past president of the club. Batson had also assisted in the drafting of the March 2, 2020 email that is the subject of this lawsuit.

    b.    The entry "PL48" in the privilege log concerns redactions to WM0043. That document is a "chat" I had with Alex Chernaykovsky, at about 5:56 p.m. on July 6, 2020. Alex is a former SIPB Chair, a current SIPB keyholder, and a core maintainer of certain computer services that SIPB provides. I am informed and believe that Alex frequently interfaces with MIT's Office of General Counsel on behalf of SIPB.

    c.    The entries "PL50," "PL52" and "PL53" in the privilege log concern emails sent and received by me on July 6 and 7, 2020, with the subject "Jkoppel Saga Continues." The communications include Attorney Jaren Wilcoxson, two MIT deans, and the SIPB executive committee. The emails are in connection with my request for legal advice from Attorney Wilcoxson regarding this lawsuit.

    d.    The entries "PL54" and "PL55" describe emails between me and Attorney Wilcoxson on July 7 and 8, respectively, in which Mr. Wilcoxson provides legal advice, and in which I seek legal advice and representation. Copied on the emails are Dean Burkett of MIT, and Ethan Feuer.

4

3695671

      e.      The entry "PL56" in the privilege log concerns redactions to WM000438, a page of notes of conversations that I had in July 2020. As the log entry states, the redacted portion consists of notes of a telephone conversation I had with Jeffrey Pyle, my attorney in this case. The unredacted portion of the page consists of this page of notes consists of a conversation I had with someone else.

Signed under the pains and penalties of perjury this 15th day of April, 2021.

                                        /s/ *William Moses*
                                        William Moses

# EXHIBIT A

```
                              [6391] in SIPB-EC
[6391] in SIPB-EC

James Koppel
daemon@ATHENA.MIT.EDU (Paul G. Boylan)
Fri Mar 6 14:21:59 2020
From: "Paul G. Boylan" <pboylan@fmglaw.com>
To: "wmoses@mit.edu" <wmoses@mit.edu>, "sibp-ec@mit.edu" <sibp-ec@mit.edu>
Date: Fri, 6 Mar 2020 19:21:11 +0000

--_002_MN2PR19MB2943AD8ACB9A432E0A829AC6C4E30MN2PR19MB2943namp_
Content-Type: text/plain; charset="iso-8859-1"
Content-Transfer-Encoding: quoted-printable

Please see the enclosed in connection with an email transmitted by Mr. Mose=
s on March 2, 2020 in connection with James Koppel.


We look forward to hearing from you.  Time is of the essence.=20


All rights are reserved. =20


Paul G. Boylan
Freeman Mathis & Gary, LLP
60 State Street | Suite 600 | Boston, MA 02109-1800
D:=A0617.963.5972 | C: 857.366.1169
mailto:pboylan@fmglaw.com=A0| www.fmglaw.com=20

A=A0Corporate Counsel Magazine "Go-To Law Firm=AE" for litigation

CA | CT | FL | GA | KY | MA | NJ | NY | PA | RI


--_002_MN2PR19MB2943AD8ACB9A432E0A829AC6C4E30MN2PR19MB2943namp_
Content-Type: application/pdf; name="james koppel.pdf"
Content-Description: james koppel.pdf
Content-Disposition: attachment; filename="james koppel.pdf"; size=89394;
    creation-date="Fri, 06 Mar 2020 19:14:17 GMT";
    modification-date="Fri, 06 Mar 2020 19:14:17 GMT"
Content-ID: <039C1948FC0EDA42AD508551E3706B7E@namprd19.prod.outlook.com>
Content-Transfer-Encoding: base64
```

JVBERi0xLjQKJfjl0MTGCjEgMCBvYmoKPDwgL1R5cGUgL0NhdGFsb2cKL1BhZ2VzIDIgMCBSCj4+
CmVuZG9iagoKMiAwIG9iago8PCAvVHlwZSAvUGFnZXMKL0tpZHMgWzQgMCBSIDE5IDAgUiAzMCAw
IFJdCi9Db3VudCAzCj4+CmVuZG9iagoKMyAwIG9iago8PCAvUHJvY1NldCBbL1BERiAvVGV4dCAv
SW1hZ2VCIC9JbWFnZUMgL0ltYWdlSV0KL1hPYmplY3QgPDwgL1hJUExBWUVSSCA2IDAgUgovWElQ
TEZRVJfQ00xIDggMCBSCi9YSVBMRVVfU0TTIgMTAgMCBSCi9YSVBMRVVfU0TTMgMTEgMCBS

WM 000151



# FREEMAN MATHIS & GARY, LLP
## Attorneys at Law

60 State Street
Suite 600
Boston, MA 02109-1800

Tel: 617.963.5975

www.fmglaw.com

Paul G. Boylan
Partner

Writer's Direct Access
617.963.5972

PBoylan@fmglaw.com

March 6, 2020

*Via Email*
Executive Committee of the
Student Information Processing Board,
in care of William Moses <wmoses@mit.edu>

*Via Certified Mail*
*7017 1450 0001 4564 1769*
Executive Committee
Student Information Processing Board
Massachusetts Institute of Technology
W20-557
84 Massachusetts Avenue
Cambridge, Massachusetts 02138

Dear Sir or Madam:

    This firm represents James Koppel in connection with the matters discussed here.

    We are writing to address the subject of email of William Moses sent on Monday, March 2 at 7:23 PM Eastern time referring to Mr. Koppel and distributed to an unknown list of recipients under the email sipb-office@mit.edu. That email on reliable information went to all SIBP keyholders and to numerous persons who are not keyholders including alumni and alumnae.

    That mail ("the email") was and is defamatory and actionable. The contents are inherently and severely damaging to the professional and personal reputation of Mr. Koppel. The widespread publication of those contents was needless and far in excess of any privilege. The email on reliable information was published to numerous persons associated with Mr. Koppel and known to him who are not keyholders of or associated with SIPB and also to all members of SIPB and all keyholders of SIPB.

    The email was and is inexcusable and the extent of publication clearly excessive. It is not our purpose here to exhaustively argue details of how and why the email was defamatory and unlawful. We respectfully suggest you confer with counsel at once. We also suggest in the



March 6, 2020
Page 2

interest of time that you deliver this text verbatim to any executive board or other controlling persons at SIBP and to any attorneys for SIPB to expedite any response.

In addition to publication of inaccurate and highly personal damaging allegations, the purported expulsion referred to in the email was improper and in violation of Article X.I of the SIPB Constitution. As near as can be determined any purported reasons for the expulsion were in violation of long-standing policies of M.I.T. and contrary to established principles of state and federal law.

In order to reduce the unjustified damage to Mr. Koppel we request that you and SIPB issue a retraction in the very near future at a point in time likely to reach the same audience. We suggest Monday at 7 PM EST. We invite retraction as early as 7 PM today. We respectfully suggest that retraction will be most helpful to all concerned persons if done very promptly.

We request and suggest a retraction along the lines of the text below. We are willing to discuss details of this retraction, but the substance is not negotiable.

In connection with a retraction we request and will require your representation that the email distribution list is identical to the distribution of the initial email. Any failure in that regard will support argument that the retraction was defective. This draft is prepared for J. Moses. It could be edited to accommodate a different author or authorship by the entire executive board.

## START

"I am writing in connection with my email dated March 2 at 11 PM from William Moses <wmoses@mit.edu>. (the email).

That email unfortunately included certain information which was inappropriate and inaccurate in connection with James Koppel (jkoppel). Any communications relating to SIPB participation or membership of Mr. Koppel were confidential and should have remained confidential. I have apologized to James behalf of myself and on behalf of the SIPB executive board.

In addition, the email non accurately conveyed several other points. James was not informed or "warned" of any prior alleged inappropriate conduct. James did not fail to cure inappropriate conduct after any warning or warnings. James did not agree with any characterizations of his conduct at any prior time as being inappropriate. He did not "accept" any recommendations by anyone.

The mail incorrectly gave the impression that any issue related to this subject was clear or not disputable. On the contrary those communications were limited and at most constituted informal discussion of points on which reasonable persons can and do disagree. Many of those



March 6, 2020
Page 3

points involved differences in perceptions and other issues not able to be quantified in a definitive way.

    The SIPB executive committee apologizes to James all persons who are members and nonmembers for any impression created by my email which were adverse or unfavorable as to James and which were in error communicated by my email.

    In light of these errors the executive committee has reinstated James to full SIPB membership.

    We apologize for the errors made in this instance and for any resulting confusion or misperceptions.

                                   Sincerely,

**END**

    We request a copy of this retraction and a list of all persons to whom it was sent to be communicated to us concurrently with the retraction.

    Please communicate with me at your earliest convenience or request that your attorney do so. This retraction is time sensitive.

    All rights are reserved.

                                   Sincerely,

                                   Paul G. Boylan

PGB/tan