UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| James Koppel, ) ) Plaintiff, ) ) v. ) ) William Moses, ) ) Defendant. ) | Civil Action No. 1:20-cv-11479-LTS |

Memorandum by the Plaintiff In Support of His Motion to Amend the Complaint
Pursuant to the Scheduling Order of this Court, Document 30.

Plaintiff by his attorneys respectfully requests entry of an order granting leave to granting leave to amend the complaint and to file and serve Plaintiff's [Proposed] Amended Complaint, attached hereto as Exhibit A.

1. This presently is a defamation action arising from statements widely published by defendant William S. Moses about plaintiff James Koppel on February 27 and March 2, 2020, Those communications declared as a fact that Koppel was guilty of unspecified persistent and heinous acts and misconduct consistent with serial sexual harassment.

2. The proposed amendment adds a count for violation of the Massachusetts Civil Rights Act (MCRA). That claim reflects the conduct of the defendant, working in concert with others, to use communications by this plaintiff

involving political issues or issues of public discussion as part of a concerted secretive effort to collect criticisms of the plaintiff based on his communications as to matters of public interest. Those online communications most often took the form of communications by the plaintiff in chat rooms or and other Internet spaces accessible to the public. Those chat rooms and similar spaces are designed to promote public discussion of public issues.

3. Discovery materials in this civil action, including materials supplied by the defendant, show that the expulsion of this plaintiff from a student group, SIPB and the defamatory communications related to that expulsion were the result of an orchestrated and secretive campaign organized by the defendant and others. That campaign starting on February 20, 2020 if not sooner targeted the speech and public communications by this plaintiff as to matters of public interest wholly unrelated the student group, SIPB. The communications by plaintiff were isolated by the defendant and others, distorted, and used to commence a controlled secretive discussion. The discussion invited negative comments as to plaintiff. The communications by Koppel which were misused involved issues of public interest or private conversations on political issues which, in at least one instance, dated back to 2017.

4. That campaign led to defamations of the plaintiff on February 27 and March 2, 2020, and his public expulsion from SIPB.

5. That same campaign has worked to threaten, coerce, and intimidate the plaintiff in his expression of speech in public chat rooms and in multiple other ways, in violation of his state and federal constitutional rights. The threats, intimidation, and coercion caused by the defendant continue to negatively impact this plaintiff.

6. Disclosures by the defendant show that defendant together with collaborators starting on February 20 explicitly designated and relied on plaintiff's protected speech as a basis to target him for disparagement and a contrived, secretive discussion of whether plaintiff on any base has caused others to feel "uncomfortable" such that he should be denied an elevated status, keyholder, and indeed expelled.

7. Defendant on February 27 disclosed to plaintiff only one reason for these negative results. Moses said that political speech of this plaintiff made members "uncomfortable." He refused to disclose any other reasons.

8. Those facts give rise to a new cause of action, Count V, for violations of the Massachusetts Civil Rights Act. Plaintiff in the Proposed Amended Complaint seeks to add very specific facts relevant to the new count alleging violations of MCRA.

## Discussion

9. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962). This amendment is

requested pursuant to the Scheduling Order of this Court, Document 20, requiring that proposed amendments be filed on or before April 16, 2020.

Unless the opposing party can show improper prejudice, bad faith, undue delay, dilatory motive on the part of the movant, or futility of amendment leave to amend should be "freely given." Foman, supra, 371 U.S. at 182. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. Id.

10. This motion is not interposed for undue delay or any other improper purpose. This motion is in compliance with the April 16, 2021 deadline for amendments set by the Court in its November 18, 2020 Scheduling Order, Document 30.

## Conclusion

Plaintiff requests that this Court enter an order allowing him to file the Proposed Amended Complaint concurrently filed and attached as Exhibit A.

Respectfully submitted,
JAMES KOPPEL,
By his attorney,

_____
Paul G. Boylan, BBO 052320
Freeman Mathis & Gary, LLP
60 State Street, 6th Floor, Suite 600
Boston, Massachusetts 02109
pboylan@fmglaw.com
(617) 963-5972

Dated: April 16, 2021

## Certificate of Service

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

Dated: April 20, 2021

_____
Paul G. Boylan