UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES KOPPEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-cv-11479-LTS |
| | ) | |
| WILLIAM MOSES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant William Moses ("Moses") submits the following answer to the numbered paragraphs contained in the amended complaint of plaintiff James Koppel ("Koppel"). To the extent that Koppel alleges facts in the titles or section headings in Koppel's complaint (a. through h.) they are hereby denied.

1. Moses states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Koppel's complaint and therefore denies them.

2. Moses admits that he resides at the address stated in the first sentence of paragraph 2, and denies the remainder of the first sentence of paragraph 2. The second sentence of paragraph 2 is denied. Moses admits that he has known Koppel since 2015 and otherwise denies the allegations contained in the second sentence of paragraph 2. Moses states that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the remainder of paragraph 2 and therefore denies them.

3. Moses states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Koppel's complaint and therefore denies them.

4. Moses states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Koppel's complaint and therefore denies them.

5. Moses states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Koppel's complaint and therefore denies them.

6. Admitted.

7. The first sentence of paragraph 7 is denied. As to the second sentence, Moses admits that Koppel expressed interest in being Moses's roommate and otherwise denies the allegations contained in the second sentence of paragraph 7 of Koppel's complaint. Moses denies the third sentence of paragraph 7.

8. As to the first sentence of paragraph 8, Moses denies that the Student Information Processing Board ("SIPB") is an "informal organization sponsored by" the university, and states that SIPB is in fact a formally registered student organization of the Massachusetts Institute of Technology. Further answering, Moses admits that SIPB receives direct funding from MIT. The second sentence, concerning the purposes of SIPB, is admitted except that Moses states that SIPB membership and participation in its activities is limited to MIT affiliates; further answering, Moses states that SIPB's purposes include providing MIT students and affiliates access and advocacy on computing-related matters. SIPB offers talks, classes for and without credit, and computing infrastructure, and offers answers to computing questions.

9. The first sentence of paragraph 9 is admitted. The second sentence is admitted, except that Moses states that SIPB membership and participation in its activities is limited to MIT affiliates and therefore denies that "other persons not related to the university" use SIPB resources. As to the third sentence, Moses admits that SIPB members share an interest in computer science and that there is worldwide use of some of SIPB's resources, and otherwise Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in third sentence of paragraph 9.

10. Moses admits that SIPB is an extracurricular computer science club at MIT, and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in paragraph 10.

11. Moses admits that SIPB is an extracurricular computer science club at MIT, and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining factual allegations contained in paragraph 11.

12. The first sentence of paragraph 12 is admitted. Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of the second sentence of paragraph 12.

13. Admitted.

14. The first sentence of paragraph 14 is admitted. As to the second sentence, Moses denies that "significant participation and contributions to SIPB" is the only consideration for election to keyholder, and otherwise admits the second sentence of paragraph 14.

15. Moses admits that SIPB keyholders are nominated and elected by existing student keyholders. The remainder of paragraph 15 is admitted.

16. Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first four sentences of paragraph 16, and therefore denies them. As to the fifth sentence, Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements concerning the number of hours Koppel spent on SIPB activities, and denies said sentence to the extent it implies that any particular number of hours qualifies a SIPB member for election as a keyholder.

17. Moses admits that a discussion concerning Koppel among a group of keyholders occurred on or about February 10, and that Cel Skeggs during the meeting expressed that Skeggs was made to feel discomfort by a statement or statements made by Koppel on an electronic platform, and otherwise denies the allegations contained in paragraph 17.

18. Moses admits that he was elected chair of SIPB on or around February 17, 2020, and otherwise denies the allegations contained in paragraph 18.

19. Moses admits that he sent an email to the email list known as "sipb-private" on February 26, admits that the email list consists of recent SIPB keyholders, denies that it includes "some alumni from up to around 20 years ago and possibly more," and denies all other allegations contained in paragraph 19.

20. Moses states that the referenced February 26, 2020 email is a document that speaks for itself and no further answer to the first sentence of paragraph 20 is required; to the extent further response is necessary, Moses denies the allegations contained in the first sentence of paragraph 20. The second, third, and fourth sentences of paragraph 20 are denied. As to the fifth sentence, Moses denies that the February 27 and March 2 communications constitute "defamations," and admits that each of the statements in the four bullet points contained in the

February 26 email substantiates the statements in the referenced February 27 and March 2 communications.

21. Moses states that the February 26, 2020 email speaks for itself and no further answer is required; to the extent paragraph 21 mischaracterizes the text of the February 26, 2020 email, it is denied.

22. Denied.

23. Admitted.

24. Admitted.

25. Moses admits that during the February 27, 2020 meeting he informed Koppel that the SIPB executive committee had received reports that Koppel had made some SIPB members uncomfortable; Moses lacks knowledge or information sufficient to form a belief as to whether he mentioned any public statement by Koppel during the meeting; and otherwise Moses denies the allegations contained in the first sentence of paragraph 25. Moses lacks information sufficient to form a belief as to the second sentence of paragraph 25 and therefore denies it. The third and fourth sentences of paragraph 25 are denied. As to the fifth sentence of paragraph 25, Moses admits that he did not provide specific information to Koppel concerning the nature of the reports that Koppel had made other persons uncomfortable, and denies the remaining allegations of the fifth sentence of paragraph 25.

26. Denied.

27. Denied; further answering, Moses states that he asked Koppel to voluntarily disengage from SIPB, and Koppel agreed to do so.

28. Denied.

29. The first three sentences of paragraph 29 are denied. As to the fourth sentence, Moses admits that the Executive Committee of SIPB declined to agree to keep private the fact that the Executive Committee had asked Koppel to refrain from participating in the group, and otherwise denies the allegations contained in the fourth sentence of paragraph 29.

30. Moses admits he told Koppel he would request of the Executive Committee that any announcement concerning the request that he disengage from SIPB be limited to "SIPB folks," and otherwise denies the allegations contained in paragraph 30.

31. Moses admits that he sent an email to the "sipb-private" mailing list at 6:11 p.m. on February 27, 2020; states that he lacks knowledge or information sufficient to form a belief as to whether this email was sent "[a]pproximately one hour after the February 27 meeting"; states that the text of the email speaks for itself; and otherwise denies the allegations contained in the first sentence of paragraph 31. Moses admits that the "sipb-private" mailing list consists solely of SIPB keyholders, but lacks knowledge or information sufficient to form a belief as to how many persons received the February 27, 2020 email.

32. Moses states that the first sentence of paragraph 32 purports to characterize the text of a document that speaks for itself and denies all allegations concerning the content of the document that are inconsistent with its text; Moses otherwise denies the factual allegations contained in the first sentence of paragraph 32. The second sentence is denied. As to the third sentence, Moses denies that the quoted statement in the email is false, states that the content of the email speaks for itself, and states further that no further answer is required; to the extent further answer is required, the remaining allegations contained in paragraph 32 are denied.

33. As to the first sentence of paragraph 33, Moses states that the February 27, 2020 email speaks for itself and denies all characterizations of the email contained in paragraph 33

that are inconsistent with its text; all other factual allegations in the first sentence of paragraph 33 are denied. The second and third sentences of paragraph 33 are denied.

34. Moses admits that he sent an email on March 2, 2020 on behalf of the SIPB Executive Committee to the "sipb-office" email address, and otherwise denies the allegations contained in the first sentence of paragraph 34. The second, third, and fourth sentences of paragraph 34 are denied.

35. The first sentence of paragraph 35 is denied. The second sentence purports to quote a document that speaks for itself; that sentence is denied to the extent it is inconsistent with the text of the document.

36. The first sentence of paragraph 36 is admitted. As to the second sentence, Moses admits that he sent an email on March 12, 2020 on behalf of the Executive Committee of SIPB, signed by the Executive Committee, the text of which Koppel's counsel had reviewed, edited, and largely approved, and further states that the text of the email speaks for itself and that no further response is required. The third sentence is admitted. The fourth sentence is denied. As to the fifth sentence, Moses admits that the email clarified certain matters addressed in the March 2 email, admits that the email was sent as a "reply" to the March 2 email, and otherwise denies the allegations contained in the fifth sentence of paragraph 36 of Koppel's amended complaint. As to the sixth sentence, Moses denies that the March 2 statement is defamatory, and further states that the sentence refers to a document that speaks for itself and no further answer is required.

37. Moses admits that he sent a second, standalone email on behalf of the executive committee of SIPB on March 12, which document speaks for itself, and denies the remainder of the allegations contained in paragraph 37 of Koppel's complaint.

38. The first two sentences of paragraph 38 are denied. Moses states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 38 of Koppel's complaint and therefore denies them. The fourth sentence is denied.

39. The first sentence of paragraph 39 is denied. Moses denies that the March 2 or 12 emails constitute "public notice," deny that the emails constituted "expulsion of a member" of SIPB, and admits that no written rule of SIPB applied to the emails.

40. Denied.

41. As to the first sentence of paragraph 41, Moses states that it purports to describe documents that speak for themselves, and denies all allegations that incorrectly characterize the text of the documents. Moses denies the remaining allegations contained in paragraph 41.

42. Moses states that paragraph 42 states conclusions based on a document that speaks for itself, and Moses denies all allegations that incorrectly characterize the text of the referenced document. Further answering, Moses denies that Koppel was subjected to "discipline" by SIPB.

43. Moses states that the first sentence of paragraph 43 states only conclusions based on a document that speaks for itself, and no further answer is required; to the extent further response is necessary, Moses denies all allegations that incorrectly characterize the text of the referenced document. As to the second sentence, Moses denies that Koppel was subjected to "discipline" and admits that his request to Koppel to refrain from further involvement in SIPB, and Koppel's agreement to that request, were not subject to any formal procedure set forth in the SIPB constitution.

44. The first sentence of paragraph 44 characterizes documents that speaks for themselves, and Moses denies all allegations that that incorrectly characterize the text of the referenced document and states that no further answer is required. The remainder of paragraph 44 is denied.

45. Denied.

46. Moses states that the first sentence of paragraph 46 purports to characterize a document that speaks for itself; Moses denies all allegations that incorrectly characterize the text of the document, and states that no further answer to the first sentence is required. The second and third sentences are denied.

47. The first sentence of paragraph 47 characterizes a document that speaks for itself, and Moses denies the allegations in that sentence to the extent they incorrectly characterize the text of the document. As to the second sentence, Moses admits that the Executive Committee requested that plaintiff not use any SIPB resources. The third, fourth, fifth, and sixth sentences are denied.

48. The first sentence of paragraph 48 purports to characterize a document that speaks for itself, and Moses denies the allegations contained in that sentence to the extent they incorrectly characterize the text of the document; to the extent the first sentence of paragraph 48 alleges facts, they are denied. The second sentence of paragraph 48 purports to characterize a document that speaks for itself, and Moses denies the allegations in that sentence to the extent they incorrectly characterize the text of the document; Moses denies any remaining factual allegations in paragraph 48.

49. Moses states that the first sentence of paragraph 49 purports to characterize a document that speaks for itself, and Moses denies the allegations contained in that sentence to

9

the extent they incorrectly characterize the text of the document; to the extent the first sentence of paragraph 49 alleges facts, they are denied. The second sentence of paragraph 49 is denied.

50. Moses states that the first sentence of paragraph 50 purports to characterize a document that speaks for itself, and Moses denies the allegations contained in that sentence to the extent they incorrectly characterize the text of the document; to the extent the first sentence of paragraph 50 alleges facts, they are denied. The second sentence of paragraph 50 is denied. The third sentence purports to characterize a document that speaks for itself; Moses denies the allegations contained in that sentence to the extent they incorrectly characterize the text of the document and states that no further response is required. The fourth sentence is denied. Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in the fifth sentence of paragraph 50, and therefore denies them. The sixth and seventh, eighth and ninth sentences of paragraph 50 are denied. As to the tenth sentence, Moses admits that the issue of complaints had been discussed before within SIPB, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the "issue of anonymous complaints by members against other members" had previously been discussed, and therefore denies the sentence to that extent. The eleventh sentence of paragraph 50 is denied.

51. Paragraph 51 purports to characterize a document that speaks for itself, and Moses denies the allegations contained in that sentence to the extent they incorrectly characterize the text of the document; to the extent paragraph 51 alleges facts, they are denied.

52. Denied.

53. Denied.

54. To the extent paragraph 54 alleges facts as opposed to conclusions and characterizations, all such facts are denied.

55. Moses admits that he sent the March 2, 2020 email on behalf of the SIPB Executive Committee and that he was the chair of the Executive Committee of SIPB, and otherwise denies the allegations contained in paragraph 55.

56. Moses admits that he participated in drafting the email and otherwise denies the allegations contained in paragraph 56.

57. Moses denies that he contacted anyone "through an accomplice," and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the first sentence of paragraph 57. Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second, third, and fourth sentences of paragraph 57. Moses states that the fifth sentence is a speculative non-factual opinion and not a statement of fact and no further answer is required; to the extent further answer is required, it is denied. The sixth sentence is denied. Moses lacks knowledge or information sufficient to form a belief as to the final sentence of paragraph 57.

58. Moses admits that all recipients of the February 27 and March 2 emails were affiliated with SIPB and each of them belonged to an email distribution list comprised only of persons who had indicated that they may come to the SIPB office on MIT's campus; Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 58, which he therefore denies.

59. Moses denies that he sent any "expulsion email" and otherwise states that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first two sentences of paragraph 59, and therefore denies them. The third sentence is denied.

60. Denied to the same extent as paragraph 59; otherwise Moses lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60.

61. Moses denies that the distribution of the emails was "excessive," states that the emails were sent only to certain members/alumni of a student club, and states that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 61 and therefore denies them.

62. To the extent paragraph 62 alleges facts, Moses lacks knowledge or information sufficient to form a belief as to their truth or falsity, and therefore denies them.

63. Moses denies that the recipients of the March 2 email constitute a "vast worldwide network of influential persons;" as to the remainder of the allegations contained in paragraph 63, Moses states that he lacks knowledge or information sufficient to form a belief as to their truth or falsity, and therefore denies them.

64. Denied.

65. Paragraph 65 is unintelligible as written; to the extent it alleges facts requiring a response, they are denied.

66. Denied.

67. Moses lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 and therefore denies them.

68. Moses lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 and therefore denies them.

69. Moses lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 and therefore denies them.

70. Moses admits only that Cel Skeggs expressed disapproval of one or more statements by Koppel during a meeting of keyholders on February 10, and otherwise denies the allegations contained in the first sentence of paragraph 70. As to the second sentence, Moses denies that he "began seeking out negative information about Koppel on February 18" in response to any comment by Skeggs; he further states that the remainder of the second sentence purports to quote a document that speaks for itself and he denies all allegations that mischaracterize the text of that document and states that no further response is required. Moses lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 70 and therefore denies them. Moses denies the allegations contained in the fourth and fifth sentences of paragraph 70.

71. Moses admits that at some time he reviewed emailed comments by Koppel concerning a "Free Speech Rally" in 2018 that Koppel sent to the mailing list "csail-related," a large mailing list of MIT-related persons affiliated with its computer science department, denies that "csail-related" is "unrelated to SIPB," and otherwise denies the allegations contained in the first sentence of paragraph 71. Moses denies the allegations contained in the second sentence of paragraph 71.

72. Denied.

73. The first sentence of paragraph 73 is denied. Moses admits that he has produced copies of documents that include public statements by Koppel, and denies the remainder of the second sentence of paragraph 73.

74. Denied.

75. Denied.

76. Moses denies Koppel was expelled or defamed, and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining statements in paragraph 76.

77. The first sentence of paragraph 77 is unintelligible as written; to the extent it alleges facts requiring a response, they are denied. The second sentence likewise is unintelligible; to the extent it alleges facts, they are denied. The third sentence is denied.

78. Denied.

79. Denied.

80. Denied.

## COUNT I

(Defamation)

81. Moses repeats and incorporates by reference the foregoing responses to Koppel's allegations as if fully set forth herein.

82. Denied.

83. Denied.

## COUNTS II-IV

(Counts II-IV were removed by Plaintiff based on prior rulings of the Court).

## COUNT V

(Violation of the Massachusetts Civil Rights Act (MCRA))

84. Moses repeats and incorporates by reference the foregoing responses to Koppel's allegations as if fully set forth herein.

85-87   Moses states that Count V is currently subject to a motion to dismiss; if said motion is denied, Moses will respond to these numbered paragraphs accordingly. To the extent a response is required, all factual allegations in these paragraphs are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's complaint is barred by the common interest privilege.

3. Plaintiff's complaint is barred under the privilege to disclose allegedly defamatory information as reasonably necessary to serve an organization's legitimate interest in the fitness of an individual to continue participating in said organization's activities.

4. Plaintiff's complaint fails because the allegedly defamatory statement is too vague to support a claim of defamation.

5. Plaintiff's claims fail because the statements of which he complains are not reasonably capable of defamatory meaning.

6. Plaintiff's claims are barred because they are opinions protected by the First Amendment and/or are not provably false statements of fact.

7. Plaintiff's claims are barred because the statements of which he complains are true or substantially true.

8. Plaintiff's claims are barred by the incremental harm doctrine.

9. Plaintiff's claims are barred by the neutral reportage doctrine.

10. Plaintiff's claims are barred because he is a limited purpose public figure, and Moses did not speak with knowledge of falsity or reckless disregard for the truth.

11. Plaintiff's claims are barred because Moses did not act negligently.

12. Plaintiff's claims fail because the he has not suffered any damages from the allegedly defamatory statements or his damages are *de minimis.*

13. The statements of which Plaintiff complains are privileged by the United States Constitution and the Massachusetts Declaration of Rights, as well as by common law.

14. The statements of which Plaintiff complains are privileged by the doctrine of fair comment.

15. Plaintiffs' claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

16. Plaintiff's claims are barred, in whole or in part, based on the doctrines of waiver and estoppel.

17. Plaintiff's claims are barred, in whole or in part, based on his own comparative negligence.

18. Plaintiff's damages, if any, were eliminated or mitigated by defendant's subsequent statement pursuant to G.L. c. 231 § 93.

19. Plaintiff's claims are barred by the First Amendment to the United States Constitution and Art. 16 of the Massachusetts Declaration of Rights.

Moses denies that Koppel is entitled to judgment, damages, attorney's fees, interest, costs, or any other relief in this action.

DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE

                Respectfully Submitted,

                WILLIAM MOSES,

                By his attorneys,

                */s/ Jeffrey J. Pyle*
                Jeffrey J. Pyle (BBO # 647438)
                jpyle@princelobel.com
                PRINCE LOBEL TYE LLP
                One International Place, Suite 3700
                Boston, MA 02110
                T: 617-456-8000
                F: 617-456-8100

Dated: August 6, 2021

**Certificate of Service**

    I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

                /s/ *Jeffrey J. Pyle*
                Jeffrey J. Pyle