UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES KOPPEL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 20-cv-11479-LTS |
| WILLIAM MOSES, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S OPPOSITION TO
"MOTION BY THE PLAINTIFF FOR A DISCOVERY CUT-OFF"**

Defendant William Moses submits this opposition to the motion by Plaintiff James Koppel for an order setting a deadline of December 17, 2021 to complete discovery in this action. For the reasons that follow, such an order would be premature given the posture of this case. In the alternative, any discovery cut-off should be set for no earlier than April 29, 2022. In support of this opposition, Moses states as follows.

1. Earlier today, Moses filed under seal a Motion for Sanctions against Koppel. The motion is based on Koppel's submission of false interrogatory responses, and for his failure to comply with this Court's discovery order dated July 16, 2021.

2. The Motion for Sanctions seeks relief up to and including dismissal of this action, or the issuance of an order deeming certain facts established. The resolution of the Motion for Sanctions therefore may have a significant impact on what, if any, discovery remains to be completed. The setting of any discovery cutoff before the resolution of the Motion for Sanctions would accordingly be premature.

3889835

2

3. Meanwhile, Moses has moved to dismiss Koppel's claim under the Massachusetts Civil Rights Act ("Count V" of the Amended Complaint) pursuant to Fed. R. Civ. P. 12(b)(6). Moses has not yet served discovery on that claim due to the pendency of the motion to dismiss. In the event the motion to dismiss is denied or complete dismissal is not granted in response to the motion for sanctions, Moses will need additional time to conduct discovery concerning the MCRA claim.

4. Moses has been delayed in his ability to take the deposition of Koppel, and of at least one other third party witness, by a number of factors, including Koppel's withholding of relevant and responsive documents and information as described in detail in the Motion for Sanctions. As explained in the Motion for Sanctions, there are very likely many pages of additional documents Koppel has yet to produce about an incident that is directly relevant to Moses's defense to the defamation claim. Koppel should not be permitted to resist written discovery on the one hand, and on the other hand demand that discovery be cut off before the full facts can be discovered.

5. Finally, Moses anticipates serving a document subpoena on, and taking the deposition of, at least one third party witness located outside of Massachusetts. This Rule 45 discovery may be delayed due to ongoing complications caused by the resurging COVID-19 pandemic.

6. Based on the uncertain nature and scope of this case as described above, it is premature to set any discovery cut-off now. However, in the event the Court deems it necessary to do so, any deadline for fact discovery should be set no earlier than April 29, 2022.

3889835

WHEREFORE, Moses requests that the Court deny Koppel's motion for a discovery cut-off, or in the alternative set a fact discovery deadline of April 29, 2022.

    Respectfully Submitted,

    WILLIAM MOSES,

    By his Attorney,

    */s/ Jeffrey J. Pyle*
    Jeffrey J. Pyle (BBO # 647438)
    jpyle@princelobel.com
    PRINCE LOBEL TYE LLP
    One International Place, Suite 3700
    Boston, MA 02110
    T: 617-456-8000
    F: 617-456-8100

### Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on September 7, 2021.

    */s/ Jeffrey J. Pyle*
    Jeffrey J. Pyle

3889835