UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
James Koppel,                           )
                                        )
            Plaintiff,                   )
                                        )
      v.                                )
                                        )      Civil Action No. 1:20-cv-11479-LTS
                                        )
William Moses,                          )
                                        )
            Defendant.                   )
_____)

<u>Motion by the Plaintiff for a Protective Order as to Confidential Documents</u>
**(Expedited treatment requested)**

The plaintiff James Koppel by his attorneys hereby requests entry of a

protective order and other relief pursuant to Federal Rule of Civil Procedure 26 as

to confidential documents disclosed by either party to the other.

**Defendant by his attorneys requests that this motion be treated on an**

**expedited basis and that it be opposed on an expedited basis**. The reason for

this request is that, as described below, counsel for the defendant is willing to

postpone only temporarily the filing of a motion served on September 7, 2021 and

related materials which are a subject of this motion. Counsel for defendant as of

September 16 declines to postpone that filing until this motion is decided. Filing of

the September 7, 2021 memorandum and exhibits without treatment under seal of

the memorandum and all of the exhibits prior to a ruling by this Court on this motion will defeat the additional protections sought here.

This case involves defamations of the plaintiff by the defendant starting on February 26, 2020 and later dates. On February 26, 2020, the defendant communicated by email to approximately 120 persons that the plaintiff was guilty of substantial or serious sexual harassment and that his guilt had been corroborated by numerous recently received reports of "consistent, severe, and widespread" misconduct by the plaintiff "despite requests to stop." The plaintiff is described as a threat to the safety of all of the members of a student group at a local major university. On March 2 the same defamation with slightly different wording was broadcast to a worldwide audience consisting of former members of the student group, all of whom are working professionally in the field of computer science, the chosen field of this plaintiff.  Plaintiff has recently received a PhD from the university.

The plaintiff seeks the protective order because the defendant has as of September 7, 2021 served a motion and memorandum with exhibits which include repeated references to the name of a former girlfriend of the plaintiff and complete unredacted copies of lengthy private communications to her and from her within the past six years. The exhibits filed September 7 consist of at least 40 pages of

2

confidential documents disclosed by this plaintiff pursuant to the July 16, 2021 Order of this court. All of those documents are designated as confidential.

**Counsel for plaintiff requests that this motion be treated on an expedited basis**. The reason is that counsel for the defendant has not agreed to delay filing of public copies of the September 7 motion and exhibits. Counsel for the defendant has agreed to delay public filings only until such time as this Court rules on his September 7 Assented-to Motion for filing under seal or on this motion, whichever comes first. The September 7 Assented-to motion is very likely to be granted routinely in the very near future. Counsel for defendant intends upon that filing to redact the name of the girlfriend but will not agree to treat the entire filing including the exhibits as under seal.  The memorandum and the exhibits if not entirely treated under seal make the identity of the girlfriend obvious to any reader familiar with the girlfriend or with any of the issues in this case.  Her privacy interests in the exhibits and in multiple other alleged facts will be destroyed forever.

    a. <u>Factual background</u>

This Court, the Honorable Leo Sorokin, has adopted a default Standing Protective Order as to confidentiality of documents. A copy of that Order is Exhibit 1 to this motion. The plaintiff has attempted to assert confidentiality

pursuant to that Standing Order. Counsel for the defendant asserts that Exhibit 1 does not apply in this civil action.

The defendant has repeatedly conceded that confidential information is present in this case. Starting April 2, 2021, the defendant, who does not assent to this motion, requested permission to file documents under seal in this Court. Those requests by this defendant were expressly based on the fact that the defendant is making arguments as to alleged prior misconduct of this plaintiff, including alleged instances of prior sexual misconduct by this plaintiff. Exhibit 2, Assented-to Motion to Seal Memorandum of Law, paragraphs 1, 2.

The defendant as of April 2, 2021 sought to file documents under seal because he wanted to prevent public disclosure of "the names of private persons" who in February 2020 reported to Moses that the plaintiff made them uncomfortable. Those persons used a reporting process as to which the defendant had privately offered or promised "anonymity" in February 2020, prior to the defamations and prior to this civil action. Exhibit 2, paragraph 3. Defendant noted that this Circuit permits confidentiality as to discovery materials and that they need not be available to the public in the public record. Exhibit 2, para. 4. The plaintiff by counsel assented to that motion. Id. para 5.

On April 2, 2021, counsel for the defendant filed an affidavit in support of the motion to seal the memorandum of law and related exhibits on grounds similar

to the grounds raised in Exhibit 2, namely that the memorandum of law and related exhibits included the name of a former girlfriend and included the names of students who allegedly made adverse reports as to the defendant. Exhibit 3. Exhibit 3 was filed in support of Exhibit 2.

More recently on September 7, 2021 the plaintiff filed a second Assented-to Motion. A copy of that is at Exhibit 4. The motion title is Motion to Seal the Motion by the Defendant for Sanctions and the Memorandum of Law in support of that motion. That motion is filed with the representation that it is assented to by counsel for the plaintiff. Exhibit 4, paragraph 4. In that motion counsel for the defendant states that upon allowance of the motion the defendant will file a public redacted version of the motion with the names of the former girlfriend redacted.

Counsel for the defendant does not agree to request that all of the materials in the September 7 motion be treated under seal. He will agree only to redact the names of the former girlfriend.[1]

---

[1] Counsel for the plaintiff did not see or approve the text of Exhibits 2, 3, and 4 prior to the filings. That is not the basis for any independent dispute. Plaintiff contends the texts of those filings support the relief requested here.

***

Soon after the appearance of counsel for defendant in July 2020 counsel for the plaintiff requested that counsel for defendant agree upon confidentiality stipulation. Counsel for the defendant was not interested.

Issues as to confidentiality then arose in April 2021 as discussed above. Exhibits 2, 3. They arose again in July 2021 by reason of the Order of this Court on July 16 entered under seal requiring, inter alia, the disclosure of certain communications between the plaintiff and the former girlfriend.

On August 19, 2021, counsel for the parties were engaged in ongoing discussions as to the treatment of confidential documents to be disclosed by this plaintiff. In an email to counsel for the plaintiff on August 19, counsel for the defendant agreed that, until entry of a protective order, the defendant, as to documents marked as confidential, would not "share the document with any other person outside the court" and would seek treatment under seal. A copy of that August 19 email by counsel for defendant is at Exhibit 5, pages 1–2.

Based on those assurances counsel for the plaintiff on August 20, 2021 delivered confidential documents in addition to confidential documents previously disclosed in July. Multiple pages of private communications between the plaintiff and the former girlfriend were disclosed (marked as confidential). Those confidential emails and other confidential documents disclosed by plaintiff are set

forth in full as Exhibits 5 and 6 to the September 7 memorandum of law by defendant. Counsel for the defendant as of the filing of this motion proposes to protect the confidentiality as to those documents only by redaction of the name of the former girlfriend and not in any other way .

On August 19, 2021 counsel for the plaintiff sent to counsel for the defendant a proposed form of confidentiality stipulation. A copy of that proposed confidentiality stipulation is Exhibit 6. That document on reliable information is commonly used without controversy.

One key feature of the proposed form of confidentiality stipulation, Exhibit 6, is that the resulting order requires that if confidential documents are disclosed to third persons, including experts or non-parties, the person is required to sign a document acknowledging the confidentiality. See Exhibit 6, last page. Counsel for the defendant did not agree to Exhibit 6 and specifically did not agree to undertaking any requirement of a written acknowledgement by persons who were shown confidential documents.

Counsel for the defendant after August 19 communicated to counsel for the plaintiff that he considered himself not bound by his August 19 email set forth at Exhibit 5, pages 1–2.

As of the filing of this motion the defendant has not filed in this court a redacted version of his September 7, 2021 memorandum or of the exhibits.

Counsel for plaintiff after conferences on this subject with counsel for the defendant understands that the redactions will consist of redactions only of the name of the former girlfriend, and that the plaintiff will not in any other way redact or seek to treat under seal the confidential communications which are set forth as Exhibits 5 and 6 to defendant's September 7 memorandum of law and motion.

<u>Argument</u>

a. <u>A confidentiality order is appropriate</u>

Pursuant to the July 16, 2021 Order of this court the plaintiff has disclosed at least 40 pages of confidential documents designated as confidential. Those confidential documents are attached by defendant as exhibits to the September 7, 2021 motion by this defendant. The defendant by counsel declines to agree, absent an order, that those confidential documents be treated under seal.

Given the repeated representations by this defendant to this Court in Exhibits 2, 3 and 4 to this motion, the defendant cannot deny that this case involves materials appropriate for confidential treatment. The defendant presently asserts, with no rational basis, that redaction of the name of the former girlfriend is now enough. Earlier in this case the defendant sought wider protections. See Exhibits 2, 3. The scope of confidentiality should not be governed by one party, and should not vary depending on the different objectives of that party at different dates. The

8

immediate need for this motion is that any person with any familiarity with the issues in this case upon reviewing the memorandum of law by this defendant served on September 7 will immediately know the identity of the former girlfriend. The private correspondence by her in Exhibits 5 and 6 to the September 7 motion if not protected will create a public record of her private correspondence. The offer by defendants to redact her name will not protect her or plaintiff from needless public disclosures of private facts. If the former girlfriend is as this defendant asserts, a victim, she is entitled to effective protection, not to a pretense of protection defeated by detailed public discussion and exposure of her private communications.

   b. **<u>Expedited treatment is appropriate</u>**

Counsel for the defendant has agreed as of September 15 that he will not file any of the materials related to the September 7 motion until this Court rules on either his Assented-to motion for filing under seal **or** to this motion for a protective order.

In that Assented-to motions for treatment under seal (the motion by this defendant filed September 7) are routinely granted, **the high probability is that, absent expedited treatment of this motion, confidential materials of the former girlfriend and of the plaintiff will needlessly be made part of the public**

**record.** That result will not be able to be reversed. That outcome is inconsistent with detailed prior representations to this Court by this defendant. See Exhibits 2, 3 and 4.

Multiple pages of private communications by the former girlfriend are set forth in Exhibits 5 and 6 to the September 7 motion. Detailed information about the former girlfriend and her communications are expressly set forth in the September 7 memorandum of law and in virtually every exhibit to the September 7 motion by defendant. If the September 7 motion materials are filed without the relief requested here, the horse will be out of the barn.

c. Requested relief

This civil action undeniably involves confidential materials. Protection of the confidentiality of private persons and of their private communications is admittedly appropriate. The defendant has conceded this point and has sought confidential treatment as and when it suited him. Exhibits 2, 3, 4. The defendant, however, is not and should not be the final arbiter of confidentiality.

(i)     For the reasons described, plaintiff respectfully requests an order **on an expedited basis** that the memorandum in support of the September 7 motion and all exhibits to that motion be treated under seal until further order of this Court and not available to the public. Plaintiff similarly requests an order

10

that all opposition materials filed by the plaintiff as to the September 7

motion likewise be treated entirely under seal; and

(ii)     For the reasons described, and to prevent repeated disputes on this topic, the

plaintiff requests entry of the [Proposed] Order as to confidentiality attached

hereto as Exhibit 7 **on an expedited basis**.

Plaintiff requests other consistent relief.

Respectfully submitted,

James Koppel,
By his Attorneys,

*/s/ Paul G. Boylan*
_____
Paul G. Boylan, BBO 052320
Adrianna K. Michalska, BBO 703715
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
pboylan@fmglaw.com
amichalska@fmglaw.com
Tel: (617) 963-5972

Dated: September 16, 2021

<u>Certification under Rule 7.1</u>

Counsel for the plaintiff hereby certifies that the topics of this motion were the subject of email and telephonic communications and that they have not been able to be resolved except to the limited degree described  in the motion .

Dated: September 16, 2021

*/s/ Paul G. Boylan*

_____

Paul G. Boylan

<u>Certificate of Service</u>

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

Dated: September 16, 2021

*/s/ Paul G. Boylan*

_____

Paul G. Boylan