Exhibit  1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

## STANDING ORDER RE: DEFAULT PROTECTIVE ORDER IN COMPLEX CASES

September 6, 2017

SOROKIN, D.J.

In complex cases, a protective order often is necessary to preserve the confidentiality of documents and information produced in discovery. Unless and until the parties propose and the court adopts a stipulated protective order (or the parties present competing proposals for the court's decision), the following default protective order will be imposed in such cases:

Documents and information that either party in good faith believes are confidential may be produced in discovery with the designation "Confidential Pursuant to the Court's Default PO." Unless and until such designation is altered or removed by the parties' agreement or by court order, a so-designated document may be accessed only by the parties' outside counsel and the Court.

SO ORDERED.

/s/ Leo T. Sorokin

UNITED STATES DISTRICT JUDGE

**Exhibit  2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES KOPPEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-cv-11479-LTS |
| | ) | |
| WILLIAM MOSES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ASSENTED-TO MOTION TO SEAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL AND ASSOCIATED EXHIBITS

Defendant William Moses, with the assent of plaintiff James Koppel, requests that the memorandum of law in support of his motion to compel be filed under seal. In support of this motion, Moses submits the Accompanying Affidavit of Jeffrey J. Pyle, and further states as follows.

1.      The motion to compel seeks documents and information from Plaintiff James Koppel concerning, among other things, prior acts of sexual and other misconduct by Koppel during his time he has been a student at the Massachusetts Institute of Technology.

2.      Among the information and materials requested is information about an incident of alleged sexual misconduct. The motion papers contain the name of the alleged victim of that misconduct. By this motion, Moses seeks to preserve the privacy interests of the alleged victim in such person's identity.

3.      In addition, the motion papers reveal the names of other persons who reported being made uncomfortable by Koppel through a reporting process whereby Moses offered the reporting persons anonymity. Moses seeks to preserve the interests of these persons, as well.

1

4.      The First Circuit has held that, unlike judicial documents from which the Court

determines the parties' substantive rights, neither the First Amendment nor the common law

presumption that the "public may inspect judicial records" encompass "discovery materials."

*Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986). Accordingly, this court need only have

"good cause" under Rule 26 to grant this motion to seal. *Id.* The facts set forth above

demonstrate good cause under this standard.

5.      Plaintiff James Koppel assents to the relief requested in this motion.

WHEREFORE, Moses moves that his memorandum of law in support of his motion to

compel, and the accompanying exhibits, be filed under seal.

Respectfully Submitted,

*/s/ Jeffrey J. Pyle*
Jeffrey J. Pyle (BBO # 647438)
jpyle@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
T: 617-456-8000
F: 617-456-8100

## Certificate of Service

I hereby certify that I served the foregoing document by email on counsel for plaintiff on
April 2, 2021.

*/s/ Jeffrey J. Pyle*
Jeffrey J. Pyle

2

**Exhibit 3**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES KOPPEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-cv-11479-LTS |
| | ) | |
| WILLIAM MOSES, | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF JEFFREY J. PYLE IN SUPPORT OF
ASSENTED-TO MOTION TO SEAL MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL AND ASSOCIATED EXHIBITS**

I, Jeffrey J. Pyle, hereby depose and state as follows.

1.     I am counsel to defendant William Moses. I make this affidavit on personal

knowledge in support of Moses's assented-to motion to seal the memorandum of law filed in

support of Moses's motion to compel.

2.     The memorandum of law, and some of its exhibits, include information revealing

the name of a person who stated that plaintiff James Koppel had committed sexual misconduct

against that person. These materials also include the names of students who reported adverse

facts and opinions concerning Koppel to Moses after Moses offered to anonymize their

comments.

Signed under the pains and penalties of perjury this 2d day of April, 2021.

                                        */s/ Jeffrey J. Pyle*
                                        Jeffrey J. Pyle

3687925.v1

**Exhibit  4**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES KOPPEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20-cv-11479-LTS |
| | ) |
| WILLIAM MOSES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ASSENTED-TO MOTION TO SEAL DEFENDANT WILLIAM MOSES'S MOTION FOR SANCTIONS AND AWARD OF ATTORNEYS' FEES AND COSTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant William Moses ("Moses"), with the assent of Plaintiff James Koppel ("Koppel"), moves that his Motion for Sanctions and Award of Attorneys' Fees and Costs, and the memorandum in support of said motion (collectively, the "Motion for Sanctions") be filed under seal. In support of this motion, Moses states as follows:

1.      The Motion for Sanctions has to do with information about an unwanted act of groping by Koppel. The motion papers contain the name of the alleged victim of that misconduct. By this motion, Moses seeks to preserve the privacy interests of the alleged victim.

2.      The First Circuit has held that, unlike judicial documents from which the Court determines the parties' substantive rights, neither the First Amendment nor the common law presumption that the "public may inspect judicial records" encompass "discovery materials." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986). Accordingly, this court need only have "good cause" under Rule 26 to grant this motion to seal. *Id.* The facts set forth above demonstrate good cause under this standard.

1

3.      Upon the allowance of the motion, Moses will file a public redacted version of the Motion for Sanctions with the name and identifying details of the alleged victim redacted.

4.      Moses understands that plaintiff James Koppel assents to the relief requested in this motion.

WHEREFORE, Moses moves that motion for sanctions and award of attorneys' fees, the memorandum in support thereof, and its accompanying exhibits, be filed under seal.

Respectfully submitted,

WILLIAM MOSES,

By his Attorney,

/s/ Jeffrey J. Pyle
Jeffrey J. Pyle, BBO #647438
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
T: 617-456-8000
F: 617-456-8100
jpyle@princelobel.com

Dated: September 7, 2021

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be served by email on counsel for plaintiff James Koppel on September 7, 2021.

/s/ Jeffrey J. Pyle
Jeffrey J. Pyle

2

3887900.v1

**Exhibit 5**

**Paul G. Boylan**

| | |
|---|---|
| **From:** | Pyle, Jeffrey J. <JPyle@princelobel.com> |
| **Sent:** | Thursday, August 19, 2021 5:02 PM |
| **To:** | Paul G. Boylan |
| **Subject:** | [EXTERNAL] RE: discovery |

I'm not required to file anything as a condition of your client's compliance with the Court's Order. You have the assurances stated in my email below. We look forward to your client's compliance with the Court's discovery order.

**From:** Paul G. Boylan [mailto:pboylan@fmglaw.com]
**Sent:** Thursday, August 19, 2021 4:46 PM
**To:** Pyle, Jeffrey J. <JPyle@princelobel.com>
**Subject:** discovery

Emails are not useful .

If you want to get this discovery on the terms in your  I suggest you propose a stipulation that embodies your email .

it would say  that Koppel  disclosures after the date of the Order designated as confidential and other  documents that are confidential disclosed by Koppel  on or after today's date will not be  disclosed  to any  person ( i )  other than the court  and ( ii )  If such a document is filed with the court, it will be subject to a motion to seal.  In addition ( iii )  This stipulation will expire if and when  the Court rules on a request for a protective order as to confidentiality  in this case involving terms other than these.

File it and send me the signed stipulation as filed  and we are in business .

Paul G. Boylan
Freeman Mathis & Gary, LLP
60 State Street | Suite 600 | Boston, MA 02109-1800
D: 617-963-5972 | C: 857-366-1169
pboylan@fmglaw.com | www.fmglaw.com



FREEMAN MATHIS & GARY, LLP
Attorneys at Law

CA | CT | FL | GA | KY | MA | NJ | NY | PA | RI
Please read this important notice and confidentiality statement

**From:** Pyle, Jeffrey J. <JPyle@princelobel.com>
**Sent:** Thursday, August 19, 2021 2:23 PM
**To:** Paul G. Boylan <pboylan@fmglaw.com>

1

**Subject:** [EXTERNAL] RE: Assented To Stipulation and Proposed Order Governing Confidentiality of Materials Disclosed in Discovery.DOC (KOPPEL)

Paul,

We will have substantial revisions to this proposed protective order. I will get them to you when I am able. However, so as not to hold up your client's full compliance with the Court's order, Moses agrees that pending the Court's entry of a protective order in this case (or its ruling denying a motion for a protective order), any document marked "confidential" and produced by Koppel after today's date will not be shared with any other person outside the court, and if such a document is filed with the court, it will be subject to a motion to seal. That agreement expires when the court rules on a request for a protective order specific to this case.

To repeat what I said in my email of 10:58 this morning, we have given Mr. Koppel until close of business this Monday, August 23, to supplement his production and to certify under oath that he has produced (1) all non-privileged documents in his possession, custody or control concerning, in any way, the incident between him and Voss at the 2016 EA Global conference, and (2) any and all other records that are within the scope of the Court's Order. Failing that we will move for appropriate sanctions.

Jeff

**From:** Paul G. Boylan [mailto:pboylan@fmglaw.com]
**Sent:** Thursday, August 19, 2021 11:28 AM
**To:** Pyle, Jeffrey J. <JPyle@princelobel.com>
**Subject:** FW: Assented To Stipulation and Proposed Order Governing Confidentiality of Materials Disclosed in Discovery.DOC (KOPPEL)

Here's the proposed form of stipulation as to confidentiality. I have not altered anything for this case .

Please let me know if this is acceptable .

If it is I propose that we file it and I will be in a position to disclose  more documents not required to be disclosed .

We have been gathering documents to accommodate your requests. We do not agree that your requests  are within the order.

**Paul G. Boylan**
**Freeman Mathis & Gary, LLP**
**60 State Street | Suite 600 | Boston, MA 02109-1800**
**D: 617-963-5972 | C: 857-366-1169**
pboylan@fmglaw.com | www.fmglaw.com



**Exhibit  6**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| James Koppel, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:20-cv-11479-LTS |
| William Moses, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### Assented To Stipulation and Proposed Order Governing
### Confidentiality Of Materials Disclosed In Discovery

It is hereby stipulated by and between the parties hereto that the parties wish to have the terms et set forth here govern the confidentiality of materials. The parties request this Stipulation be made an Order of this Court.:

1.     In accordance with ¶4 below of this Stipulation ("Stipulation"), any party hereto may designate certain information or documents as Confidential as set forth here. Any such designated information or documents, in whole or in part, are referred to herein as "Confidential Materials." The obligations of the parties as to any materials so designated as set forth here, shall be effective upon execution of this Stipulation and shall survive termination of this civil action. The provisions of

this Stipulation apply equally to originals, copies, summaries, or extracts of all Confidential Materials.

2.    Confidential Materials will not be used by any party or person to whom they are disclosed except solely and directly for prosecution or defense of claims asserted in this civil action, and shall not be disclosed by any party or by that party's counsel or retained experts or anyone else except as expressly provided herein.

3.    The contents of Confidential Materials shall not, without leave of Court, be communicated in any way to anyone except those persons identified in ¶5, and then only on the terms set forth here. No person within the description of ¶5(b) or ¶5(e) shall be given access to any Confidential Materials until such person has acknowledged in writing that such person has read this Stipulation, agrees to be bound by it, and recognizes that any disclosure in violation of this Stipulation may constitute an actionable wrong and may result in substantial liability in damages. The party seeking to disclose or allowing disclosure to any deposition witness or expert is strictly liable under this Stipulation for any violation of this Stipulation by any such person, without prejudice to the liability of the violator. The original of each such Acknowledgment (in the form attached hereto) shall be maintained by counsel who makes or arranges for Confidential Materials to be disclosed to such person.

4.      Any person seeking the benefit of this Stipulation agrees to designate as Confidential Materials only those materials which that person in good faith reasonably believes to be or in fact treats as confidential and which are not in the public domain. Any person seeking the benefit of this Stipulation may designate as Confidential any materials which refer to, describe, incorporate, or constitute confidential personal or business information, trade secrets or other confidential research, development, proprietary or commercially sensitive information. Upon such designation such Confidential Material shall not to be disclosed, or will be disclosed only in direct prosecution of claims or defenses in this action and in the manner expressly designated in this Stipulation. The Confidential Material designation shall be appropriate for, without limitation: confidential personal, financial, or business information; trade and pricing information; contracts involving competitive position; information as to proprietary technology; and materials which, if disclosed, would provide a competitive advantage to any person as to present or future business, projects, or assets.

5.      Confidential Material shall be disclosed only to:

   (a)   Counsel of record in this action and such secretaries, paralegals, associates, and partners of such counsel as are assisting in this action;

   (b)   Independent experts or consultants retained for the purpose of assisting in the prosecution or defense of this action;

(c)   Parties to this action (including officers, directors, or employees of any party);

(d)   Judges, jurors, and Court officers and personnel (including stenographic reporters);

(e)   Any party may disclose Confidential Material to a non-party or expert to the extent necessary in good faith to obtain needed discovery or testimony provided that no copies of said Confidential Material are permitted to remain with a non-party and the non-party or expert acknowledges in advance his or her agreement to be bound by the terms of this Stipulation by signing the Acknowledgment attached hereto.

6.   Within thirty days after final disposition of this case, all Confidential Material produced or disclosed under this Stipulation will either be (i) returned to counsel of record for the producing party or (ii) destroyed. Counsel for the receiving party will provide prompt written certification to counsel for the producing party as to what disposition was made of Confidential Material pursuant to this paragraph.

7.   Any party may by motion to the Court challenge any person's designation of any document or information as Confidential or otherwise seek revision of or relief from this Stipulation, but no party shall be so relieved other than by order of the Court.

8.   Before any document marked as Confidential is filed with the Court the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure. The filing party shall first consult with the party which originally designated the document as Confidential to

determine whether, with the consent of that party, a redacted document may be filed with the Court seal.

9.      Damages for violations of this Stipulation and Order will be difficult to quantify. For that reason, the parties agree each violation consisting of a publication to a single natural person shall result in a minimum liquidated damage of $2,000 per publication. Any publication to a corporate entity or multiple persons or any media or internet publication shall result in minimum liquidated damages of $10,000 for each such publication. These damages are mutually exclusive. The Court shall determine what constitutes a violation and a publication.

10.     The Parties request entry of this Stipulation as an Order.


SO ORDERED:

_____     Dated:
Justice of the Federal Court

Assented to by Plaintiff:

James Koppel,
By his attorneys,

_____
Paul G. Boylan, BBO #052320
Ben Dunlap, BBO #661648
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
pboylan@fmglaw.com
bdunlap@fmglaw.com
T: 617-963-5973

Dated:

Assented to by Defendant:

William Moses,
By his attorneys,

_____
Jeffrey J. Pyle, BBO #647438
jpyle@princelobel.com
Michael Lambert, BBO #704134
mlambert@princelobel.com
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, MA 02110
T: 617-456-8000

Dated:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| James Koppel, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-11479-LTS |
| | ) | |
| William Moses, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Acknowledgment Of Confidentiality

I, _____, the undersigned hereby acknowledge under the penalties of perjury that I will have access to material designated as "Confidential" in the above-captioned matter. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of a Stipulation dated _____; that I have been given a copy of and have read said Stipulation; and that I agree to be bound by the terms thereof.

I agree that I will not disclose Confidential Material to any other person or entity; shall use such information solely for purposes of this lawsuit; and recognize that any disclosure in violation of the Stipulation may constitute an actionable contempt of a Court and may result in liability for substantial damages.

Dated: _____

Exhibit  7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| James Koppel,                                       ) | |
|                                                     ) | |
|           Plaintiff,                                ) | |
|                                                     ) | |
|       v.                                            ) | Civil Action No. 1:20-cv-11479-LTS |
|                                                     ) | |
| William Moses,                                      ) | |
|                                                     ) | |
|           Defendant.                                ) | |
|                                                     ) | |

[Proposed ] Order Governing
Confidentiality Of Materials Disclosed In Discovery

It is hereby ordered that the terms set forth here govern the confidentiality of materials in discovery.

1.     In accordance with ¶4 below of this Order ("Order"), any party may designate certain information or documents as Confidential as set forth here. Any such designated information or documents, in whole or in part, are referred to herein as "Confidential Materials." The obligations of the parties as to any materials so designated as set forth here, shall be effective upon execution of this Order and shall survive termination of this civil action. The provisions of this Order apply equally to originals, copies, summaries, or extracts of all Confidential Materials.

2.    Confidential Materials will not be used by any party or person to whom they are disclosed except solely and directly for prosecution or defense of claims asserted in this civil action, and shall not be disclosed by any party or by that party's counsel or retained experts or anyone else except as expressly provided herein.

3.    The contents of Confidential Materials shall not, without leave of Court, be communicated in any way to anyone except those persons identified in ¶5, and then only on the terms set forth here. No person within the description of ¶5(b) or ¶5(e) shall be given access to any Confidential Materials until such person has acknowledged in writing that such person has read this Order, agrees to be bound by it, and recognizes that any disclosure in violation of this Order may constitute an actionable wrong and may result in substantial liability in damages. The party seeking to disclose or allowing disclosure to any deposition witness or expert is strictly liable under this Order for any violation of this Order by any such person, without prejudice to the liability of the violator. The original of each such Acknowledgment (in the form attached hereto) shall be maintained by counsel who makes or arranges for Confidential Materials to be disclosed to such person.

4.    Any person seeking the benefit of this Order agrees to designate as Confidential Materials only those materials which that person in good faith reasonably believes to be, or in fact treats as, confidential and which are not in the

public domain. Any person seeking the benefit of this Order may designate as Confidential any materials which refer to, describe, incorporate, or constitute confidential, private, personal or business information, trade secrets or other confidential research, development, proprietary or commercially sensitive information. Upon such designation such Confidential Material shall not to be disclosed or will be disclosed only in direct prosecution of claims or defenses in this action and in the manner expressly designated in this Order. The Confidential Material designation shall be appropriate for, without limitation: confidential personal, financial, or business information; trade and pricing information; contracts involving competitive position; information as to proprietary technology; and materials which, if disclosed, would provide a competitive advantage to any person as to present or future business, projects, or assets.

5.  Confidential Material shall be disclosed only to:

(a) Counsel of record in this action and such secretaries, paralegals, associates, and partners of such counsel as are assisting in this action;

(b) Independent experts or consultants retained for the purpose of assisting in the prosecution or defense of this action;

(c) Parties to this action (including officers, directors, or employees of any party);

(d) Judges, jurors, and Court officers and personnel (including stenographic reporters);

(e) Any party may disclose Confidential Material to a non-party or expert to the extent necessary in good faith to obtain needed

discovery or testimony provided that no copies of said Confidential Material are permitted to remain with a non-party and the non-party or expert acknowledges in advance his or her agreement to be bound by the terms of this Order by signing the Acknowledgment attached to this Order.

6.    Within thirty days after final disposition of this case, all Confidential Material produced or disclosed under this Order will either be (i) returned to counsel of record for the producing party or (ii) destroyed. Counsel for the receiving party will provide prompt written certification to counsel for the producing party as to what disposition was made of Confidential Material pursuant to this paragraph.

7.    Any party may by motion to the Court challenge any person's designation of any document or information as Confidential or otherwise seek revision of or relief from this Order, but no party shall be so relieved other than by order of the Court.

8.    Before any document marked as Confidential is filed with the Court the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure. The filing party shall first consult with the party which originally designated the document as Confidential to determine whether, with the consent of that party, a redacted document may be filed with the Court  or filed under seal . No party will oppose the filing of a confidential document under seal or in redacted form .

9.     Damages for violations of this Order will be difficult to quantify. For that reason, each violation consisting of a publication to a single natural person shall result in a minimum liquidated damage of $2,000 per publication. Any publication to a corporate entity or multiple persons or any media or internet publication shall result in minimum liquidated damages of $10,000 for each such publication. These damages are mutually exclusive. The Court shall determine what constitutes a violation and a publication.

10. The acknowledgement of confidentiality attached to this Order is part of this Order and incorporated in full .

SO ORDERED:

_____

Justice of the Federal Court

Date:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| James Koppel, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:20-cv-11479-LTS |
| William Moses, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## Acknowledgment Of Confidentiality

I, _____, the undersigned, hereby acknowledge under the penalties of perjury that I will have access to material designated as "Confidential" in the above-captioned matter. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of a Order dated _____; that I have been given a copy of and have read said Order; and that I agree to be bound by the terms thereof.

I agree that I will not disclose Confidential Material to any other person or entity; shall use such information solely for purposes of this lawsuit; and recognize that any disclosure in violation of the Order may constitute an actionable contempt of Court and may result in liability for substantial damages.

_____

Date: