UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES KOPPEL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 20-cv-11479-LTS |
| WILLIAM MOSES, | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT WILLIAM MOSES'S OPPOSITION TO
"MOTION BY THE PLAINTIFF FOR A PROTECTIVE ORDER AS TO
CONFIDENTIAL DOCUMENTS"**

INTRODUCTION

Defendant William Moses submits this opposition to the "Motion by the Plaintiff for a Protective Order as to Confidential Documents" (Doc. No. 72). The motion asks the Court to seal Moses's memorandum in support of his motion for sanctions and all its exhibits without even addressing the standard for affording such relief. Koppel also asks the Court to impose an onerous protective order that would sharply limit Moses's ability to use documents and information produced in this case, on pain of thousands of dollars in liquidated damages.

Koppel's motion should be denied. Koppel has not shown that the privacy interests of third parties—the purported basis for the sealing request—cannot be protected through redaction of the memorandum and exhibits. Further, contrary to Koppel's claims, this case involves no "confidential" documents: each document Koppel seeks to designate as "confidential" under a protective order was sent or received by a third party. In any event, Koppel's proposed protective

3899965

order contains restrictions that would be considered stringent even in a trade secrets case; it is woefully inappropriate in a case like this.

## BACKGROUND

Plaintiff James Koppel filed this defamation action in the Middlesex Superior Court on April 13, 2020. Moses removed the case to this court on August 5, 2020. (Doc. No. 1). The parties served their first discovery requests in early December. Since then, the parties have exchanged approximately 1,900 pages of documents without any protective order in place.

On April 2, 2021, Moses filed a motion to compel Koppel to produce additional documents and information about instances in which he allegedly committed unwanted touching or other conduct that made another person uncomfortable. (Doc. No. 35). On July 16, the Court allowed the motion, ordering supplemental production within 14 days. (Doc. No. 55).

On July 26, Koppel produced additional documents. For the first time, Koppel attempted to designate some of his produced documents "confidential." Specifically, Koppel's counsel stated in an email that he was producing 14 pages of documents "pursuant to the Standing Confidentiality Order of this Court," and asserting that they are "for attorneys' eyes only." (**Exhibit 1**, July 26-Aug. 2 Email exchange). In later emails, counsel clarified that he was invoking the Court's "Standing Order re: Default Protective Order in Complex Cases."[1] (*Id.*).

On August 16, 2021, counsel conferred regarding Koppel's asserted "attorneys' eyes only" designation." Moses's counsel explained that the default protective order did not apply by its terms, and that he did not believe Koppel had the power permanently to restrict Moses's counsel from sharing relevant documents with his client. During that conference, counsel for

---

[1] This is not a "complex" case. It is a straightforward defamation action based on an email sent on behalf of a university student group. Accordingly, the Standing Order does not apply.

Koppel raised the idea of filing a motion for a protective order. Counsel for Moses expressed a willingness to confer regarding such a motion, and invited counsel to submit a draft for consideration.

During the August 16 call, counsel for Moses also raised the fact that Koppel had apparently failed fully to comply with the Court's July 16, 2021 Order. Koppel agreed to look into supplementing his production.

On August 19, 2021, counsel for Koppel sent an email forwarding a proposed protective order. At the same time, Koppel's counsel stated that he would supplement his production only after the parties agreed upon and filed a motion for a protective order. (Doc. No. 72, Motion for Protective Order, Ex. 5).

Counsel for Moses objected to that sequencing, since the Court's July 16 Order was not contingent on any confidentiality stipulation. Counsel for Moses also objected to the scope of Koppel's draft protective order. However, believing that Koppel's counsel was prepared to move for a protective order and the Court would have an opportunity to rule on what kind of order would be appropriate, he stated that on a temporary basis he would agree to treat the documents as confidential in the interim:

> [S]o as not to hold up your client's full compliance with the Court's order, Moses agrees that pending the Court's entry of a protective order in this case (or its ruling denying a motion for a protective order), any document marked "confidential" and produced by Koppel after today's date will not be shared with any other person outside the court, and if such a document is filed with the court, it will be subject to a motion to seal. That agreement expires when the court rules on a request for a protective order specific to this case.

(*Id.*).

On August 20, 2021, Koppel produced additional documents, again invoking the Standing Order to declare them confidential. On the same date, Moses's counsel marked up and

3899965

returned a draft protective order to counsel for Koppel. However, on August 25, Koppel's counsel stated that Moses's draft was unacceptable, and then refused to move for a protective order specific to this case, insisting that Moses must first move for such relief. Moses, who has not designated any documents as confidential, declined to do so. (**Exhibit 2**).

On August 27, 2021, Moses conferenced his Motion for Sanctions and Award of Attorneys' Fees and Costs with counsel for Koppel. After that conference, Koppel's counsel demanded that Moses's counsel "file any documents identifying any putat[i]ve reporter or victim under seal. We will assent to that sort of motion as we did on April 2." Counsel stated that his request "will not cause any delay because you are free to file a redacted copy in the ECF system." (**Exhibit 3**).

The reference to the "April 2" filing had to do with Moses's motion to seal his motion to compel filed on that date. (Doc. No. 36). That motion to seal was based on the privacy interests of the victims of Koppel's conduct and of those who had reported that Koppel made them uncomfortable. (*Id.*) The Court allowed the motion, with the following condition: "Defendant shall file a redacted copy of the memorandum on the public docket with the confidential information described in the motion to seal redacted as well as anything reasonably leading to identification or disclosure of same." (Doc. No. 42). Moses complied with that condition.

On August 28, in response to Koppel's demand that the motion for sanctions be filed under seal, counsel for Moses responded: "I intend to file the motion consistent with how I handled the motion to compel: filing under seal, with a public version that redacts victim identifying information." (Ex. 3). Koppel registered no objection. Accordingly, on September 7, 2021, Moses filed the assented-to motion to seal.

4

Koppel has now filed a motion in which he reverses himself in two ways. (Doc. No. 72). Specifically, after assenting to Moses's narrowly-drawn motion to seal, Koppel now demands that the entirety of the memorandum in support of the motion for sanctions be maintained off of the public docket. Further, after refusing to move for a protective order, Koppel now seeks an order that would permit the restriction of information that is not even "confidential," and that would drastically restrain Moses's ability to show important documents to third-party witnesses on pain of thousands of dollars in liquidated damages. (Doc. No. 72, Ex. 7).

## ARGUMENT

**I.    KOPPEL HAS FAILED TO SATISFY THE LEGAL STANDARD FOR BLANKET SEALING OF THE MEMORANDUM IN SUPPORT OF THE MOTION FOR SANCTIONS AND ITS EXHIBITS.**

The Court should deny Koppel's request to seal the memorandum in support of the motion for sanctions in its entirety because Koppel fails to address, let alone satisfy, the "good cause" standard that governs such motions. *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 14 (1st Cir. 1986).

On April 16, 2021, this Court issued a narrowly-tailored sealing order with respect to Moses's motion to compel. (Doc. No. 42). The order protected the identities of victims of Koppel's conduct, but required a redacted copy of the motion to be filed on the public docket. (*Id.*). The Court's April 16 order was consistent with the presumption that the Court's business must occur in public and subject to public oversight, with sealed documents and proceedings the exception rather than the rule.

Here, Koppel demands that the Motion for Sanctions be sealed in its entirety, but he articulates no reason why the Court treat the Motion for Sanctions differently than the Motion to

5

Compel.[2] Koppel bases his current motion on purported concern for protecting the alleged victim's identity. (Doc. 72 at 3, 9). However, like the Motion to Compel, the memorandum in support of the motion for sanctions can readily be redacted to obscure all information identifying the alleged victim of Koppel's conduct. Koppel's motion does not suggest otherwise.[3]

In fact, concern for protecting the alleged victim's identity does not appear to be Koppel's motivation for filing his motion. Unlike Moses, who has sought to maintain the victim's anonymity, Koppel has publicly identified her as his "former girlfriend." (Doc. No. 72 at 2 and *passim*). Instead, Koppel's real reason for his broad sealing request is apparently to prevent his own public embarrassment, which is not a sound basis for a motion to seal. *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)("The mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access.")

Koppel has failed to satisfy the legal standard governing motions to seal. Accordingly, his request for blanket sealing should be denied.

## II. THE COURT SHOULD DENY KOPPEL'S MOTION FOR A PROTECTIVE ORDER.

Koppel has also failed to establish "good cause" sufficient to justify the imposition of the protective order he seeks. Fed. R. Civ. P. 26. (*See* Doc. No. 72, Ex. 7).

Koppel contends that the Court should enter a protective order to restrain the use of "confidential" documents that Koppel has already produced. However, no document produced by Koppel is "confidential," meaning secret.

---

[2] The public's right of access to the Motion for Sanctions may, in fact, be greater than it was to the Motion to Compel. Whereas the Motion for Sanctions, like the Motion to Compel, is surely a "discovery motion," it also seeks dismissal of this lawsuit, and thus could be "dispositive of [a] litigant['s] substantive rights." *Anderson*, 805 F.2d at 11.

[3] Unlike Moses, Koppel has publicly identified the alleged victim as a "former girlfriend" of Koppel. (Doc. No. 72 at 2 and *passim*).

6

All of the documents Koppel has attempted to designate as "confidential" are attached as Exhibits 5 and 6 to the memorandum of law in support of the motion for sanctions. (Memo in Support of Motion for Sanctions, Exs. 5 and 6). Each of those documents was either sent or received by a third party who is not James Koppel. They consist of text messages, emails, and other documents exchanged between Koppel and a number of third parties concerning an event in which Koppel allegedly engaged in unwanted touching of an alleged victim. The senders and recipients of the documents include other MIT students, a member of the MIT administration, the victim of Koppel's misconduct, persons to whom Koppel expressed dismay about the accusation, and persons who acted as intermediaries between Koppel and his alleged victim. (*Id.*, Exs. 5 and 6).

Koppel has not demonstrated that any of these third parties is under an obligation, legal or otherwise, to maintain the confidentiality of the documents or information he has labeled "confidential." *Cf. Blake v. Pro. Coin Grading Serv*., 898 F. Supp. 2d 365, 380 (D. Mass. 2012) ("Information cannot be confidential if the possessor of the information does not take reasonable security precautions to protect it.") "Confidential" and "embarrassing" are not the same thing. Where all of the documents and information at issue are in the possession of third parties who may share it with others at will, the documents cannot be deemed secret and therefore worthy of protection. Nor has Koppel stated that there are other relevant documents in his possession, not shared with third parties, that are subject to production and worthy of protection. For this reason alone, Koppel has failed to demonstrate "good cause" for a protective order.

Even if a protective order of some kind were warranted, however, Koppel's proposed order is wildly inappropriate, for a number of reasons. These include the following.

3899965

*First,* Koppel's proposed order would permit a party to designate as "confidential" any "personal . . . information" whatsoever. (Doc. No. 72, Ex. 7, p. 3). This vague provision would apply to large amounts of the discovery in this litigation, which concerns Koppel's acts of making people uncomfortable. This is not a business case where incidental "personal" information may be contained in otherwise business-related documents. Koppel's proposed order could be deemed to permit the designation of documents even where the "personal" information at issue is not "personal" to Koppel; where it is known by third parties; and where it is central to this case. As such, the order would hobble Moses's ability to use the documents in his defense for no valid reason.

*Second*, the proposed order states that designated information may be provided to a third party such as a deposition witness only if that party "acknowledges in advance his or her agreement to be bound by the terms of this Order by signing the Acknowledgement attached to this Order." (*Id.* at 4). That "acknowledgement" provides that "any disclosure in violation of the Order may constitute an actionable <u>contempt of Court</u> and may result in <u>liability for substantial damages</u>." (*Id.* at 6) (emphasis supplied).

Thus, under this provision, Moses would be restricted from showing a third-party witness any designated document, either informally or in a deposition, unless he obtains her agreement to be subject to crippling damages if Koppel suspects her of disclosing the information. No rational person would sign such a document, at least not without some assurance of indemnification, which will not be present here. Accordingly, the provision would simply serve to interfere with Moses's ability to show important documents to knowledgeable third parties, and thereby discover facts in this case.

*Third,* in the unlikely event a third party witness agreed to this onerous restriction, Moses would be "strictly liable under this Order for any violation of this Order by any such person, without prejudice to the liability of the violator." (Motion, Ex. 7, p. 2). Moses is not in control of third-party witnesses who may have discoverable information about instances where Koppel made other people uncomfortable. It would impermissibly restrain Moses's right to defend this case to hold him liable for the disclosures by third parties over whom he has no control, but from whom he needs information.

*Fourth,* the proposed order provides that if Moses (or a third party) discloses designated information, Moses will be subject to thousands of dollars in liquidated damages. If the disclosure is to a natural person, Moses would be subject to "a minimum liquidated damage of $2,000 per publication." If the disclosure is "to a corporate entity or multiple persons or any media or internet publication," then the "minimum liquidated damages" will be $10,000. (Doc. No. 72, Ex. 7 at 5). Moses is a graduate student. Liquidated damages in a case like this, which does not include trade secrets, where Moses seeks only to defend himself from being held liable for defamation, would be unconscionable.

None of the information Koppel seeks to protect is secret. It is merely embarrassing. The Court should deny his request for a protective order.

## CONCLUSION

For the foregoing reasons, the Court should deny the "Motion by the Plaintiff for a Protective Order as to Confidential Documents."

Respectfully Submitted,

WILLIAM MOSES

By his attorney,

/s/ Jeffrey J. Pyle
Jeffrey J. Pyle (BBO # 647438)
jpyle@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
T: 617-456-8000
F: 617-456-8100

### Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 22, 2021.

/s/ Jeffrey J. Pyle
Jeffrey J. Pyle

3899965

# EXHIBIT 1

**Pyle, Jeffrey J.**

| | |
|---|---|
| **From:** | Pyle, Jeffrey J. |
| **Sent:** | Monday, August 2, 2021 3:19 PM |
| **To:** | Paul G. Boylan |
| **Subject:** | RE: [EXTERNAL] RE: [EXTERNAL] RE: James Koppel v. William Moses, Civil Action No. 1:20-cv-11479-LTS |

The only such order I could find applies to "complex" cases.
https://www.mad.uscourts.gov/boston/pdf/sorokin/LTS%20Standing%20Order%20re%20Default%20PO.pdf
Are you claiming this is a "complex case?"

Jeffrey J Pyle



Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8143 Direct
jpyle@princelobel.com



**From:** Paul G. Boylan [mailto:pboylan@fmglaw.com]
**Sent:** Monday, August 2, 2021 3:11 PM
**To:** Pyle, Jeffrey J. <JPyle@princelobel.com>
**Subject:** RE: [EXTERNAL] RE: [EXTERNAL] RE: James Koppel v. William Moses, Civil Action No. 1:20-cv-11479-LTS

It's in the federal website under Judge Sorokin.


**Paul G. Boylan**
**Freeman Mathis & Gary, LLP**
**60 State Street | Suite 600 | Boston, MA 02109-1800**
**D: 617-963-5972 | C: 857-366-1169**
pboylan@fmglaw.com | www.fmglaw.com



CA | CT | FL | GA | KY | MA | NJ | NY | PA | RI
Please read this important notice and confidentiality statement

**From:** Pyle, Jeffrey J. <JPyle@princelobel.com>
**Sent:** Monday, August 2, 2021 3:02 PM
**To:** Paul G. Boylan <pboylan@fmglaw.com>
**Subject:** [EXTERNAL] RE: [EXTERNAL] RE: James Koppel v. William Moses, Civil Action No. 1:20-cv-11479-LTS

Paul,
Could you please identify what standing order you're referring to?
Thanks,
Jeff

Jeffrey J Pyle



Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8143 Direct
jpyle@princelobel.com



**From:** Paul G. Boylan [mailto:pboylan@fmglaw.com]
**Sent:** Monday, August 2, 2021 2:38 PM
**To:** Pyle, Jeffrey J. <JPyle@princelobel.com>
**Subject:** RE: [EXTERNAL] RE: James Koppel v. William Moses, Civil Action No. 1:20-cv-11479-LTS

It's a standing order of the court .

your position is that the standing order does not apply ?

as you would say what authority do you have for that ?

in the interim please consider yourself bound by the standing order .

**Paul G. Boylan**
**Freeman Mathis & Gary, LLP**
**60 State Street | Suite 600 | Boston, MA 02109-1800**
**D: 617-963-5972 | C: 857-366-1169**
pboylan@fmglaw.com | www.fmglaw.com



CA | CT | FL | GA | KY | MA | NJ | NY | PA | RI
Please read this important notice and confidentiality statement

---

**From:** Pyle, Jeffrey J. <JPyle@princelobel.com>
**Sent:** Monday, August 2, 2021 2:08 PM
**To:** Paul G. Boylan <pboylan@fmglaw.com>
**Subject:** [EXTERNAL] RE: James Koppel v. William Moses, Civil Action No. 1:20-cv-11479-LTS

Dear Paul,
I'm just back from vacation. We are unaware of any authority that gives a party the right unilaterally to designate any document as "attorneys eyes only" absent a protective order agreed to by the parties and entered by the court. There is no protective order in this case. Accordingly, I do not plan to withhold Koppel_1168 to 1181 from my client. If you have authority to the contrary, please provide it as soon as possible.
Regards,

Jeffrey J Pyle


Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, Massachusetts 02110

617 456 8143 Direct
jpyle@princelobel.com

---

**From:** Paul G. Boylan [mailto:pboylan@fmglaw.com]
**Sent:** Monday, July 26, 2021 12:10 PM
**To:** Pyle, Jeffrey J. <JPyle@princelobel.com>
**Subject:** FW: James Koppel v. William Moses, Civil Action No. 1:20-cv-11479-LTS

Dear Jeffrey :

We enclose with this cover letter the following

1. Interrogatory Supplements by Plaintiff;
2. Koppel Document Disclosure Bates stamped Koppel_1164 to Koppel_1167; and
3. Koppel Confidential Document Disclosure Bates stamped Koppel_1168 to Koppel_1181. **These are being disclosed pursuant to the Standing Confidentiality Order of this Court and as a result are for attorneys' eyes only.**

**Paul G. Boylan**
**Freeman Mathis & Gary, LLP**
**60 State Street | Suite 600 | Boston, MA 02109-1800**
**D: 617-963-5972 | C: 857-366-1169**
pboylan@fmglaw.com | www.fmglaw.com



CA | CT | FL | GA | KY | MA | NJ | NY | PA | RI
Please read this important notice and confidentiality statement

---

**From:** Nora C. Fenton <NFenton@fmglaw.com>
**Sent:** Monday, July 26, 2021 11:45 AM
**To:** Paul G. Boylan <pboylan@fmglaw.com>
**Subject:** James Koppel v. William Moses, Civil Action No. 1:20-cv-11479-LTS

Attached are the following:

1.      Interrogatory Supplements by Plaintiff;
2.      Koppel Document Disclosure Bates stamped Koppel_1164 to Koppel_1167; and
3.      Koppel Confidential Document Disclosure Bates stamped Koppel_1168 to Koppel_1181. **These are being disclosed pursuant to the Standing Confidentiality Order of this Court and as a result are for attorneys' eyes only.**

**Nora C. Fenton**
*Legal Assistant*
**Freeman Mathis & Gary, LLP**
**60 State Street | Suite 600 | Boston, MA 02109-1800**
**D: 617-807-8966**
NFenton@fmglaw.com | www.fmglaw.com



CA | CT | FL | GA | KY | MA | NJ | NY | PA | RI
Please read this important notice and confidentiality statement

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

------------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.

# EXHIBIT 2

**Pyle, Jeffrey J.**

| | |
|---|---|
| **From:** | Pyle, Jeffrey J. |
| **Sent:** | Wednesday, August 25, 2021 2:09 PM |
| **To:** | 'Paul G. Boylan' |
| **Cc:** | Ben Dunlap |
| **Subject:** | RE: [EXTERNAL] RE: Assented To Stipulation and Proposed Order Governing Confidentiality of Materials Disclosed in Discovery.DOC (KOPPEL) |

Paul,
There is no protective order in place. The court's default protective order is intended for complex cases (this isn't one) and as a placeholder for the parties' filing of a protective order tailored to the particular case.

My client has never had an interest in a protective order for this case. He has not marked any documents "confidential." You have previously represented that your client does have such an interest, and have so marked certain documents. I have tried to work with you on this issue, including by redlining your proposed draft protective order. But now you tell me you don't intend to move for a protective order.

I agreed to certain temporary restrictions on the use of documents last week only because you were (in violation of the Court's order on the motion to compel) withholding production of records pending the entry of a protective order, and because you had sent me a draft. I understood from your proposal of that draft that you intended to move for a protective order. But now that you have told me otherwise, I no longer consider myself bound by the statements in my August 19, 2021 2:23 p.m. email. Consistent with professional obligations the documents produced will be used for purposes of this litigation as we deem appropriate.

Jeff

---

**From:** Paul G. Boylan [mailto:pboylan@fmglaw.com]
**Sent:** Wednesday, August 25, 2021 12:57 PM
**To:** Pyle, Jeffrey J. <JPyle@princelobel.com>
**Cc:** Ben Dunlap <bdunlap@fmglaw.com>
**Subject:** RE: [EXTERNAL] RE: Assented To Stipulation and Proposed Order Governing Confidentiality of Materials Disclosed in Discovery.DOC (KOPPEL)

I don't agree with that.   we have disclosed documents on a confidential basis relying on confidentiality.

You want unrestricted use of confidential documents which is at a minimum inconsistent with your April 16 request to file documents under seal . If the names of certain people are to be filed under seal when it suits your client, I don't understand any basis for uncontrolled distribution of confidential documents .

we do not agree that we need to secret protective order but if you file for a different protective order than the orders presently in place we will undertake to opposing cross move very promptly probably as early as the end of next week . I suggest you file your motion this week so I can see it while I am still here and we will undertake to get our opposition and cross motion out the door .

I think we can agree that we have conferred on both sides about this .

Ben who is copied on this will be the point person starting next week but he is fully up to speed .


**Paul G. Boylan**
**Freeman Mathis & Gary, LLP**
**60 State Street | Suite 600 | Boston, MA 02109-1800**
**D:** 617-963-5972 | **C:** 857-366-1169
pboylan@fmglaw.com | www.fmglaw.com



CA | CT | FL | GA | KY | MA | NJ | NY | PA | RI
Please read this important notice and confidentiality statement

---

**From:** Pyle, Jeffrey J. <JPyle@princelobel.com>
**Sent:** Wednesday, August 25, 2021 12:23 PM
**To:** Paul G. Boylan <pboylan@fmglaw.com>
**Subject:** [EXTERNAL] RE: Assented To Stipulation and Proposed Order Governing Confidentiality of Materials Disclosed in Discovery.DOC (KOPPEL)

Paul,
This is your client's issue, not ours. We have no particular desire for any protective order; I suggested a version as a compromise to alleviate your stated concerns. If you're going to reject that compromise outright and insist on your own version, then I suggest you file a motion this week, and we will oppose and suggest a more modest order. That way, the issue can be resolved in September and we can get on with discovery.

My offer of last Thursday not to use the documents you produced last week except in court filings pending entry of a protective order particular to this case was premised on the understanding that this protective order issue would be resolved with reasonable dispatch. At that point you had already given me a draft. Yet your email below now suggests that for some reason you won't file your own motion for a protective order until four weeks from now. I request that if you're going to ask for a protective order, you file your motion this week so the issue can be resolved in an appropriate period of time.

Jeff

---

**From:** Paul G. Boylan [mailto:pboylan@fmglaw.com]
**Sent:** Wednesday, August 25, 2021 11:25 AM
**To:** Pyle, Jeffrey J. <JPyle@princelobel.com>
**Subject:** Assented To Stipulation and Proposed Order Governing Confidentiality of Materials Disclosed in Discovery.DOC (KOPPEL)

No.  Is not acceptable .

I will be away next week. If you are filing a motion I  may need time  beyond September 17 to oppose.

We will  probably cross- move to ask the court to adopt ours.


**Paul G. Boylan**
Freeman Mathis & Gary, LLP
60 State Street | Suite 600 | Boston, MA 02109-1800
D: 617-963-5972 | C: 857-366-1169
pboylan@fmglaw.com | www.fmglaw.com



CA | CT | FL | GA | KY | MA | NJ | NY | PA | RI
Please read this important notice and confidentiality statement

**From:** Pyle, Jeffrey J. <JPyle@princelobel.com>
**Sent:** Wednesday, August 25, 2021 10:51 AM
**To:** Paul G. Boylan <pboylan@fmglaw.com>
**Subject:** [EXTERNAL] FW: Assented To Stipulation and Proposed Order Governing Confidentiality of Materials Disclosed in Discovery.DOC (KOPPEL)

Paul,
Will your client agree to the version of the protective order I circulated? I'd like to get a motion on file this week.
Jeff

# EXHIBIT 3

**Pyle, Jeffrey J.**

| | |
|---|---|
| **From:** | Pyle, Jeffrey J. |
| **Sent:** | Saturday, August 28, 2021 1:57 PM |
| **To:** | Paul G. Boylan |
| **Cc:** | Ben Dunlap |
| **Subject:** | Re: Local rule 7.1 |

Paul,

I intend to file the motion consistent with how I handled the motion to compel: filing under seal, with a public version that redacts victim identifying information.

Sent from my iPhone

On Aug 28, 2021, at 1:38 PM, Paul G. Boylan <pboylan@fmglaw.com> wrote:

Connection with the possible motion we discussed by phone yesterday we request you file any documents identifying any putatve reporter or victim under seal. We will assent to that sort of motion as we did on April 2.

There is no principled basis to treat this group of persons now any differently than you wanted them to be treated as of April 2.

Please confirm that you will do this in the event that you file any motion involving identification of these persons .

I will not be in the office but Ben will be able to confirm our assent.

This will not cause any delay because you are free to file a redacted copy in the ECF system.


Paul G. Boylan
Freeman Mathis Gary
60 State Street
Suite 600
Boston, Massachusetts
02109

**From:** slipopinionadmin@socialaw.net <slipopinionadmin@socialaw.net>
**Sent:** Friday, August 13, 2021 1:01:12 PM
**To:** Paul G. Boylan <pboylan@fmglaw.com>
**Subject:** [EXTERNAL] Today's Daily Slip Opinion Notification



### MGA and SLL ANNUAL GUARDIANSHIP CONFERENCE WEBINAR GUARDIANSHIPS, CONSERVATORSHIPS AND ALTERNATIVES THERETO

September 23 & September 30, 2021 from 9:00 a.m. – 12:00 p.m

PROGRAM FEE: $125 to attend both sessions. $75 to attend one day.

CPCS has approved this program for 3.0 credit hours per day for MHLD panels and for 1.5 hours for CAFL for Day 2 only.

**DETAILS & REGISTRATION**

**SUPREME JUDICIAL COURT SLIP OPINIONS**

**PARTIES:**
**HEARING DATE:**
**DECISION DATE:** August 13, 2021
*There are no Supreme Judicial Court decisions.*

**APPEALS COURT SLIP OPINIONS**

**PARTIES:**
**HEARING DATE:**
**DECISION DATE:** August 13, 2021
*There are no Appeals Court decisions.*

**NOTICE:** This notification of the slip opinions is provided by the Social Law Library. If you find a typographical error or other formal error in a decision, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108; (617) 557-1030.

Copyright © 1999 - 2021 Proprietors of the Social Law Library, Inc. All Rights Reserved.

Send comments or questions to Slip Opinion Manager

To update your preferences and to unsubscribe visit this link.
To forward a message to someone visit this link.