UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| JAMES KOPPEL, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 20-cv-11479-LTS |
| WILLIAM MOSES, | ) | |
| Defendant. | ) | |

### DEFENDANT WILLIAM MOSES'S PARTIAL OPPOSITION TO "MOTION TO FILE OPPOSITION MATERIALS UNDER SEAL"

Defendant William Moses submits this partial opposition to plaintiff James Koppel's "Motion to File Opposition Materials Under Seal." (Doc. No. 75). Koppel asks the Court to seal materials that he intends to file in opposition to Moses's Motion for Sanctions to the extent they reflect "confidential communications," or the names of alleged victims of Koppel's actions.

At the outset, Moses notes that Koppel has failed to file a timely opposition to Moses's Motion for Sanctions. On September 16, the Court allowed Koppel's assented-to motion to extend his time to file the opposition to September 28, 2021. (Doc. Nos. 69, 70). However, on that date, Koppel filed only his "Motion to File Opposition Materials Under Seal," and not the opposition itself. Accordingly, the Court may deem the Motion for Sanctions unopposed.

As for the specific requests in the motion to seal, Moses does not oppose an order permitting the redaction of victim names and identifying information that are contained in whatever untimely submission Koppel seeks to file. Such an order would be consistent with the Court's ruling on Moses's motion to seal his memorandum in support of his motion to compel, dated April 16, 2021. (Doc No. 42 (requiring Moses to file redacted copy of memorandum in

3914388

support of motion to compel with victim identifying information redacted)). However, Koppel has failed to demonstrate good cause to seal any other information in the opposition. In particular, Koppel has not established that any document he intends to submit in opposition to the motion for sanctions is "confidential" and thus deserving of impoundment. As Moses explained in his opposition to Koppel's motion for a protective order, any disclosed communications that Koppel sent or received concerning the issues addressed in the Motion for Sanctions appear to have been shared with various third parties, and therefore cannot be deemed "confidential." (Moses's Opposition to Koppel's Motion for Protective Order, Doc. No. 74 at 6-7).

Accordingly, Moses requests that the Court deny the present motion to the extent it requests the sealing of anything other than victim names or identifying information, and further requests that the Court allow the Motion for Sanctions in full.

                Respectfully Submitted,

                WILLIAM MOSES

                By his attorney,

                */s/ Jeffrey J. Pyle*
                Jeffrey J. Pyle (BBO #647438)
                jpyle@princelobel.com
                PRINCE LOBEL TYE LLP
                One International Place, Suite 3700
                Boston, MA 02110
                T: 617-456-8000
Date:  October 12, 2021      F: 617-456-8100

3

## **Certificate of Service**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 12, 2021.

                                                /s/ *Jeffrey J. Pyle*  
                                                Jeffrey J. Pyle

3914388