UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                   )
James Koppel,                      )
                                   )
            Plaintiff,             )
                                   )
     v.                            )
                                   )   Civil Action No. 1:20-cv-11479-LTS
William Moses,                     )
                                   )
            Defendant.             )
_____)

Opposition by Plaintiff to Not Yet Filed Motion by Defendant to File Reply

The plaintiff Koppel by counsel hereby opposes the October 21 request by the defendant to file a reply as to his motion for sanctions delivered to this Court on September 7.[1]

The document comprising the requested reply is, with one exception, not a reply. With one exception the proposed reply document does not address any issue not able to be anticipated and addressed at the time of the September 7 motion.

---

[1] The September 7 motion is not yet filed but was directly served because it is the subject of a request for leave to file under seal. Plaintiff opposed the September 7 motion by materials provided to the defendant on September 27 and directly filed with this Court on October 15. The opposition must be directly filed because the defendant has a pending motion for leave to file under seal.

The one new point raised is that the defendant correctly notes that there was a Rule 7.1 certification attached to the motion. Reply, note 1. The correction is immaterial. The opposition to the September 7 motion accurately described numerous issues as to which there was no adequate Rule 7.1 conference. See Exhibit A, attached Affidavit of Counsel ¶¶ 2, 3. If there had been an adequate Rule 7.1 conference many of the specific issues argued in the September 7 motion easily could have been addressed and possibly resolved. Id.

The proposed reply otherwise consists entirely of rebuttal of opposition arguments as to the identical issues raised in the September 7 memorandum. Rebuttal is not the same as reply. The text of the proposed reply consists of rebuttal points as to interrogatories 1, 4 and 5, all of which were explicit topics of the September 7 motion and memorandum. See September 7 memorandum, pp. 1-5, 15. The reply also argues yet again for sanctions. Id. Memorandum, pp. 5-6.

This putative reply should not be permitted. Nothing not able to be anticipated is addressed was raised there. Apart from that further briefing should be allowed because the September 7 motion purports to be conclusive in favor of defendant. It purports to expose horrific discovery abuse by plaintiff (e.g. "intentionally dishonest answers,"; memorandum, p. 18) worthy of dismissal. Id. p. 17. The September 7 memorandum plus supporting documents together comprise a total of 117 pages. If all of that was not enough the motion should not have been filed.

The putative reply introduces a new and inaccurate suggestion that in the August 27 telephone conference prior to the September 7 motion that plaintiff by counsel suggested that the not yet served motion possibly had merit. Reply, Exhibit 2, ¶ 7. That is incorrect. See Exhibit A attached, Affidavit ¶¶ 5, 6.

Plaintiff requests the motion to file a reply served directly with the Court on October 21 be denied and other appropriate relief.

Respectfully submitted,

James Koppel,
by his attorneys,

*/s/ Paul G. Boylan*

_____
Paul G. Boylan, BBO 052320
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
pboylan@fmglaw.com
Tel: (617) 963-5972

Dated: October 26, 2021

### Certificate of Service

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

Dated: October 26, 2021

*/s/ Paul G. Boylan*
_____