UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| James Koppel, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:20-cv-11479-LTS |
| William Moses, | ) | |
| | ) | |
| Defendant. | ) | |

Memorandum in Support of Motion to Permit Departure from
Two of the Limits in Local Rule 26.1.

Defendant by this motion requests that the parameters set in Local Rule 26.1 be adjusted to accommodate two forms of discovery requested by the plaintiff described below.

Local Rule 26.1 provides as follows:

Discovery Event Limitations. Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to 10 depositions, 25 interrogatories, 25 requests for admissions, and 2 separate sets of requests for production.

Discovery has been ongoing since December 2020. In that time the plaintiff has taken a first session of the deposition of the defendant for approximately four

hours. The defendant has not commenced the deposition of the plaintiff. Defendant has taken one very brief deposition of a non-party witness in July 2021.

Plaintiff by this motion requests that the numeric limits by Rule 26.1 be altered to allow the tailored discovery identified below, and that the numeric limits in that rule be modified in a practical way to suit the facts of a given case. This motion requests that numeric limits be expanded for specified purposes because that will result in other numerical limits in Rule 26.1 becoming virtually irrelevant for the moving party. If this motion is allowed the defendant thinks it extremely likely that it will not need anything close to the permitted limit of 10 depositions.

The primary defamations in dispute are two non-identical e-mails sent to slightly different audiences on February 27 and March 2, 2020 respectively.

There are two topics of this motion. The first is the requests for admissions, a copy of which is at Exhibit A.

i. <u>Requests for admissions</u>.

Plaintiff by this motion seeks to use requests for admissions to identify the details relevant to those two separate texts and the words used in those texts. The proposed requests for admissions are set forth at Exhibit A. They exceed 25 in number in order to permit detailed treatment of limited topics in a manner similar to what might be done in a deposition.

The requests are straightforward and all of them are relevant. See Exhibit A. Requests one through 80 address details as to the defamations. Numbers 80-109 are addressed to the lack of factual evidence supporting the defamations. Numbers 109-141 are addressed to the ill will which motivated the defamations. Ill will is relevant in defamation to defeat a defense based on a conditional privilege and also to show negligence or recklessness.

The requests for admissions are particularly appropriate because the defendant asserts that the alleged defamations here are on substantially true. Exhibit A is directed exactly to that topic. The admissions, or denials, will save time at all further stages. The requests involve numerous topics which very likely would be subject of statements of fact if either party moves for summary judgment.

Requests for admissions are far more efficient than deposition discovery as to the details of these defamations. Deposition questioning as to any fact related to a defamatory communication can easily lead to inconsequential colloquies (… I'm not sure exactly what I was thinking when I used particular word… ) [1] Candid answers to the requests for admissions avoid that issue.

---

[1] Moses at the first abbreviated session of his deposition at times avoided plain language:
    Page 6:
Q. Did you ever hang out or just spend casual time with [Koppel] when you were friends?
A. Can you clarify what is meant by "hang out"?
    Pages 87-88:

3

The requests for admissions attached as Exhibit A do not create any undue or improper burden. Most involve the use of words by this defendant, facts as to the knowledge of the defendant. and what he intended to communicate by the words used. None of them require commentary or research as to disclosed documents or any reference to any documents other than the defamations in question. The requests are drafted to allow for yes or no answers.

The requests for admissions are tailored to avoid lengthy and possibly inconclusive deposition testimony. If the request for admissions are allowed, the plaintiff will not need 12 hours to take the deposition of this defendant (the time agreed between counsel). The plaintiff also will not need to depose the allowed limit of 10 deposition witnesses set in Local Rule 26.1.

ii.   <u>The request for a third set of document requests</u>.

The request for a third set of document requests is innocuous. Local Rule 26.1 limits parties to two sets of document requests. The defendant has used two

---

(continued)
Q. … you sent this e-mail, correct?
A. It was sent on behalf of the Executive Committee.
Q. And it has your name at the top as the person who sent it?
A. It was sent by the Executive Committee. I am the person who clicked send.
   Page 88-89:
Q. … Is everything written in Exhibit 8 true and accurate?
A. What do you mean by "true and accurate"?

sets of document requests to propound 61 requests for documents. The plaintiff to date has used two sets of document requests to propound 32 requests.

Plaintiff requests leave to serve a third set of document requests in part because of information learned at a July 2021 deposition taken by the defendant. A copy of the requested third document request is attached as Exhibit B. If the third set of document requests is allowed, the plaintiff will have propounded 43 requests, still fewer than the 61 already propounded by the defendant.

## Conclusion

Plaintiff requests these modifications to Local Rule 29 be allowed. They do not threaten any improper or undue prejudice or burden. They are designed to efficiently obtain discovery tailored to the facts of this case.

The tailoring of this discovery is confirmable because if the requests for admissions are allowed, plaintiff will not be taking the ten depositions are allowed by Rule 29 and expects not to need the full 12 hours allocated for the deposition of the defendant alone.

***

Respectfully submitted,

James Koppel,
by his attorneys,

*/s/ Paul G. Boylan*
Paul G. Boylan, BBO 052320
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
pboylan@fmglaw.com
Dated: November 8, 2021                         Tel: (617) 963-5972

Certificate of Service

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

Date: November 8, 2021                          */s/ Paul G. Boylan*

Certification under Local Rule 7.1

Counsel for Koppel hereby certifies that he conferred with counsel for the defendant as to the issues raised in this motion by telephone on November 5 and that the two discussed the issues raised by this motion. The attorney for the plaintiff made limited modifications to the requests to for admissions but otherwise the parties were not able to resolve the core dispute.

Date: November 8, 2021                          */s/ Paul G. Boylan*