UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES KOPPEL, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM MOSES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )     No. 20-cv-11479-LTS <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT WILLIAM MOSES'S OPPOSITION TO
"MOTION TO PERMIT DEPARTURE FROM
TWO OF THE LIMITATIONS IN LOCAL RULE 26.1 (CORRECTED)"**

<u>INTRODUCTION</u>

Defendant William Moses submits this opposition to plaintiff James Koppel's "Motion to Permit Departure from Two of the Limitations in Local Rule 26.1 (Corrected)," Doc. No. 93. Koppel's "corrected" motion for this relief differs from his earlier motion (Doc. No. 88) only in that the motion now includes Koppel's signature, as required by Local Rule 26.2(B)(2). Koppel did not withdraw his original motion, however, nor did he file a memorandum in support of Doc. No. 93. Instead, Koppel refers the Court to his earlier memorandum, Doc. No. 89.

To the extent the Court deems this procedure permissible and treats Koppel's earlier memorandum, Doc. No. 89, as the memorandum in support of his corrected motion, Doc. No. 93, the motion should be denied for the reasons set forth below. Koppel's motion asks for special permission to serve 141 requests for admission on Moses – almost six times the standard limit of 25 – as well as a third set of requests for production of documents. It should be denied because Koppel has not satisfied the prerequisites for seeking such relief, nor has he shown good cause.

4014610

ARGUMENT

I. KOPPEL'S MOTION IS PREMATURE BECAUSE HE HAS NOT EXHAUSTED THE OPPORTUNITIES FOR REQUESTS FOR ADMISSIONS ALLOWED BY THE LOCAL RULES.

Local Rule 26.1(c) places limits on discovery events in accordance with Fed. R. Civ. P. 26(b)(2). Together, the rules seek "to enable the court to keep tighter rein on the extent of discovery," making civil litigation more cost-effective. *See* Commentary to Fed. R. Civ. P. 26. Among other things, Local Rule 26.1 limits parties to 25 requests for admissions and two sets of requests for production of documents, absent leave of court. Local Rule 26.1(c).

A party may seek leave to exceed the limits in Local Rule 26.1(c), but only if he satisfies the requirements of Local Rule 26.2. Those requirements are:

> Further Discovery. <u>Should a party exhaust the opportunities for any type of discovery events under L.R. 26.1(c)</u>, any requests that such party may make for additional interrogatories, depositions, admissions or the production of documents beyond that allowed pursuant to L.R. 26.1(c) shall be by discovery motion. All requests for additional discovery events, extensions of deadlines, for the completion of discovery or for postponement of the trial must be signed by the attorney and the party making the request.

Local Rule 26.2(B)(2) (emphasis supplied).

By its plain terms, "Local Rule 26.2(B)(2) . . . requires a party to exhaust available discovery *before* seeking leave for additional discovery events." *Whittingham v. Amherst Coll*., 163 F.R.D. 170, 171 (D. Mass. 1995) (emphasis in original) (denying request to exceed deposition limits before the ten deposition afforded by the rules were taken, and stating that "[i]f necessary, the issue can be revisited when and if the Plaintiff has reached the limit, provided that he can demonstrate good cause . . . .") This rule permits courts, when assessing request to exceed the limits, to "determine the cumulative effect of the proposed discovery." *Id.*

Koppel's motion for leave to serve 141 requests for admissions is improper because he has not first "exhaust[ed]" the 25 requests for admission available to him under Local Rule 26.1(c). That failure alone requires denial of Koppel's request for leave to demand more admissions form Moses.

II.     KOPPEL HAS NOT ESTABLISHED GOOD CAUSE TO EXCEED THE DISCOVERY EVENT LIMITATIONS.

Independent of these fatal procedural defects, Koppel has failed to demonstrate good cause for the relief he seeks. To obtain an order exceeding discovery event limitations, Koppel must "demonstrate good cause consistent with the principles underlying Rule 26(b)(2)." *Whittingham*, 163 F.R.D. at 172. Those principles include cutting back on "[w]ide-ranging discovery" and ensuring discovery is not used as "instrument for delay or suppression." *Id.*

Koppel's motion does not even attempt to satisfy this standard. He makes no effort to explain why this case is so complex that he should be able to serve nearly six times the number of requests for admissions that are permitted under the rule. Local Rule 26.1(c). That is because no such justification is possible. This is a straightforward defamation case. It centers on the question of whether an email sent on March 2, 2020, stating that Koppel had been asked to leave a student club because he had made other people uncomfortable, is false and defamatory.

Even a cursory review of the proposed requests for admission, which are attached to Koppel's initial memorandum, shows that many of them are worthless. Primarily, they ask Moses to agree with Koppel's characterizations (or mischaracterizations) of emails and other documents that speak for themselves. To fully answer them under Fed. R. 36, Moses would be required to admit to the portions of the requests that accurately describe the text of documents, deny the portions that do not accurately summarize the documents, or "state in detail" why

3

Moses cannot truthfully admit or deny the request as written. Fed. R. Civ. P. 36(a)(4). This is make-work.

Other requests are improper because they ask Moses to testify to the state of mind of third parties. For example:

> 53. The person who told Moses she found Koppel "subtly-off putting" used those words to make clear that Koppel had not ever touched her arm or elbow in a way that was not appropriate.
>
> 54. The person who told Moses she found Koppel "subtly-off putting" used those words to make that [sic] she did not think Koppel had sexually harassed her.
>
> \* \* \*
>
> 98. The friend gave Koppel the hug because she was a friend of Koppel and "did not want to make a big deal about it."
>
> 99. The friend was also sometimes uncomfortable because Koppel would pat her on the head.
>
> 100. The friend at the time of the hug did not believe that Koppel had sexual intentions towards her.
>
> 101. The friend did not believe that Koppel ever touched her in a way that was sexual in nature.

(Requests for Admission, Doc. No. 89-1). Obviously, Moses cannot "admit or deny" why another person used certain words in written communications, or whether or not a third party thought Koppel touched her because he "had sexual intentions."

Koppel's proposed 141 requests for admissions illustrate why the rule limiting such requests to 25 is a good thing. Without such limits, a party has no reason to draft requests thoughtfully, with an eye toward discovering relevant and discoverable facts. For this reason, the motion as to requests for admissions should be denied.

Koppel has also failed to show good cause to serve a third request for production of documents. A review of the requests show that they bear little if any relevance to the primary issues in this defamation case: whether Moses made a false statement of fact about Koppel that harmed his reputation. Rather, they are geared toward such matters as communications about the student club's written "constitution" (Request 40), complaints about people other than Koppel (Requests 33-34), plans to present a lecture (Request 39), and work product of counsel (Request 37). Koppel again has failed to demonstrate any entitlement to special relief.

## CONCLUSION

For the foregoing reasons, Plaintiff's "Motion to Permit Departure from Two of the Limitations in Local Rule 26.1 (Corrected)" should be denied.

Respectfully Submitted,

WILLIAM MOSES

By his attorney,

/s/ Jeffrey J. Pyle
Jeffrey J. Pyle (BBO #647438)
jpyle@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
T: 617-456-8000
F: 617-456-8100

Date:  December 13, 2021

## Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 13, 2021.

/s/ Jeffrey J. Pyle
Jeffrey J. Pyle

4014610