```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


JAMES KOPPEL,

              Plaintiff,

        v.                          No. 20-cv-11479-LTS

WILLIAM MOSES,

              Defendant.
```

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS COUNT V OF THE AMENDED COMPLAINT

CABELL, U.S.M.J.

Plaintiff James Koppel ("Koppel") contends that defendant William Moses ("Moses") defamed him and had him removed from a student group at the Massachusetts Institute of Technology ("MIT"), where both were students, to punish him for certain statements he had made. Following prior litigation, the operative amended complaint ("complaint") asserts a claim for defamation and for violation of the Massachusetts Civil Rights Act ("MCRA"), M.G.L. c. 12, §§ 11(H) and (I). Moses moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the MCRA claim for failure to state a valid claim. (D. 59). The matter has been fully briefed and referred to this court for a report and recommendation. For the

reasons stated below, I recommend that the motion to dismiss be granted.

## I. RELEVANT FACTS

The relevant facts are drawn from the complaint, the well-pleaded allegations of which are taken as true for purposes of evaluating the motion to dismiss. *See Ruivo v. Wells Fargo Bank, N.A.*, 766 F.3d 87, 90 (1st Cir. 2014).

Koppel and Moses at one point were friends and fellow MIT graduate students. (D. 54, ¶¶ 2, 6). Both belonged to a student-run computer science club called the Student Information Processing Board ("SIPB"), which Moses was the Chair of at all relevant times. (D. 54, ¶ 18).

On February 10, 2020, a "keyholder"[1] SIPB member stated during a meeting "that Koppel should not be made keyholder because he had made a political comment in a chatroom the preceding September, stating something that [this individual] disliked." (D. 54, ¶ 17). Consequently, on February 27, 2020, Moses told Koppel that he "was being expelled" from SIPB because his public political statements had made some SIPB members "uncomfortable." (D. 54, ¶ 25).

---

[1] A keyholder in SIPB is a member recognized for significant participation and contributions to SIPB. Keyholders are nominated and elected by existing keyholders. Keyholder status is desirable because it entitles one to be elected to the executive committee and to other positions of responsibility. Koppel had been working toward keyholder status since 2018. (D. 54, ¶¶ 14-16).

Moses sent an email the same day to a group of approximately 140 SIPB keyholders from at least the preceding twenty years and indicated in it that Koppel was being removed from SIPB for reasons of sexual harassment. (D. 54, ¶ 31). Then, on March 2, 2020, Moses sent another email to a larger distribution list of between 500 and 700 SIPB-affiliated persons, stating that Koppel had made many keyholders "deeply uncomfortable" and for that reason had been requested to no longer participate in SIPB activities. (D. 54, ¶¶ 34, 35).

## II.  STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (quoting *Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 5 (1st Cir. 2011)). To survive such a motion, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "obligation to provide the grounds of [the plaintiff's] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quotation marks and

alteration omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (internal citations omitted).

### III.  DISCUSSION

"To state a claim under the MCRA, a plaintiff must show that (1) his exercise or enjoyment of rights secured by the constitution or laws of either the United States or the Commonwealth of Massachusetts (2) has been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by threats, intimidation or coercion." *Amirault v. City of Malden*, 241 F. Supp. 3d 288, 304 (D. Mass. 2017) (quoting *Farrah ex rel. Estate of Santana v. Gondella*, 725 F. Supp. 2d 238, 247 (D. Mass. 2010)). Although a plaintiff must show that a defendant acted intentionally, it is not necessary to show that he acted specifically to deprive the plaintiff of the secured right at issue. Rather, it is enough if the plaintiff can show that the "natural effect" of the defendant's (intentional) conduct was to interfere with the plaintiff's enjoyment of a secured right. *See Redgrave v. Boston Symphony Orchestra, Inc.*, 399 Mass. 93, 100 (1987) (MCRA may be violated "regardless of whether the defendant specifically intended to interfere with a right to which the

plaintiff is entitled"); *Breault v. Chairman of Bd. of Fire Comm'rs. of Springfield*, 401 Mass. 26, 36 n. 12 (1987) (actor must desire "to cause consequences of his act," but "'specific intent' is not essential to violation of [the MCRA]").

Koppel contends here that Moses defamed him and had him removed from SIPB "to punish and intimidate" him for his speech, and this conduct in turn interfered with Koppel's right to engage in protected speech, because it caused him to exercise "near-total self-censorship" and "disrupt[ed] his freedom to speak and his ability to engage in associations for protected activity." As apparent examples, Koppel alleges that he was hesitant to "like" a "slightly political statement by a friend on social media," and "declined an invitation to appear on the Fox News show *The Ingraham Angle* to speak about a matter of public interest." (D. 54, ¶¶ 76, 86). Koppel contends that Moses' conduct could be viewed as either a threat or an act of intimidation or coercion.

In moving to dismiss, Moses argues that the complaint fails to allege sufficient facts to show that he used a threat or intimidation or coercion within the meaning of MCRA. He argues further that Koppel's expulsion from SIPB is not a serious enough harm to support a MCRA claim. Finally, he argues that the facts fail to allege any interference with a protected constitutional

5

right.  Of these, the court agrees with the first and third arguments:  the complaint (as framed) fails to allege sufficient facts to show a threat, intimidation, or coercion within the meaning of the MCRA, and fails as well to allege facts showing that the natural effect of the defendant's conduct was to interfere with the plaintiff's right to thereafter engage in the referenced protected speech activities.

To begin, the Massachusetts Supreme Judicial Court (SJC) has defined the terms "threat," "intimidation," or "coercion" for purposes of the MCRA.  A 'threat' "involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm;" 'intimidation' involves putting one "in fear for the purpose of compelling or deterring conduct;" and 'coercion' involves "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." *See Planned Parenthood League v. Blake*, 417 Mass. 467, 474 (1994) (quoting *Deas v. Dempsey*, 403 Mass. 468, 471 (1988)).  Inherent in all three qualifying actions is that the conduct must compel the plaintiff to do something he is not lawfully required to do or to refrain from doing something he is entitled to do.  *See Swanset Development Corp. v. City of Taunton*, 423 Mass. 390 (1996).

Applied here, the complaint fails to allege a threat because it contains no allegation that Moses exerted pressure on Koppel to make Koppel "fearful or apprehensive *of injury or harm*," or that Koppel ever felt fearful of injury or harm.  In this regard, the SJC has stressed that a MCRA claim based on a threat will almost always require proof of a potential *physical* confrontation.  *See Planned Parenthood*, 417 Mass. at 473 (MCRA claim based on threat requires proof of actual or potential physical confrontation accompanied by a threat of harm); *Bally v. Northeastern Univ.*, 403 Mass. 713, 719-720 (1989) (same).  As the complaint makes no such allegations and, on the contrary, reflects that Moses did not ever use physical force in dealing with Koppel, it follows that it fails to adequately assert a threat under the statute.

With respect to intimidation, the complaint also falls short because it fails to allege facts suggesting that Moses sought to place Koppel in fear to deter Koppel from engaging in any conduct.  Koppel does contend that Moses wished to "punish and intimidate" him, but he notably contends the punishment was for things Koppel had previously said, that is, for his past conduct.  This matters because a putative MCRA plaintiff must show that a defendant acted to prevent the plaintiff from exercising protected speech rights in the future, not merely to retaliate against him for previous

statements. *See, e.g., Eck v. Neal*, No. 14-CV-13693 ADB, 2017 WL 4364171, at *7 (D. Mass. Sept. 29, 2017) (plaintiff must demonstrate that defendant used threat to prevent him from exercising free speech rights in the future, not merely to punish for previous statements); *Barbosa v. Conlon*, 962 F. Supp. 2d 316, 332 (D. Mass. 2013) (even assuming defendant's conduct was coercive, complaint still must allege for MCRA purposes that conduct was to coerce plaintiff into thereafter refraining from exercise of a secured right).

Finally, the complaint for similar reasons fails to allege that Moses coerced Koppel within the meaning of the MCRA. Koppel alleges that Moses smeared him and had him removed from SIPB in retaliation for his prior speech, but notably does not allege that Moses acted to deter Koppel from thereafter engaging in similar conduct with anyone or any entity within or outside the MIT campus.

In sum, even crediting the complaint's allegations as true, that is, even assuming that Moses "punished" Koppel for prior statements Koppel had made by making defamatory comments about Koppel and having him expelled from SIPB, that conduct fails to constitute a threat or act of intimidation or coercion within the meaning of the MCRA.

More, even assuming *arguendo* Moses' conduct were deemed sufficient to constitute one of the three requisite acts, the complaint would still fail to state a valid MCRA claim because it fails to allege facts showing that the "natural effect" of Moses' conduct was to interfere with Koppel's ability to engage in certain protected speech as alleged. *See, e.g., Redgrave*, 399 Mass. at 100 (noting need to show that alleged deprivation of secured right was natural effect of coercive act). In this regard, the complaint simply goes too far. It might be reasonable to believe that a person in Koppel's position, after being criticized and expelled from a student organization for verbal harassment, might be somewhat reluctant for a period of time to engage in certain activities *at MIT*, but the complaint here alleges far more broadly that the effect of Moses' conduct was to cause Koppel to exercise "near-total self-censorship" with respect to activities far beyond the university campus or community, to such a degree that he was hesitant to "like" a "slightly political" posting on social media or appear on a national television show. It is not self-evident to this court that Moses' conduct might naturally cause Koppel to withdraw from social life outside of MIT to the far-reaching extent he claims it did, and the complaint asserts no additional or specific facts to plausibly permit one to see Koppel's reaction as

anything other than an overreaction. In the absence of additional facts that might help one see Koppel's severe reaction as a natural consequence of his expulsion from SIPB, the MCRA claim, to this court, is too strained to go forward. *Cf., Brunelle v. Lynn Public Schools*, 433 Mass. 179, 183 (2001) (noting that MCRA claim fails absent proof that "natural effect" of defendant's conduct was to cause plaintiff to forgo enjoyment of claimed violated right).[2]

## IV.  CONCLUSION

For the foregoing reasons, I recommend that the Defendant's Motion to Dismiss Count V of the Amended Complaint (D. 59) be granted.[3]

---

[2] In light of the court's conclusion, it is not necessary to consider Moses' additional argument that Koppel's expulsion from SIPB was not serious enough to support a MCRA claim. Moses cites to the SJC's decision in *Bally* for the proposition that excluding a college student from participating in a college activity, without more, is insufficient to constitute a *threat* under the MCRA. *See Bally*, 408 Mass. at 720. *Bally* is not particularly instructive here, however, where it relates only to whether conduct amounted to a *threat* under the MCRA (as opposed to intimidation and/or coercion), and Koppel regardless alleges that Moses defamed him in addition to excluding him from SIPB.

[3] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: February 14, 2022

---

F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).