```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


JAMES KOPPEL,              │
                           │
          Plaintiff,       │
                           │    No. 20-cv-11479-LTS
     v.                    │
                           │
WILLIAM MOSES,             │
                           │
          Defendant.       │
```

**PROTECTIVE ORDER**

The parties anticipate that discovery in this matter may involve the production of confidential and/or sensitive private information by all parties, and potentially by non-parties, for which special protection from public disclosure and from use for any purpose other than prosecuting the claims in this litigation is warranted.  Since the parties have not been able to agree upon the terms of one, the court issues the following Protective Order to address the treatment of confidential and/or sensitive materials:

1.  With respect to the documents that may be produced through discovery and identified by any of the parties as exempt from public disclosure, the party producing such documents shall identify or otherwise indicate such documents as being "Confidential Information," if that party reasonably believes that disclosure of the document would compromise the confidentiality of

such information or the privacy of an individual. Documents containing such confidential information shall be marked as follows: "CONFIDENTIAL".

2. As to the Confidential Information produced or revealed pursuant to Paragraph 1, the parties and their attorneys shall use such Confidential Information only for purposes of this litigation and for no other purposes, and shall not disclose such Confidential Information except to the following described groups of persons:

a. The Court, *in camera* or filed under seal, and not through public ECF;

b. Attorneys of record for the parties, including their employees or contractors directly assisting said attorneys of record and the parties;

c. Court reporters and/or videographers who are retained to transcribe or video record testimony in this action;

d. Deponents, and actual or potential witnesses in this action, who shall be advised of and shall agree to the confidentiality requirements hereof in advance of being provided any Confidential Information;

e. Mediators or other persons engaged in alternative dispute resolution, who shall be advised of and shall agree

2

to the confidentiality requirements hereof in advance of being provided any Confidential Information;

f. Experts or potential experts for the parties, who shall be advised of and shall agree to the confidentiality requirements hereof in advance of being provided any Confidential Information. The experts shall be instructed that any report issued, prepared, or compiled that relies on or contains Confidential Information shall be deemed itself Confidential Information and shall not be disclosed to any person other than those specified herein.

3. Each of the individuals referred to in Paragraphs 2(d), (e), and (f) to whom Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order and his or her obligations pursuant to this Order, and he or she shall agree to be bound by the terms of this Order.

4. The Confidential Information may be disclosed to deposition witnesses during and in preparation for their depositions, and they may be questioned with respect to such Confidential Information during oral depositions; provided that, to the extent that the transcript of any deposition or the exhibits thereto incorporate the Confidential Information, such transcript

and any such exhibit shall be subject to the terms of this Protective Order in the same manner as Confidential Information.

5. Inadvertent failure to designate information or documents as "Confidential" pursuant to this Order at the time of production or disclosure may be remedied by supplemental written notice given by the designating party. Upon receipt of such notification, all documents, materials, or testimony so designated or re-designated shall be fully subject to this Order as if they had been initially so designated.

6. The parties agree that if any party inadvertently produces any documents, information, or electronically-stored information that is subject to a claim that it is protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity, within a reasonable time after the party discovers or learns of the inadvertent disclosure, that party shall make a written request to the other party to return the inadvertently produced document(s) that is purportedly privileged or protected from disclosure or production. Upon receiving such notice, all parties who received the inadvertently produced document(s) shall return and/or destroy the document and any copies, including any electronic copies. If the receiving party disputes that the document(s) are protected by the attorney-client

privilege, work-product doctrine, or any other privilege or immunity, the party may retain the document(s) until such dispute is resolved but may not review, use, or disclose information from the document(s), may not make or save copies of the document(s), and must treat the information as protected and privileged. The party disputing the protection or claim of privilege may seek relief from the Court in accordance with the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Massachusetts. Any inadvertent production of document(s) subject to the attorney-client privilege, work-product doctrine, or other privilege or protection from disclosure does not constitute a waiver of the privilege, including with respect to the particular document(s) at issue and with respect to the subject matter.

7.  If a party wishes to file or submit to the Court any Confidential Information, the party must file that information with the Court under seal by a motion to impound pursuant to Local Rule 7.2. Such information may not be filed electronically through ECF or otherwise in the Court's public docket unless or until (a) the party that designated the information as Confidential has consented in writing, or (b) the Court denies a motion to impound.

8. The use of the Confidential Information at trial shall be determined by the trial court.

9. Upon final termination of the above-entitled action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Information shall continue to be binding upon all attorneys of record, their employees, deposition witnesses, experts, and others, unless the document becomes part of the public record at trial. Further, upon final termination of the above-entitled action and any related appeals, the original Confidential Information (except that which becomes part of the public record at trial) including those portions of deposition transcripts and deposition exhibits containing the Confidential Information, and also including any copies made of the original Confidential Information, shall be returned to the party providing such Confidential Information upon their request within sixty (60) days. The parties may, within the same sixty (60) day period, agree to the destruction of the Confidential Information with a certificate attesting to such destruction. Notwithstanding the foregoing, counsel for the parties may maintain in their case file copies of documents, even if such documents contain Confidential Information.

10. This Order may be modified by further order of this Court upon application to the Court with notice.

11. Parties subject to this Protective Order shall not disclose the Confidential Information to anyone except as identified herein.

12. If any party seeks to establish that documents or information or categories of information designated as confidential are not entitled to such status and protection, counsel for that party shall inform counsel for the other party, providing such information and the basis for the objection. Within ten days thereafter, if the parties have not resolved the dispute, the parties shall bring the matter to court for resolution. The party designating the document confidential bears the burden of establishing that a protective order concerning such documents or information is appropriate.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: March 3, 2022

**APPENDIX 1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES KOPPEL,<br><br>       Plaintiff,<br><br>       v.<br><br>WILLIAM MOSES,<br><br>       Defendant. | No. 20-cv-11479-LTS |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I certify that I have read the Protective Order ("Protective Order") in the above-captioned case and that I understand the terms of the Protective Order. I recognize that I am bound by the terms of the Protective Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the District of Massachusetts for any proceeding involving enforcement of the Protective Order.

Name: _____

```
Job Title/Employer: _____

Business address: _____

_____

Date: _____

Signature: _____
```