UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES KOPPEL,<br><br>             Plaintiff,<br><br>         v.<br><br>WILLIAM MOSES,<br><br>             Defendant. | No. 20-cv-11479-LTS |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL (#34)**

CABELL, U.S.M.J.

    Plaintiff James Koppel ("Koppel") has moved to compel defendant William Moses ("Moses") to disclose certain documents that have been withheld from production or produced in redacted form on the ground that the documents are attorney-client privileged and/or work product. (D. 34). Following an *in camera* inspection of the documents, the court rules as follows:

    <u>Privilege Log (PL) Entry #8</u>

    This document consists of a direct message exchange dated 3/7/20 in which Moses and other Student Information Processing Board (SIPB) executive committee members talk generally about the lawsuit. Moses previously produced this document but redacted a statement by one of the SIPB members. Moses asserts that the communication comes within the scope of the attorney-client

privilege because the SIPB executive members were within his "magic circle" of privilege, but the court finds no basis to agree with that assessment, particularly where Moses has otherwise produced the entire stream of conversation and nothing about the redacted statement clearly distinguishes it from the other statements. The document therefore shall be produced in its entirety.

PL #13

This document dated 3/8/20 consists of an email from Moses to a number of MIT administrators. He also copies on the email attorney Jaren Wilcoxson from MIT's Office of General Counsel, and a number of SIPB members. The email was withheld on the basis of the attorney-client privilege and the work product doctrine, but neither is ostensibly applicable here where Moses sent the email to several people who were neither his attorney or a co-defendant, and he moreover indicates in the email that the content is "more relevant" for MIT's Division of Student Life Office than the Office of General Counsel. It therefore is not shielded from disclosure and shall be produced.

PL #29

This document dated 3/10/20 consists of a direct message exchange between Moses and other potential co-defendants, regarding their response to Koppel's demand letter. These

communications, which were previously redacted, are protected from disclosure by virtue of the work product doctrine and need not be produced.

### PL #44

This document dated 7/6/20 consists of a direct message exchange between Moses and an SIPB executive committee member who by this time was no longer a putative defendant in any anticipated lawsuit. The defendant produced most of the exchange but redacted a small portion reflecting that he had been in contact with another attorney and provided them with some materials. Although the assertion references the defendant's contact with an attorney, that fact without more is insufficient to bring it within the scope of the attorney-client privilege. The email shall be produced in unredacted form.

### PL #45

Similar to the communication referenced immediately above, this document dated 7/6/20 is a direct message exchange between Moses and an SIPB executive committee member. The defendant produced most of the exchange but redacted a small portion appearing to reflect the defendant's thoughts regarding a particular issue in the case. As the communication is not one between the defendant and his attorney or someone acting at the

behest of his attorney, it is not covered by the attorney-client privilege and therefore shall be produced in its entirety.

### PL #46

This document dated 7/6/20 consists of a direct message exchange between Moses and the same SIPB executive committee member referenced above. The defendant produced most of the exchange but redacted a small portion reflecting a communication the defendant was considering sending to his attorney. For the reasons noted above, the redacted portion is not protected by the attorney-client privilege and shall be produced.

### PL #47

This document dated 7/6/20 is also a direct message exchange between the defendant and the same SIPB executive committee member. The defendant makes a number of assertions relating to the lawsuit but none are protected by the attorney-client privilege for the reasons noted above. The exchange shall therefore be produced in its entirety.

### PL #48

This document dated 7/6/20 is a direct message exchange between Moses and another SIPB keyholder. Moses produced most of the exchange but redacted a portion reflecting his intention to speak with MIT's Office of General Counsel. For the reasons noted

above, the redacted portion is not protected by privilege and shall be produced.

### PL #50

This document dated 7/6/20 is an email that Moses sent to himself, and also sent to Attorney Wilcoxson, two MIT administrators, and a group email address ostensibly including SIPB members. The email was withheld on the basis of the attorney-client privilege and the work product doctrine. The communication does relate to the lawsuit, but it is not privileged where it was voluntarily shared with third parties, and it is also not protected by the work product doctrine where there is no indication the recipients were part of the legal team defending the suit. The email therefore shall be produced.

### PL #52

This document dated 7/7/20 consists of an email exchange between Moses' MIT attorney and another MIT administrator, conveying the attorney's interest in meeting to discuss the suit. In responding, the MIT administrator copies Moses, another MIT administrator, and SIPB executive committee members. Moses withheld the email from production based on the attorney-client privilege but the privilege does not apply where the email is not an attorney-client communication and was in any event apparently

shared simultaneously with several other persons. The document therefore shall be produced.

### PL #53

This document dated 7/7/20 consists of an email between two MIT administrators. The administrator sending the email also copies Moses, his attorney, and other SIPB members. The email was withheld from production based on the attorney-client privilege, but the privilege does not apply where the communication is not in fact between Moses and his attorney and was shared with others. The email therefore shall be produced.

### PL #54

This document dated 7/7/20 is an email from MIT's attorney to Moses and two MIT administrators who do not work in MIT's General Counsel's office but who do appear to be part of a small group focusing on the suit. The document was withheld from production based on the attorney-client privilege and the work product doctrine. The email arguably is not protected by the attorney-client privilege, but it does appear to have been drafted in anticipation of litigation, and therefore is protected from disclosure under the work product doctrine.

PL #55

This document dated 7/8/20 is an email from Moses to attorney Wilcoxson, copying Moses and two MIT administrators. The document was withheld from production based on the attorney-client privilege and the work product doctrine. Similar to the email referenced directly above, the email is not protected by the attorney-client privilege but arguably does fall within the scope of the work product doctrine where its content reflects that it was created as a result of the suit and in anticipation of further litigation. The email may be withheld from disclosure.

PL #56

This document dated 7/12/20 consists of handwritten notes made by Moses while communicating with an attorney. The defendant produced the notes with redactions. The redacted notes do reflect case-related communications between the defendant and an attorney and therefore are privileged and do not need to be produced. Even if not privileged, the notes would be protected from disclosure by the work product doctrine.

*So Ordered.*                                       /s/ Donald L. Cabell
                                                    DONALD L. CABELL, U.S.M.J.

DATED:   March 18, 2022