UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES KOPPEL,

        Plaintiff,

        v.               No. 20-cv-11479-LTS

WILLIAM MOSES,

        Defendant.

## MEMORANDUM AND ORDER ON PLAINITFF'S MOTION TO PERMIT A DEPARTURE FROM TWO OF THE LIMITATIONS IN LOCAL RULE 26.1

CABELL, U.S.M.J.

The plaintiff James Koppel ("the plaintiff") moves for leave to depart from two discovery limitations in Local Rule 26.1(c). (D. 93). Specifically, he seeks to propound 141 requests for admission and a third set of document requests. (D. 93, 89-1). The defendant William Moses ("the defendant") opposes the motion. (D. 97). With briefing complete, the matter is ripe for review. For reasons stated below, the motion (D. 93) is denied.

### I. BACKGROUND

By virtue of prior rulings (D. 98, 101), the only remaining count in an amended complaint is Count I for defamation. (D. 54). Familiarity with the record is presumed inasmuch as a

Report and Recommendation sets out the factual allegations in the amended complaint. (D. 98, pp. 2-3). Briefly stated, the defendant's transmission of purportedly false and defamatory emails about the plaintiff on February 27 and March 2, 2020, provides the basis for the claim. (D. 54, ¶¶ 31-35, 82). A March 12, 2020, purported retraction repeats the March 2 defamatory communication. (D. 36, 82).

Turning to the parties' arguments, the plaintiff submits that the requests for admission will "avoid lengthy and possibly inconclusive deposition testimony" by the defendant and "are far more efficient than deposition discovery." (D. 89, pp. 3-4). The plaintiff previously deposed the defendant for four hours (D. 64, p. 2), and the plaintiff's and the defendant's counsel agreed to allow 12 hours to conduct the defendant's deposition. (D. 89, p. 4). If this court allows the 141 requests for admission, the plaintiff expects he "will not need" the full 12 hours to depose the defendant. (D. 89, p. 5). The plaintiff's need for a third set of document requests purportedly arises "in part because of information learned at a July 2021 [nonparty] deposition." (D. 89, p. 5). The plaintiff also argues that his 43 document requests, inclusive of the third set of document

requests, are "still fewer than" the defendant's 61 document requests. (D. 89, p. 5).[1]

The defendant contends "[t]his is a straightforward defamation case" and that the plaintiff "makes no effort to explain why this case is so complex that" it warrants 141 requests for admission. (D. 97, p. 3). As to the additional document requests, the defendant asserts they "bear little if any *relevance* to the primary *issues* in this defamation case." (D. 97, p. 5) (emphasis added). Although the defendant makes these arguments in the context of a broader argument that the plaintiff fails to demonstrate good cause (D. 97, pp. 3-5), the arguments implicitly encompass the principle in Fed. R. Civ. P. 26(b)(1) ("Rule 26(b)(1)") that the requests are not "*relevant* to" the defamation claim "and proportional to the needs of the case, considering . . . the importance of the discovery in resolving the *issues*." Fed. R. Civ. P. 26(b)(1) (emphasis added). The defendant separately argues that the plaintiff's entreaty for 141 requests for admission is premature because Local Rule 26.2(b) requires the plaintiff to first exhaust "the 25 requests for admission" allowed under Local Rule 26.1(c). (D. 97, pp. 2-3).

---

[1] The plaintiff's memorandum refers to 43 document requests. (D. 89, p. 5). The requests in the third set begin at number 33 and end at number 42. (D. 89-1). The numerical discrepancy is immaterial.

3

## II.  DISCUSSION

Absent permission of "the judicial officer," which includes this court, *see* L.R. 81.2, Local Rule 26.1(c) limits the plaintiff to "25 requests for admissions, and 2 separate sets of requests for production."  L.R. 26.1(c); *see* Fed. R. Civ. P. 26(b)(2)(A) ("court may . . . limit the number of requests [for admission] under Rule 36" by "local rule").  Even if not forthrightly stated by the defendant, this court "must limit the frequency or extent of proposed discovery, on motion or *on its own*, if it is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment (emphasis added); Fed. R. Civ. P. 26(b)(2)(C) ("on its own, the court must limit . . . extent of discovery" if proposed discovery is outside the scope permitted by Rule 26(b)(1)")).  Rule 26(b)(1) instructs that "[p]arties may obtain discovery" of nonprivileged matters "relevant to" a claim "and proportional to the needs of the case" taking into consideration certain factors.  Fed. R. Civ. P. 26(b)(1); *see Gillenwater v. Home Depot, Inc.*, Civil No. 20-10338-DJC, 2021 WL 6206995, at *1 (D. Mass. Nov. 23, 2021) (listing "[f]actors . . . considered in weighing proportionality" under Rule 26(b)(1)).

Significant to the case at bar, the factors include "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

4

likely benefit." Fed. R. Civ. P. 26(b)(1). As pointed out by the defendant, the issues in this case are straightforward and not complex. (D. 97, p. 3). Indeed, the single remaining count pertains to a few discrete and purportedly defamatory communications the defendant published in February and March 2020. (Docket Entry # 54, p. 22). In a prior filing, the plaintiff concurs that "[t]he core issues are relatively simple." (D. 64, p. 2). Hence, "the needs of [this] case," Fed. R. Civ. P. 26(b)(1), do not warrant 141 requests for admission and a third set of document requests. Moreover, the burden of providing the proposed discovery is noteworthy and outweighs its likely benefit. First, as aptly indicated by the defendant (D. 97, p. 5), the relevance of a number of document requests is tangential to the primary issues in the defamation claim. Second, answering the 141 requests for admission is burdensome, and certain requests quoted by the defendant (D. 97, p. 4) seek information of the state of mind of a third party. Whereas the defendant "may assert lack of knowledge" in answering these requests, Fed. R. Civ. P. 36 also requires him to take the time to "make 'reasonable inquiry' into the subject matter of the requests." *Veranda Beach Club Ltd. Partnership v. Western Sur. Co.*, 936 F.2d 1364, 1374 (1st Cir. 1991); see Fed. R. Civ. P. 36(b)(4) (allowing answering party to "assert lack of knowledge . . . only if the party states that it has made

5

reasonable inquiry"); *Gevas v. Dunlop*, Case No. 18 C 6556, 2020 WL 814875, at *4 (N.D. Ill. Feb. 19, 2020) (Rule 36 "'requires . . . answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him'") (quoting Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment).

In short, having balanced the foregoing factors and other relevant factors in Rule 26(b)(1), the 141 requests for admission and the third set of document requests lie outside the scope of Rule 26(b)(1). Where, as here, "the proposed discovery is outside the scope" of discovery "permitted by Rule 26(b)(1)," this court "must limit" the extent of such discovery. Fed. R. Civ. P. 26(b)(2)(C)(iii). Accordingly, the discovery is denied.

It is also worth noting that the plaintiff is not foreclosed from obtaining relevant information at this juncture. Discovery is not set to close until August 19, 2022. (D. 105, 106). The parties' agreement to allow 12 hours of deposition testimony by the defendant allows the plaintiff to reconvene the deposition for the remaining eight-hour period and attempt to obtain information similar to that sought in the 141 requests for admissions and the third set of document requests. The plaintiff can also serve the default limit of 25 requests for admissions, conduct up to ten depositions, and engage in other discovery. L.R. 26.1(c).

The defendant's additional argument that the plaintiff must first propound the 25 requests for admissions allowed under Local Rule 26.1(c) before seeking additional requests for admissions is also well taken.  Local Rule 26.2(b) conditions additional discovery by requiring a party to exhaust the opportunities for discovery under Local Rule 26.1(c).  Local Rule 26.2(b) reads as follows:

> **Further Discovery**. Should a party exhaust the opportunities for any type of discovery events under L.R. 20.1(c), any requests that such party may make for additional interrogatories, depositions, admissions or the production of documents beyond that allowed pursuant to L.R. 26.1(c) shall be by discovery motion . . .

L.R. 26.2(b).  The introductory clause "requires a party to exhaust available discovery *before* seeking leave for additional discovery events."  Whittingham v. Amherst Coll., 163 F.R.D. 170, 171 (D. Mass. 1995) (emphasis in original).[2]

The plaintiff's argument that he will propound fewer document requests than the defendant does not override Rule 26(b)(2)(C)'s mandate to limit discovery where, as here, this "court . . . determines that . . . the proposed discovery lies outside the scope of Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  Moreover, contrary to the plaintiff's argument (D.

---

[2] Because the above reasons warrant denying the motion, it is not necessary to address the defendant's other arguments.  These include the failure of the plaintiff to file a memorandum in support of the motion (D. 93) and his reliance on an earlier memorandum (D. 89) as well as the absence of good cause.

7

89, p. 3), 141 requests for admission are not more efficient than a resumed deposition of the defendant.  The plaintiff also fails to articulate the information he learned in the "very brief" July 2021 nonparty deposition (D. 89, pp. 2, 5) which justifies the additional document requests.  As such, his argument is unconvincing.

**III.  CONCLUSION**

In accordance with the foregoing discussion, the motion to depart from the two limitations in Local Rule 26.1 (D. 93) is **DENIED**.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  May 18, 2022