UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES KOPPEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20-cv-11479-LTS |
| ) | |
| WILLIAM MOSES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT WILLIAM MOSES TO COMPEL PRODUCTION OF TREATMENT RECORDS

### INTRODUCTION

Plaintiff James Koppel claims that the allegedly defamatory emails sent by defendant William Moses in February and March 2020 caused him to suffer emotional distress damages so severe that it resulted in anxiety, loss of libido, insomnia, trembles, loss of concentration, anger, and self-hate. Koppel testified in his deposition that he will ask the jury for a six-figure award for these damages. Nonetheless, Koppel has refused to produce any of his treatment records concerning his emotional distress, including records from his psychotherapist, claiming that they are privileged notwithstanding that he has put his emotional and psychological state squarely at issue in this case.

Accordingly, Moses moves to compel production of Koppel's treatment records, including his records from his psychotherapist. The documents are relevant, discoverable, and proportional to the needs of the case, and Koppel has waived any applicable privilege.

109578\000000\4269575

## BACKGROUND

This is a defamation case. (Dkt 54, Amended Complaint). Koppel seeks reputational and emotional distress damages against his former classmate, Moses, based on emails Moses sent in February and March 2020 to members of the Student Information Processing Board ("SIPB"), a computer science club at MIT. (Id.)

In his answers to Interrogatories, Koppel asserts that he has suffered emotional distress. See Exhibit A, Answer No. 13. In his answer, which asks Plaintiff to state the basis of his claim that he suffered emotional distress and to include in his answer any treatment he has sought or received for his emotional distress, Koppel states in relevant part:

> [Emotional Distress] include[s] but [is] not limited to inability to focus, compulsive ruminations about the defamation and possible scenarios; spikes of anger; relative incapacitation anytime consequences of the defamation occur; sudden feelings of a "need to hide" when in public; loss of social contacts due to the defamation poisoning my social circle; anxiety and anger triggered by events or phrases which remind me of the defamation; frequent anxiety and unpleasant dreams related to SIPB and hatred or ostracism of [him].

Id. Koppel, however, did not provide any information with respect to the treatment he sought or received for his alleged emotional distress.

Koppel further failed to provide any documents concerning any treatment that he received for his alleged emotional distress. See Exhibit B. Moses's Document Request 37 asked Plaintiff to produce:

> All documents concerning, evidencing, or supporting Koppel's claim, if any, that he suffered emotional distress from the March 2, 2020 [e]mail or March 12, 2020 [e]mails, including but not limited any and all documents concerning any treatment he received for said alleged emotional distress.

In his response, Koppel refuses to provide any documents, and indicates that he is not waiving any privilege related to mental health records or treatment. Id. at Response 37.

At his deposition, held on July 25-26, 2022, Koppel testified that he is seeking to recover for emotional distress damages in the six figures. (Depo. Tr. of Plaintiff, Vol. II, at pp. 575 – 585, attached hereto at **Exhibit C**.). He testified that he sought weekly treatment with a psychotherapist due to the allegedly defamatory emails at issue in this case. Id. at p. 578, 13 – 17. He testified that his emotional distress symptoms caused by the emails include anxiety, loss of libido, insomnia, trembles, loss of concentration, anger, and self-hate. Id. at pp. 579 – 585.

## ARGUMENT

### A. PLAINTIFF'S TREATMENT RECORDS ARE RELEVANT, DISCOVERABLE, AND PROPORTIONAL TO THE NEEDS OF THE CASE.

Koppel's treatment records concerning his emotional distress damages are relevant and discoverable. See Fed. R. Civ. P. 26(b)(1) (Rule 26(b) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). Koppel has placed his physical and emotional state at issue by claiming that Moses caused him to suffer severe emotional distress by sending the emails. See Exhibit A, at Answer 13; Exhibit B, at Response 37; see generally, Exhibit C, at pp. at pp. 274 – 284. Moses's purpose for obtaining Koppel's treatment records is to uncover facts about the claims and defenses set forth in the pleadings in order to fully defend this action. See Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ("[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."). Koppel's treatment records bear on the issue of his alleged emotional distress damages, and could assist with the evaluation of damages and defense of this action. See, e.g., Enargy Power (Shenzhen) Co. v. Wang, No. 13-11348, 2014 WL 4687784, *2 (D. Mass. Sept.

3

17, 2014) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978))[1].

Among other things, Koppel's treatment records are relevant to the issue of causation. Whether and to what extent—if at all—Moses is responsible for Koppel's alleged emotional distress and related physical injuries will be an issue at any trial in this case. Koppel's records may show the presence of certain factors that predated the allegedly defamatory emails, which may serve to mitigate or extinguish Koppel's emotional distress claim. In addition, in seeking treatment for emotional distress with a psychotherapist, there are likely statements from Koppel contained within these records regarding what he is experiencing and to what he attributes the cause of those ailments.

Moses will be prejudiced if he is not able to fully investigate Koppel's claims of emotional distress. Moses has the right to defend this action. Koppel cannot allege that he suffered severe emotional distress on the one hand, and then on the other hand deprive Moses of the ability to defend against those claims by asserting that relevant records regarding that distress are non-discoverable.

### B. PLAINTIFF'S TREATMENT RECORDS ARE NOT PROTECTED FROM DISCLOSURE BY ANY PRIVILEGE.

To the extent Koppel is claiming that the records are subject to a "privilege related to mental health records" under the rubric of the the physician-patient privilege, such argument fails because no such privilege exists. See, e.g., Whalen v. Roe, 429 U.S. 589, 602 n.28 (1977); United States v. Akula, No. 3:19-cr-30039-MGM, 2020 WL 1853134, at *2 n.2 (D. Mass. 2020); In re New England Compounding Pharmacy, Inc. Products Liability Litigation, No. 13–2419–FDS, 2013 WL 6058483, at *13 (D. Mass. 2013) (stating "[t]here is no physician-patient privilege under federal

---

[1] "[I]nformation is discoverable if there is any possibility it might be relevant to the subject matter of the action," and "[r]elevant information includes any matter that is or may become an issue in the litigation." United States v. Mass. Indus. Fin. Agency, 162 F.R.D. 410, 414 (D. Mass. 1995) (citations, punctuation omitted).

common law, and no federal statute creates such a privilege."); see also Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 131 (E.D. Pa. 1997) (stating "the federal common law does not recognize a more general physician-patient privilege"); Rodriguez v. City of New Brunswick, No. 12-cv-4722, 2017 WL 5598217, at *5 (D.N.J. Nov. 21, 2017) (stating "it is well-settled that the federal common law does not recognize a physician-patient privilege"); Carroll v. Delaware River Port Auth., No. 13-cv-2833, 2014 WL 12610150, at *3 n.10 (D.N.J. July 31, 2014) (stating "the federal common law does not recognize a physician-patient privilege"), aff'd, 89 F. Supp. 3d 628 (D.N.J. 2015); Acquarola v. Boeing Co., 03-cv-2486, 2004 WL 540487, at *4 (E.D. Pa. Feb. 26, 2004) ("Neither federal common law nor federal statutory law recognizes a broad physician-patient privilege").

Further, Koppel has waived the psychotherapist-patient privilege recognized by *Jaffe v. Redmond,* 518 U.S. 1 (1996), by claiming emotional distress damages. Federal courts hold that a party waives that privilege by placing his mental condition at issue.

> We find that a party waives the privilege by placing her mental condition at issue for several reasons. First, [the] Court, which recognized a qualified federal common law psychotherapist-patient privilege prior to *Jaffee, see Mines v. City of Philadelphia,* 158 F.R.D. 337 (E.D.Pa.1994); *Siegfried v. City of Easton,* 146 F.R.D. 98 (E.D.Pa.1992), has previously held that a litigant may waive the privilege in this manner. See Topol v. Trustees of University of Pennsylvania, 160 F.R.D. 476, 477 (E.D.Pa.1995); see also Price v. County of San Diego, 165 F.R.D. 614, 622 (S.D.Cal.1996) (recognizing federal common law privilege for psychotherapist-patient communications but holding that litigant waived privilege by raising issue as to her psychological state). Second, the Supreme Court specifically analogized the policy considerations supporting recognition of the privilege in *Jaffee* to those underlying the attorney-client privilege, which is waived when the advice of counsel is placed at issue in litigation. See, e.g., Glenmede Trust Co. v. Thompson, 56 F.3d 476, 486 (3d Cir.1995); Rhone-Poulenc Rorer Inc. v. Home Indemnity Co., 32 F.3d 851, 863 (3d Cir.1994); see also

5

> Rost v. State Bd. of Psychology, 659 A.2d 626, 629 (Pa.Cmwlth.1995) (reasoning that Pennsylvania's statutory psychotherapist-patient privilege is waived by placing communications at issue by analogy to the state's attorney-client privilege), app. denied, 543 Pa. 699, 670 A.2d 145 (1995); Premack v. J.C.J. Ogar, Inc., 148 F.R.D. 140, 144-45 (E.D.Pa.1993) (predicting that Pennsylvania Supreme Court would hold that placing mental condition at issue in civil action waives psychologist-patient privilege). Lastly, we agree that allowing a plaintiff "to hide…behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice." Id. at 145.

Sarko, 170 F.R.D. at 130; Silvestri v. Smith, No. 14-13137-FDS, 2016 WL 778358, at *2-4 (D. Mass. 2016) (discussing whether the plaintiff waives the psychotherapist-patient privilege by placing his or her mental condition "in controversy" in the case); Jackson v. Chubb Corp., 193 F.R.D. 216, 225 (D.N.J. 2000) (holding "a plaintiff waives the psychotherapist-patient privilege by placing his/her mental or emotional condition at issue"); Michaels v. Rutgers Univ., No. 15-cv-7603, 2017 WL 4536115, at *4 (D.N.J. Oct. 11, 2017) (granting defendant's motion to compel plaintiff to sign medical authorizations because plaintiff "claims that she treated with a dermatologist because 'her hair fell out due to stress,'" and thus, "her claims that she lost hair because of the severity of stress suffered makes clear this is not a garden variety stress claim as the Court understands that term"); Caldwell v. Wallis, No. 16-674-RGA, 2018 WL 3306895, at *5 (D. Del. July 5, 2018) (stating, "once plaintiff placed his medical condition in issue, he waived claims to confidentiality of his medical records"); Manning v. Herman, No. 1:13-cv-01426, 2016 WL 4803197, at *2 (M.D. Pa. Sept. 14, 2016) ("[a]ny psychotherapist-, psychiatrist, or physician-patient privilege that might have existed is waived by the placement of physical and mental condition at issue by the plaintiff").

Koppel waived the psychotherapist-patient privilege when he placed his mental

6

condition in controversy by claiming emotional distress damages allegedly caused by defamatory emails sent by Moses. Depriving Moses of Koppel's treatment records on the basis of a psychotherapist-patient privilege, while allowing Koppel to seek emotional distress damages, "'would simply be contrary to the most basic sense of fairness and justice []' and would essentially amount to a windfall for the plaintiff." *Sarko*, 170 F.R.D. at 130.

## CONCLUSION

For the reasons set forth above, pursuant to Federal Rule of Civil Procedure 37, Moses requests that the Court grant his motion and compel Koppel to produce his treatment records, including records from his psychotherapist, relevant to his emotional distress damages,

Respectfully Submitted,

WILLIAM MOSES,

By his attorneys,

*/s/ Jeffrey J. Pyle*
Jeffrey J. Pyle (BBO # 647438)
jpyle@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
T: 617-456-8000
F: 617-456-8100

Dated: August 19, 2022

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that on August 17, 2022, I conferred with counsel for plaintiff James Koppel in a good faith attempt to resolve or narrow the issues presented in this motion.

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document by email on counsel for plaintiff on August 19, 2022.

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle

109578\000000\4269575