# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES KOPPEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No: 1:20-cv-11479-LTS |
| v. ) | |
| ) | |
| WILLIAM MOSES, ) | |
| ) | |
| Defendant. ) | |

Answers of Plaintiff to the First Set of Interrogatories by Defendant

Pursuant to Federal Rule of Civil Procedure 33, plaintiff James Koppel responds to the

first set of interrogatories by the defendant as follows. Disclosure of information here is not

permission for any person to directly or indirectly communicate the substance of the March 2,

2020 email to any person identified here or in disclosed documents. Plaintiff consider all such re-

publication to be actionable and reserves all rights.

General Objections

1.      Plaintiff objects to the definitions, instructions and Interrogatories to the extent that

they misstate or seek to impose obligations or requirements greater than those imposed by Federal

Rule of Civil Procedure 33.

2.      Plaintiff objects to any Interrogatories which seek information protected by the

attorney-client privilege, work product doctrine, or other applicable privileges or exemptions from

discovery. If any such information is inadvertently disclosed, the Plaintiff does not waive any

applicable privilege, immunity or protection.

3.     Plaintiff's answers do not constitute adoption of or acquiescence to the purported

Definitions and Instructions in the Interrogatories or of any assumptions, factual or legal in any of

the questions.

4.     Plaintiff reserves all rights and objections as to admissibility of any responses.

5.     By responding to these Interrogatories, Plaintiff does not waive any objection,

whether or not asserted.

Answers

Interrogatory No. 1

Please describe in full and complete detail each and every instance in which any person made
any complaint, allegation, report, or assertion that you had engaged in inappropriate, offensive,
unwelcome, or harassing conduct.

Answer No. 1

Since I joined SIPB in September 2018, I know of one complaint. In September 2020 Voatz, Inc
complained that, with other members of an MIT team, I violated professional standards while
investigating cyber-security issues related to the integrity of elections. MIT did a complete
investigation and found no wrongdoing .

Interrogatory No. 2

Please describe in full and complete detail each and every instance in which any person made
any complaint, allegation, report, or assertion that you had engaged in inappropriate, offensive,
insensitive or harassing speech or comments.

Answer No. 2

Since I joined SIPB in September 2018, there has been one. It is identified in the preceding
answer .

Interrogatory No. 3

Please describe in full and complete detail each and every instance in which any person made
any complaint, allegation, report, or assertion that you had made any person uncomfortable.

Answer No. 3

Objection: the question is so vague and overly broad as to be meaningless and it is improper
because it is unlimited as to time and context .

2

I have no memory of making anyone "uncomfortable" [sic] and that person reporting it to a third party at any point in time in 2019 and 2020. Jakob Weisblat in June 2020 informed me that I would be removed from the 2021 MIT Mystery Hunt Writing Team. He gave no reason. I understand it was because of the March 2 email sent by this defendant and others.


Interrogatory No. 4

Please describe in full and complete detail each and every instance in which any person made any complaint, allegation, report, or assertion that you had engaged in unwanted touching of any kind.

Answer No. 4

Since I joined SIPB in September 2018, I am aware of no such report .

Interrogatory No. 5

Please identify each and every instance in which any person made any complaint, allegation, report, or assertion that you had engaged in sexual misconduct of any kind, including but not limited to unwanted touching, sexual harassment, sexual assault, inappropriate or unwanted sexual or romantic advances, or offensive comments of a sexual nature, at any time.

Answer No. 5

Since I joined SIPB in September 2018, I am aware of none.

Interrogatory No. 6

Please identify each and every person with knowledge concerning any event, complaint, allegation, report or assertion included in your responses to interrogatories no. 1-5.

Answer No. 6

Nimit Sawhney
CEO, Voatz, Inc
Boston, MA
Address, E-mail address, and phone number unknown

Andrew Sellars
Director, BU/MIT Technology Law Clinic
Boston University School of Law
765 Commonwealth Ave.
Boston, MA 02215
sellars@bu.edu

3

Michael Specter
Ph. D. candidate, MIT
Somerville, MA
412-535-1510
specter@mit.edu

The inclusion of a person's name on this list is not an admission that they have seen the March 2 E-mail or any of the purported underlying allegations. Any republication is actionable. Nimit Sawhney has a history of harassing the plaintiff and persons who work with the plaintiff. .

Interrogatory No. 7

Please describe in full and complete detail each and every instance in which any person made a complaint concerning you to the administration of the Massachusetts Institute of Technology ("MIT") or Carnegie Mellon University at any time.

Answer No. 7

Since I joined SIPB in September 2018, there has been one.

On May 15, 2020, Koppel received word that a third party, unidentified but believed to be Voatz, Inc. and specifically Nimit Sawhney, complained to MIT as to research regarding our published security research on Voatz's product. MIT investigated and found no wrongdoing.

Interrogatory No. 8

Please identify any incident in which any person made a complaint, report, assertion or allegation to any student- or university-related group at any institution, including but not limited to the MIT Puzzle Club, Mystery Hunt, "Galactic Trendsetters," the Student Information Processing Board, Effective Altruism @ MIT, and/or any living group, that you had made any person uncomfortable or that you had engaged in perceived inappropriate, offensive, improper, or otherwise objectionable conduct or speech, at any time.

Answer No. 8

Objection: Same objections as to question three. In addition, what is perceived by another person is unknowable . I have no such information.

Interrogatory No. 9

Please identify any instance in which you were removed from, excluded from, or asked to refrain from participating in or interacting with, any student-or university-related group, physical space, or activity, at any time.

4

Answer No. 9

Since I joined SIPB in September 2018, outside of the incidents with SIPB and Galactic Trendsetters no others are known to me.

Interrogatory No. 10

Please state the basis of your claim that the March 2, 2020 Email or the March 12, 2020 Emails caused you economic damage.

Answer No. 10

I am near the beginning of my career, and expect this E-mail to have negative impact for at least a number of years and possibly my entire professional life .

The Internet is forever. The email will be available forever. The unfavorable impression of me and my character cannot be erased. The incorrect and damaging descriptions of me will reach an ever widening circle of persons, and is likely to be posted publicly (e.g.: on Twitter). It very likely will come to the attention of any person who attempts to research my background in advance of hiring me or offering a speaking invitation or anything else. I expect I will never know all of the negative consequences because people do not send an email or a note to tell you that they will not buy from your company or hire you or that you are not being invited as a speaker because of what is written in the March 2 email. I expect republication of the defamation to increase as I increase my marketing efforts post-graduation to reach a larger audience.

 This defamatory description is especially damaging to my business. Our current product offerings come with personal training and consulting services, and I expect my personal active participation will remain a large part of the business going forward. And no matter how many people are employed as the founder my name will associated with the business and related businesses.

Of the 697 recipients of the March 2 E-mail all of them or virtually all of them work in or adjacent my target market (software engineers and their employers). Some occupy positions of considerable influence and authority . Some of those people in positions of considerable influence are people I knew prior to joining SIPB; those connections are now dead. Some of those people in positions of considerable influence have helped me in the past; those connections are now poisoned. Generalizing: where I previously could have sent a warm E-mail to any SIPB alum (a useful element in sales), the March 2 email is a public denunciation which has poisoned all of those contacts.

I had previously not ruled out the prospect of someday becoming a professor of computer science. Now that possibility seems minimal because the recipient list for the March 2 email includes faculty at 3 of the top 4 Computer Science departments worldwide .

In giving this answer and throughout I object to any further publication of any aspect of the March 2 E-mail or any underlying allegations to anyone even if they have already seen it or heard of it. A repeat publication is a new harm.

Interrogatory No. 11

Please identify each and every person who has communicated with you concerning the contents of the March 2, 2020 Email or the March 12, 2020 Emails, identify all nonprivileged documents concerning such communications, and set forth the substance of each such communication.

Answer No. 11

Jing Yu
Student, Boston University
c/o James Koppel, 70 Pacific St. #224B, Cambridge, MA 02139
Many conversations beginning March 2.

Zoe Anderson
Student, MIT
zanderso@mit.edu
On March 6th, she stated in conversation that she had seen "the SIPB E-mail."

Kliment Serafimov
Redmond, WA
Microsoft Research, title unknown
617-650-5125
In-person conversation, March 6th, stating the March 2nd E-mail existed . I said it was the cause me feeling upset.
Very brief exchange over instant message, May 6th, referencing remark by Alex Coventry on the defamation.

Josh Alman
Postdoc, Harvard University
Science and Engineering Complex, 150 Western Ave, Boston, MA 02134
(617) 384-7828
In person conversation, sometime between March 6th and March 20 I said I would be staying quiet on Galactic Trendsetters for that reason. I was later expelled .

I do not publicise the March 2 Email.

Interrogatory No. 12

Please state the basis of your claim, if any, that the March 2, 2020 Email or the March 12, 2020 Emails harmed your reputation, identifying in your answer any facts of which you are aware that showing that any person who read the Emails had a lesser opinion of you as a result.

6

Answer No. 12

This in part is described in answer 10 which I incorporate here as if set forth in full.

In addition the damage is obvious to any reader of the E-mail. It paints me as a monster and denounces me by name as a public menace. One plausible inference is that I am a reprobate incapable of stopping highly offensive conduct. A reader could infer that the unnamed bad behavior involves unnamed and unwelcome sexual misconduct which is possibly criminal. It supposedly threatens the safety and security of the SIPB community and it should have been detected and stopped sooner. The email depicts a modern day Frankenstein detected by heroic leaders who are protecting the community from a serious menace.

Other evidence includes, but is not limited to: reactions of disgust from SIPB members, at least one declaration that my silent presence in a chatroom is cause for expulsion, remarks by people I've never met based on the defamation treating it as reliable , repeated blockings and unfriending by SIPB members on social media (including being unfriended in reaction to a "Happy birthday" wish).

Interrogatory No. 13

Please state the basis of your claim that the March 2, 2020 Email or the March 12, 2020 Emails caused you emotional distress, including in your answer any treatment you have sought or received for said emotional distress.

Answer No. 13

My answer includes answers 10 and 12. The effects of ostracism and contempt are difficult to list fully. They include but are not limited to inability to focus, compulsive ruminations about the defamation and possible scenarios; spikes of anger; relative incapacitation anytime consequences of the defamation occur; sudden feelings of a "need to hide" when in public; loss of social contacts due to the defamation poisoning my social circle; anxiety and anger triggered by events or phrases which remind me of the defamation; frequent anxiety and unpleasant dreams related to SIPB and hatred or ostracism of me.

I do not waive any privileges as to medical treatment. I will provide no testimony about treatment.

Interrogatory No. 14

Please identify any and all criminal charges, restraining order proceedings, civil lawsuits, or other legal proceedings brought against you, or by you, or on your behalf, or in which you were in any way involved, at any time.

Answer No. 14

Since I joined SIPB in September 2018, none except this civil action.

Interrogatory No. 15

Please identify any disciplinary charges brought against you by any educational institution or employer at any time.

Answer No. 15

Since I joined SIPB in September 2018, none.

Interrogatory No. 16

Please identify each person you expect to call as a witness in this action and the substance of such persons' expected testimony.

Answer No. 16

I have not yet identified any such witnesses because I am not yet aware of any facts or any putative facts relied on by the defendant and other persons or used by them to create the March 2 email . Defendant has delayed in making any informative disclosures.

Interrogatory No. 17

Please identify all persons with knowledge concerning the subject matter of the Complaint in this action.

Answer No. 17

We did so in the initial disclosure on December 2, 2020. We will be able to identify more once the allegations are known.

***

Verification

The undersigned person hereby declares that I have read the foregoing document and the contents thereof are true based on personal knowledge, except those matters those matters stated on information and those I believe to be true based on the information and documents presently available to me.

Dated:

James Koppel

As to objections:

/s/ Paul Boylan
Paul G. Boylan, BBO 052320
Freeman, Mathis & Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
pboylan@fmglaw.com
Tel: (617) 963-5978

Dated: January 4, 2021

9

Certificate of service

I hereby certify that I caused a true copy of the above document to be served upon the named persons as l counsel of record this 4th day of January 2021.

Jeffrey J. Pyle
jpyle@princelobel.com
Michael Lambert
mlambert@princelobel.com
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, MA 02110
T: (617) 456-8000

/s/ Paul Boylan
Paul G. Boylan