# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES KOPPEL,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM MOSES,<br><br>    Defendant. | Civil Action No. 1:20-cv-11479-LTS |

Responses and Objections by Plaintiff to First Document Requests by Defendant Moses

Plaintiff hereby objects and responds to the first document requests by the defendant served on or about December 4, 2020.

Plaintiff objects to any definitions, instructions or directions that exceed the requirements of Rule 34 of the Federal rules of Civil Procedure or any local rule. In providing documents and materials Plaintiff does not consent to any republication of the March 2 email by any person. Plaintiff views ant republication as actionable and reserves all rights.

Requests

1. All documents concerning or relating to any and all information Koppel provided in response to Defendant William Moses's Interrogatories to James Koppel.

Response 1: The request is vague and assumes without any basis that the answers are derived from identifiable documents. Plaintiff is not aware of any such documents but if they are identified they will be disclosed.

2. All documents concerning the March 2, 2020 Email, including but not limited to all documents concerning communications between James Koppel and any other person concerning the March 2, 2020 Email.

Response 2: The request seeks or includes attorney client communications and work product. Neither will be disclosed. As worded (documents concerning communications) plaintiff is not aware of any such documents not protected as attorney client communications or otherwise

3. All documents concerning the March 12, 2020 Emails, including but not limited to all documents concerning communications between James Koppel and any other person concerning the March 12, 2020 Emails.

Response 3: The request seeks or includes attorney client communications and work product. Neither will be disclosed. As worded (documents concerning communications) plaintiff is not aware of any such documents not protected as attorney client communications or otherwise.

4. All documents concerning income earned by Koppel from March 2, 2017 to the present, including but not limited to filings with any taxing authority.

Response 4: State tax returns on reliable information are not discoverable. Copies of federal tax returns will be disclosed.

5. All documents, including but not limited to invoices, bank statements, and cancelled checks, showing or reflecting income to Koppel or to James Koppel Coaching LLC from March 2, 2020 to the present.

Response 5: Copies will be disclosed.

6. All documents concerning or evidencing receipt of the March 2, 2020 Email or the March 12, 2020 Emails by any other person.

2

Response 6: Plaintiff has already disclosed distribution lists for SIPB emails. Defendant, not the plaintiff, has better information and control of any other documents recording the actual distribution. If the plaintiff identifies additional documents they will be disclosed.

7. All documents concerning any report, allegation, assertion, or complaint that Koppel engaged in misconduct of any kind.

Response 7: The request is overly broad and vague and includes non-discoverable information. It literally includes violations of disciplinary rules in grade school. This plaintiff has no documents supporting any allegation in the March 2 email.

8. All documents concerning any report, allegation, assertion or complaint that Koppel engaged in any inappropriate, unwelcome, or offensive conduct.

Response 8: The request is overly broad and vague and includes non-discoverable documents or information. This plaintiff has no documents fitting this description as to any of his conduct in SIPB or during the time he was a member or participant in SIPB.

9. All documents concerning any report, allegation, assertion, or complaint that Koppel made any person uncomfortable.

Response 9: The request is overly broad and vague and includes non-discoverable documents or information. The request literally could include a handwritten note from someone requesting that the plaintiff turn down the volume of music he is playing. This plaintiff has no documents fitting this description as to any of his conduct in SIPB or during the time he was a member or participant in SIPB.

10. All documents concerning any report, allegation, assertion, or complaint that Koppel disparaged any other person.

Response 10. The request is overly broad and vague and includes non-discoverable documents or information. This plaintiff has no documents fitting this description as to any of his conduct in SIPB or during the time he was a member or participant in SIPB.

11. All documents concerning any report, allegation, assertion, or complaint that Koppel engaged in sexual misconduct or unwanted touching of any kind, at any time.

Response 11: The request is overly broad and vague and includes non-discoverable documents or information. This plaintiff has no documents fitting this description as to any of his conduct in SIPB or during the time he was a member or participant in SIPB.

12. All documents concerning any report, allegation, assertion, or complaint that Koppel made any statement that was perceived to be, or could have been perceived to be, sexist, racist, classist, or otherwise discriminatory; inappropriate, offensive, or insensitive, to any person, in any location or forum.

Response 12: The request is overly broad and vague and includes non-discoverable documents or information. What some other person perceived or could have perceived is unknowable. This plaintiff has no documents fitting this description as to any of his conduct in SIPB or during the time he was a member or participant in SIPB.

13. Any and all documents concerning communications between Koppel and any other person regarding the Student Information Processing Board from August 1, 2018 to the present.

Response 13: The request is overly broad and vague and includes non-discoverable documents or information. The request is unduly burdensome because it is unlikely and improperly burdensome for plaintiff or anyone try to identify every incidental reference to the organization. This plaintiff has no documents criticizing SIPB or any member or keyholder created at any time when he was a participant in SIPB as to any of his conduct in SIPB or

4

during the time he was a member or participant in SIPB. Documents after that date if they are not attorney client communications will be disclosed.

14. All documents concerning communications between Koppel and any other person regarding William Moses from August 1, 2018 to the present.

Response 14: The request is overly broad and vague and includes non-discoverable documents or information. The request is unduly burdensome because it is unlikely that this plaintiff or anyone could track down every incidental reference. Defendant Moses has copies of all of them. This plaintiff has no documents criticizing Moses or fitting this description while plaintiff was a member or participant in SIPB and no discoverable documents fitting this category after that date with the exception of one email to Jakob Weisblat. A copy of that will be disclosed.

15. All documents concerning communications between Koppel and any other person regarding Catherine Zeng from August 1, 2018 to the present.

Response 15: As worded (documents concerning communications as to a named person) the request is unclear. This plaintiff has no documents to or from the named person related to SIPB sent or received during the time he was a member or participant in SIPB.

16. All documents concerning communications between Koppel and any other person regarding Chelsea Voss from August 1, 2018 to the present.

Response 16. This plaintiff has no documents to or from the named person related to SIPB sent or received during the time he was a member or participant in SIPB. .

17. All documents concerning communications between Koppel and any other person regarding Lilly Chin from August 1, 2018 to the present.

Response 17. This plaintiff has no documents to or from the named person related to SIPB sent or received during the time he was a member or participant in SIPB.

5

18. All documents concerning communications between Koppel and any other person regarding Mikala Murphy from August 1, 2018 to the present.

Response 18: This plaintiff has no documents to or from the named person related to SIPB sent or received during the time he was a member or participant in SIPB.

18. All documents concerning communications between Koppel and any other person regarding Pravi Samaratunga from August 1, 2018 to the present.

Response 19: This plaintiff has no documents to or from the named person related to SIPB sent or received during the time he was a member or participant in SIPB.

19. All documents concerning communications between Koppel and any other person regarding Ashley Kim from August 1, 2018 to the present.

Response 20: This plaintiff has no documents to or from the named person related to SIPB sent or received during the time he was a member or participant in SIPB.

20. All documents concerning communications between Koppel and any other person regarding Cel Skeggs from August 1, 2018 to the present.

Response 21: This plaintiff has no documents to or from the named person related to SIPB sent or received during the time he was a member or participant in SIPB.

22. All documents concerning communications between Koppel and any other person regarding Skye Thompson from August 1, 2018 to the present.

Response 22: This plaintiff will disclose any such documents to or from this person related to SIPB sent or received during the time he was a member or participant in SIPB.

23. All documents concerning communications between Koppel and any other person regarding Angel Alvarez from August 1, 2018 to the present.

Response 23: This plaintiff has no documents to or from the named person related to SIPB sent or received during the time he was a member or participant in SIPB..

24. All documents concerning communications between Koppel and any other person regarding Jakob Weisblat from August 1, 2018 to the present.

Response 24: This plaintiff will disclose documents related to SIPB to or from the named person sent or received during the time he was a member or participant in SIPB. On information any such documents were sent or received in 2020 after the March 2 email and those will be disclosed.

25. All documents concerning communications between Koppel and any other person regarding Quentin Smith from August 1, 2018 to the present.

Response 25: This plaintiff will disclose all such documents to or from the named person related to SIPB sent or received during the time he was a member or participant in SIPB.

26. All documents concerning communications between Koppel and any other person regarding Mitch Berger from August 1, 2018 to the present.

Response 26: This plaintiff will disclose all such documents to or from the named person related to SIPB sent or received during the time he was a member or participant in SIPB.

27. All documents concerning communications between Koppel and any other person regarding Emma Batson from August 1, 2018 to the present.

Response 27: This plaintiff will disclose all such documents related to SIPB sent or received during the time he was a member or participant in SIPB.

28. All documents concerning communications between Koppel and any of the individuals specified in document requests 14 through 27, above, from August 1, 2018 to the present.

Response 28: This plaintiff will disclose all such documents related to SIPB sent or received during the time he was a member or participant in SIPB.

29. All documents concerning any order, directive, or request that Koppel stay away from any location, at any time.

Response 29: Plaintiff objects that this request as it is overly broad and vague and unlimited as to time. This plaintiff has no such documents directed to him with the exception of the March 2, 2020 email in dispute.

30. All documents concerning any instance in which Koppel was removed from, excluded from, or asked to refrain from participating in or interacting with, any student- or university-related group or activity, including but not limited to the MIT Puzzle Club, Mystery Hunt, the "Galactic Trendsetters," ESP, the Student Information Processing Board, Effective Altruism @ MIT, and/or any living group or subdivision of a living group, including but not limited to Epsilon Theta, East Campus, Pika, Next House, Simmons, or Masseh.

Response 30: There is one such document. It was caused by the March 2 email. It will be disclosed.

31. All documents concerning any instance in which Koppel was reprimanded, admonished, or warned by any student- or university-related group or independent living group, including but not limited to the MIT Puzzle Club, Mystery Hunt, the "Galactic Trendsetters," ESP, the Student Information Processing Board, Effective Altruism @ MIT,

and/or any independent living group or subdivision of a living group, including but not limited to Epsilon Theta, East Campus, Pika, Next House, Simmons, or Masseh.

Response 31: There is one such document. It was caused by the March 2 email. It will be disclosed.

32. All documents concerning any criminal charge, restraining order proceeding, or civil claim against Koppel, or any proceeding in which Koppel was the complainant, petitioner, or plaintiff, at any time.

Response 32: Plaintiff is not aware of any such documents with the exception of this civil action.

33. All documents concerning any university disciplinary complaint or proceeding against or concerning Koppel at any time.

Response 33: Plaintiff is not aware of any such documents.

34. All documents concerning any report, allegation, assertion, or complaint that Koppel had engaged in misconduct as an employee or independent contractor for any other person or entity.

Response 34: There were several such allegations by a private corporation subsequent to the email in dispute and the allegations were found to be without merit by M.I.T. as to this plaintiff and others on its team. Copies will be disclosed.

35. All documents concerning any incident in which any person complained to Koppel or to any other person or entity about any act, statement, or behavior of Koppel.

Response 35: This request is overly broad and vague. The documents within request 34 are the only documents able to be identified and those will be disclosed.

36. All documents concerning, evidencing, or supporting Koppel's claim that he suffered reputational damage from the March 2, 2020 Email or March 12, 2020 Emails.

Response 36: Any such documents will be disclosed to the extent available or documented.

37. All documents concerning, evidencing, or supporting Koppel's claim, if any, that he suffered emotional distress from the March 2, 2020 Email or March 12, 2020 Emails, including but not limited any and all documents concerning any treatment he received for said alleged emotional distress.

Response 37: Plaintiff is not waiving any privilege related to mental health records or treatment, Such documents which will not be used or relied on by this plaintiff if disclosure is not compelled. Excluding those plaintiff has no such documents.

38. Documents concerning any communication from a job recruiter or headhunter to Koppel from March 2, 2020 to the present, including but not limited to requests to communicate about job offers or opportunities.

Response 38: Plaintiff will disclose all such documents to the extent they are able to be identified. Some solicitations are in the nature of spam or routine invitations sent to large groups of people. Not every such document has been collected. Many spam solicitations have been discarded or deleted.

38. All documents concerning any communication between Koppel and any other person concerning his prospective employment or engagement as a contractor from March 2, 2020 to the present.

Response 39: Plaintiff objects that the names of individual clients of Koppel coaching or any similar service provided by the plaintiff are confidential and are not discoverable. Plaintiff will disclose exemplar copies of all such documents as to Koppel coaching and other documents as to his direct engagements.

40. Any and all communications between Koppel and any other person concerning his Thiel Fellowship, from March 2, 2020 to the present.

Response 40: Plaintiff will disclose copies of all such documents

41. Any and all documents concerning statements published by Koppel in any forum concerning or relating to the Jeffrey Epstein/MIT Media Lab/Marvin Minsky controversy of 2019, including but not limited to all responses to any such statements by on-line commenters or other persons.

Response 41. Plaintiff objects to this request because it seeks non- discoverable information as to a matter of public interest unrelated to SIPB. This plaintiff has no such documents related to SIPB or to any alleged conduct at the plaintiff at SIPB or related to it.

42. Any and all documents concerning statements published by Koppel in any forum concerning male-female relations, sexual politics, or the phenomenon of persons taking offense at speech.

Response 42: Plaintiff objects to this request because it is not discoverable in this civil action and not limited to conduct of the plaintiff while he was a member of SIPB or to any topic relevant to SIPB. All such documents have been previously requested and none are known to exist. Plaintiff objects to disclosure of non- discoverable documents irrelevant to the March 2 email .

43. Any and all documents concerning communications in which Koppel threatened legal action against any other person.

Response 43: The request seeks non-discoverable information. Plaintiff is not aware of any such documents.

44. Any and all documents concerning instances in which Koppel argued with, or had a personal disagreement with, a SIPB member from August 1, 2018 to the present.

11

Response 44: Plaintiff objects to this request because it is not discoverable in this civil action. Plaintiff objects to this request in that it is vague and unlimited as to time. This plaintiff has no such documents related to SIPB or to any alleged conduct of the plaintiff at SIPB or related to it.

45. Any and all documents concerning any instance in which any person asked Koppel to stop contacting any other person; to cease any behavior; or to delete any online post.

Response 45: Plaintiff objects to this request in that it is vague and unlimited as to time. This plaintiff has no such documents related to SIPB or to any alleged conduct at the plaintiff at SIPB or related to it..

46. All documents concerning the February 27, 2020 Meeting.

Response 46: The plaintiff has no discoverable nonprivileged documents as to a meeting on that date between the plaintiff and the defendant.

***

Respectfully submitted,
Plaintiff James Koppel,
By his attorneys,

*/s/ Paul G. Boylan*

Paul G. Boylan, BBO 052320
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
pboylan@fmglaw.com
T: 617-963-5973

## Certificate of Service

I hereby certify that the within document Was served this day by email and mail on counsel of record.

Jeffrey J. Pyle
jpyle@princelobel.com
Michael Lambert
mlambert@princelobel.com
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, MA 02110
T: (617) 456-8000


*/s/ Paul G. Boylan*
_____
Dated:                    Paul G. Boylan

13