UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| James Koppel, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-11479-LTS |
| ) | |
| William Moses, ) | |
| ) | |
| Defendant. ) | |

Plaintiff's Opposition to Defendant's Motion to Compel
Production of Treatment Records (filed under seal)

Plaintiff opposes the Motion ("Motion") and supporting Memorandum ("Memo.") by the defendant served under seal on August 19, 2022, seeking to compel disclosure of mental health treatment records of Plaintiff after March 2, 2020. Plaintiff opposes the Motion because the requested documents are protected from disclosure by psychotherapist-patient privilege under Massachusetts law and by federal common law. Defendant does not and cannot show waiver of those privileges. Memo. 5-7.

Procedural Background

Plaintiff filed this civil action in April 2020, alleging defamations. Defendant served interrogatories and a document on the Plaintiff in early December 2020, including Interrogatory No. 13 seeking information about Plaintiff's emotional distress damages, and Document Request No. 37, seeking mental health records of treatment. On January 4, 2021, Plaintiff answered the interrogatories and disclosed documents. In April 2022, the parties agreed to end discovery as of

August 19, 2022. Documents 105, 106 (Order on Stipulation). The Motion is filed on the last day of discovery, August 19, 2022.

A. <u>Plaintiff's treatment records are protected by federal common law and by state statutory law.</u>

Defendant in the Memo. initially asserts that no "privilege exists" as to mental health treatment records but soon after states that the requested mental health records are protected by federal common law under the psychotherapist-patient privilege recognized by <u>Jaffee v Redmond,</u> 518 U.S. 1 (1996) (Memo. 4, 5).

The Supreme Court has recognized the psychotherapist-patient privilege as a matter of federal common law. <u>In re Grand Jury Proc.</u> 183 F.3d 71, 73 (1st Cir. 1999). Pursuant to that privilege "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure" under Fed. R. Evid. 501. <u>Id.</u> (quoting <u>Jaffee v. Redmond,</u> 518 U.S. 1, 15 (1996)). The federal privilege applies to "confidential communications made to licensed psychiatrists and psychologists," as well as to "confidential communications made to licensed social workers in the course of psychotherapy." <u>Silvestri v. Smith,</u> 14-13137-FDS ( Dein, J) at *2 (D. Mass. Feb. 26, 2016) citing <u>Jaffee,</u> 518 U.S. at 15.

Plaintiff disagrees and respectfully suggests that Massachusetts state law privilege applies in this diversity case. The physician-patient evidentiary privilege exists in many states by legislative enactment. <u>Whalen v. Roe,</u> 429 U.S. 589, 602 (1977). It is codified in Massachusetts in Chapter 233 § 20, 13 and in Chapters 112 § 129A and 135A (psychologists; social workers).

State law as to privilege is controlling here because in diversity cases the existence of the physician-patient privilege is substantive. Fed. R. Evid. 501 provides that "in a civil case, state law governs privilege regarding a claim or defense for which state supplies the rule of decision." Fed. R. Evid. 501. Accordingly, state law controls the existence and scope of the physician-patient privilege in diversity actions. In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig., No. MDL 13-2419-FDS, 2013 WL 6058483, at *13 (D. Mass. Nov. 13, 2013) (Memo. 4-5). But see Memo. 4-5 arguing that federal common law privilege is controlling.

In a civil case, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." 6.1 Fed. R. Evid. 501. The Massachusetts, patient-psychotherapist privilege prohibits the disclosures sought by the Motion:

> (c) In any proceeding, except one involving child custody, adoption, or adoption consent, in which the patient introduces his mental or emotional condition as an element of his claim or defense, and the judge or presiding officer finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected.

Mass. Gen. Laws Ann. Ch. 233, § 20B (West) (emphasis added). Massachusetts evidentiary law on psychotherapist-patient privilege is the same:

> In any court proceeding… a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient's mental or emotional condition.

Mass. G. Evid. § 503. The conditions for the Massachusetts privilege are that the provider is a "psychotherapist," and that the communication is related to diagnosis or treatment. Federal privilege also requires a showing that the communications were made confidentially. Cherkaoui v. City of Quincy, Civil Action No. 14-cv-10571-LTS (D. Mass. 2015) (Cabell, J.) (not cited in the Memo.). The Motion does not dispute that those factual predicates apply. Exhibit A,

3

Confidential Affidavit of James Koppel filed herewith shows that each of those predicates is established. Id. ¶¶ 1-3, 5.


B. <u>The Motion does not show any adequate basis for waiver or forced disclosure.</u>

The Motion seeks to force the disclosure of privileged records but is not supported as a matter of law or on the facts of this record.

Defendant argues (Point A, Memo. 3-4) that Koppel's mental health treatment records should be forcibly disclosed for reasons which are at best vague. One offered reason is to "assist with evaluation of damages." Memo. 3. At another point the defendant says he seeks to review the private records of mental health treatment because they will possibly help the defendant to "uncover facts" which "could assist" with evaluation of damages. Memo. 3. Defendant requests disclosure because the disclosures "may show" unknown and not identified facts. Motion 3, 4.

These requests are factually and legally insufficient to force disclosure of the records targeted by the Motion because those records are privileged under federal common law and under Massachusetts state law.

Under federal common law, psychotherapist-patient privilege prevents disclosure even if the documents might be "useful." On this exact topic the Supreme Court clearly said in 1996 that we "reject the balancing component of the privilege." Making the "promise of confidentiality" (by mental health providers) "contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate" the effectiveness of the [mental health treatment] privilege. <u>Jaffee</u>, supra, 518 U.S. at 15.

After <u>Jaffe</u> and consistent with the rejection of "usefulness" as a test in <u>Jaffe</u>, a federal court in this Circuit will not force disclosure of mental health treatment records even if it the disclosure

may be "extremely useful" to the finder of fact. <u>Vanderbilt v. Town of Chilmark</u>, 174 F.R.D. 225, 229 (D. Mass. 1997).

Plaintiff in opposition respectfully submits that, on this record, it matters not whether the relevant privilege is controlled by federal common law or by state law. The privilege indisputably exists. The Motion fails to show that waiver is required by federal common law or by state law. Any distinction between the two is immaterial on this record because the Motion does not show waiver under federal common law or Massachusetts law.

The stakes for Plaintiff Koppel on this Motion are extremely high. No sufficient countervailing need is shown by Defendant. If the Motion is granted Koppel will suffer irreparable injury. He will lose, forever, the protections of an established privilege <u>on which he has relied</u>. See Exhibit A, Confidential Koppel Affidavit concurrently filed, ¶ 3. The Motion fails to show any equally compelling rationale. After <u>Jaffee</u> a court in this Circuit has expressed clearly why "balancing" is not adequate to the issues at stake on this Motion:

> ... privileged communications, by their nature, are highly sensitive, their disclosure "may cause embarrassment or disgrace." <u>See Jaffee v. Redmond</u>, 518 U.S. 1, 10, 116 S. Ct. 1923, 135 L. Ed. 2d 337 (1996). If the party claiming to hold the privilege is required to reveal the substance of the communications, the protection of the privilege will be irrevocably lost. <u>See, e.g., In re Ford Motor Co.</u>, 110 F.3d 954, 962-64 (3d Cir. 1997) ("Appeal after final judgment cannot remedy the breach in confidentiality occasioned by erroneous disclosure of protected materials.... The cat is already out of the bag.... <u>There is no way to unscramble the egg scrambled by the disclosure....</u>).

<u>Cabot v. Lewis</u>, No.cv 13-11903-FDS, 2015 WL 13648107, at *2 (D. Mass.2015) (Saylor J.) (emphasis added).

C. No principled basis for a waiver of privilege is shown.

The Motion is based solely on the argument that Koppel has waived his psychotherapist-patient privilege by claiming emotional distress damages recoverable in defamation because, defendant asserts, his description of the symptoms of emotional distress puts his mental health treatment and the records of it "at issue." Memo. 3, 6, 6, 6, 6.

Before addressing at issue waiver, Point D below, plaintiff notes that there are three approaches to waiver of psychotherapist-patient privilege, only one of which is favored in this Circuit.

> … in the context of the psychotherapist-patient privilege, courts have taken a variety of approaches to the subject of waiver. A number of courts, including the District of Massachusetts in Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (1997) (Tauro, J.), have adopted a "narrow approach," in which the privilege is only waived where plaintiff "introduces evidence regarding the substance of his conversations with his psychotherapist in order to further his claim of emotional damage," for example "by calling her psychotherapist as a witness... or by testifying to the substance of the communication himself." 174 F.R.D. at 230.
>
> Other courts have adopted a broader approach, under which a plaintiff waives the privilege by making any claim of emotional distress or otherwise "placing his or her medical condition at issue." See, e.g., Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000); Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 130 (E.D. Pa. 1997).
>
> Still others have adopted a "middle ground" approach, in which plaintiff waives the privilege only if he "alleges a separate tort for the distress, a specific psychiatric injury or disorder, or unusually severe distress," and not by "merely alleging 'garden variety' emotional distress." Koch v. Cox, 489 F.3d 384, 390 (D.C. Cir. 2007) (quoting Jackson v. Chubb Corp., 193 F.R.D. 216, 225 n.8 (D.N.J. 2000).

Cabot v Lewis, 2015 WL 13648107 Civil Action No. 13-11903-FDS (D. Mass. 2015) (Saylor, J )
(internal punctuation simplified).

Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (1997) (not cited in the Memo.) is the authoritative guide to waiver in this Circuit. It discusses the history of waiver before and after

<u>Jaffee</u> and holds that a plaintiff did not put her mental condition at issue seeking damages for emotional distress. Id. at 229-230.

The narrow approach adopted in <u>Vanderbilt</u> supports rejection of waiver here. Plaintiff will not introduce evidence at trial any mental health treatment records. Exhibit A, Confidential Koppel Affidavit concurrently filed, ¶ 5. He will not call any therapist as a witness or rely on communications with any therapists. Id. Under the narrow view of waiver no disclosure is permitted or required on these facts. <u>Vanderbilt</u>, supra, at 230. Federal courts in Massachusetts have been uniform in favoring the narrow, more limited view of waiver. <u>Sorenson v. H & R Block, Inc.</u>, 197 F.R.D. 199, 204 (D. Mass. 2000), citing <u>Booker v. City of Bos.</u>, No. 97-CV-12534-MEL, 1999 WL 734644 (D. Mass. Sept. 10, 1999). <u>Booker</u> prohibited the disclosure of the plaintiffs' psychological records because there was no evidence that the plaintiff there intended to make affirmative use of the privileged communications. Id. at *1.

Under the so-called middle view, the question of waiver turns on whether the alleged emotional distress is "garden variety" as opposed to "extraordinary." Extraordinary mental health injury is shown by an allegation of "psychological injury which necessitated psychiatric treatment" or which involved "psychic damage" or "impairment of mental health." <u>Sorenson</u>, supra, at 204. The "extraordinary" damage cases cited in <u>Sorenson</u> at 203-204 also involved "at issue" waiver.

Examples of symptoms that courts have found to be extraordinary and not garden-variety include permanent inability to work, <u>Conklin v. Feitelberg</u>, 146 F. Supp. 3d 430 (D. Mass. 2015); <u>Donovan v. Prussman</u>, 2000 WL 1257463, at *4 (Mass. Super. Aug. 28, 2000); permanent inability to pursue a career. <u>Simmers v. King County</u>, No. 2: 21-cv-00100-TL-JRC (W.D. Wash. May 2, 2022); hair falling out due to emotional distress stress, <u>Michaels v. Rutgers Univ.</u>, No. 15CV7603,

2017 WL 4536115, at *4 (D.N.J. 2017); and required psychiatric hospitalization. <u>Allen v. O'Neill</u>, Civil No. 3: 20-CV-00854 (JOM) (D. Conn.2021).

By contrast, "loss of enjoyment of life, loss of self-esteem, and humiliation" are garden-variety damages, <u>Stark v. Hartt Transportation Systems, Inc.</u>, No 2: 12-cv-195-NT (D. Me. 2013. Garden variety emotional distress also includes are self-isolation, "becoming shy," and temporary decline in academic performance, <u>Dawson v. South Correctional Entity</u>, No. C19-1987RSM (W.D. Wash. May 20, 2021).

Koppel alleges garden variety distress,[1] not any extraordinary psychic injury. Koppel's emotional distress symptoms are negative impacts on his social life and increase in frequency of visits to his therapist. Exhibit C, 575, 577. He felt shame and fear and had recurring memories, 579, 580, insomnia, 580, loss of libido, 582, loss of concentration, 583, forced social isolation by former friends, 583, and loss of productivity, 585. All of these are garden variety.

After the defamations Koppel was not diagnosed with any new condition or provided any new or different kind of medications. Exhibit A, Confidential Affidavit of James Koppel, ¶ 4. Koppel does not allege any permanent inability to work, physical symptoms such as hair loss, or placement in a psychiatric hospital. He will not rely on expert psychiatric testimony. <u>Sorenson</u>, <u>supra</u>, at 204. His symptoms and testimony involve ordinary facts as to the loss of enjoyment of life and temporary decline in performance. These are ordinary or "garden-variety." Anxiety, loss of libido, loss of concentration, and anger (Memo. 1) likewise are ordinary symptoms of distress, not extraordinary psychic damage requiring the start of hospitalization or any psychic injury or extraordinary new diagnosis.

---

[1] Contrary to the Memo. 2, 4, Koppel had relationships with treatment professionals before the defamations in early 2020. See Exhibit A, Confidential Affidavit of James Koppel, ¶ 4. He did not seek or start any new therapy. Id.

Koppel's ordinary symptoms are of precisely the same sort of symptoms of emotional distress which a lay plaintiff is allowed to prove at trial in Massachusetts without need for expert testimony.[2] Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 647–650 (2010) (finding that the testimony of the plaintiff a non-expert was sufficient to show compensable emotional distress arising from abuse of process). Koppel's symptoms are typical symptoms of anyone who experiences distress.[3]

Counsel for plaintiff has not located any case in this Circuit which adopts the federal "middle ground" view of waiver based on a distinction between extraordinary as opposed to garden variety symptoms. The "middle ground" approach requires that a court make a distinction between symptoms that are extraordinary as opposed to those that are garden variety.

In Sorenson, supra, 197 F.R.D. at 204 (Woodlock, J) the court did not find any extraordinary symptoms. It held that that "mental anguish, severe emotional distress, humiliation, personal indignity, emotional pain, anxiety embarrassment, and anxiety" and "severe emotional distress, including physical and mental suffering, shame, humiliation" did not show extraordinary psychic or psychological injury which would trigger a waiver. Id. at 205. Judge Woodlock in Sorenson went further and rejected "at issue" waiver in principle. He said in dicta that under First Circuit law the fact that a plaintiff brings a claim for intentional or negligent infliction of emotional distress does not of itself operate as a waiver. Id. at 204-205.

_____

[2] The Motion at points distorts Koppel's testimony. See Memo. 1: "self-hate; tremors." His testimony is not so dramatic. Koppel at some point cringed when seeing his own name. He may have "trembled" at some point while having negative memories Motion, Exhibit C, 580, 581, 582. Koppel does not allege any "related physical injuries." But see Memo. at 4.

[3] The Motion mentions that the Plaintiff at deposition said that a jury might award $100,000 damages. Memo. 1, 3. That does not show extraordinary harm. What a plaintiff thinks a jury might award as to one aspect of his damages is very likely not admissible. It does not show any medical or scientific basis for extraordinary harm.

This record does not show any extraordinary psychic harm or other extraordinary symptoms. Apart from that, the case law as to the middle approach gives no reliable guidance to when and how it can or should be applied absent expert testimony to assist the court. No standard is clear. If this Court disagrees and views any of the Plaintiff's symptoms as extraordinary rather than ordinary, Plaintiff in that instance respectfully suggests that this Court deny the Motion but exclude at trial any testimony only as to specific identified extraordinary symptoms. In re Sims, 534 F.3d 117, 142 (2d Cir. 2008) (limiting trial testimony to garden-variety distress); see Cabot v. quoted above at pages 6-7. Putting that problem aside, the requested ruling will limit Koppel testimony but would not require that treatment records be disclosed and will not require irreparable loss of valuable interests in privacy and confidentiality In re Sims, 534 F.3d 117, 142 (2d Cir. 2008) (limiting trial testimony to garden-variety distress); see Cabot v. Lewis, quoted above at pages 6-7.

Under both the narrow and middle ground approach to waiver, the Motion has no merit and is proper to be denied.

D. The Motion fails to show at issue waiver.

The sole explicit argument in the Memo. is that waiver is required under the third approach known as "at issue" waiver. See Memo. asserting "at issue" waiver (Memo. 3, 6, 6, 6, 6) and waiver because mental treatment records are "in controversy" (Motion, 6, 7).

Koppel has not placed his mental condition at issue under any of the cases applying at issue waiver. See Sabree v. United Bhd. of Carpenters & Joiners of Am., Loc. No. 33, 126 F.R.D. 422, 426 (D. Mass. 1989). Koppel identifies "garden-variety" claims of emotional distress, not a claim of psychic injury or psychiatric disorder resulting from the defamation.

At issue waiver is found only when set of facts such as extreme emotional distress or mental disability <u>must be proved as an element of a claim or defense.</u> <u>Sarko v. Penn-Del Directory Co.</u>, 170 F.R.D. 127, 130 (E.D. Pa. 1997) (Memo. 5) ("at issue" waiver was found because plaintiff alleged disability discrimination; disability was defined as physical or mental impairment). That is the meaning of "at issue." <u>Sarko</u>, 170 F.R.D. 127. The <u>Sarko</u> plaintiff alleged that that she was a member of all protected categories as to discrimination by virtue of suffering from clinical depression. She therefore placed her mental condition "directly at issue." <u>Sarko v. Penn-Del Directory supra</u>, 170 F.R.D.at 130 (E.D. Pa. 1997). <u>Schoffstall v. Henderson</u>, 223 F.3d 818, 823 (8th Cir. 2000) is similar (finding at issue waiver in sexual discrimination and sexual harassment case by analogy to attorney malpractice cases but without detailed discussion); see <u>Latimore v. Poon,</u> Civil Action No. 14-13481-FDS (D. Mass. 2018) ( Saylor, J.) (claim for intentional infliction of emotional distress supports at issue waiver because the claim cannot be proved unless the emotional distress is proved as an element of the claim).[4]

---

[4]     The cases relied on by the defendant (Memo. 6) in support of "at issue" waiver do not support waiver in this Circuit and do not support waiver on the present record.

    <u>Silvestri v. Smith</u>, No. 14-13137-FDS, 2016 WL 778358 (D. Mass. 2016) (Dein, J.) included claims for intentional infliction of emotional distress and negligent infliction of emotional distress. The Court there adopted the narrow approach (at *4). Although the plaintiff alleged "severe emotional distress," including nightmares and anxiety, "this is not enough to waive the psychotherapist-patient privilege absent at showing that he would affirmatively rely privileged treatment records.

    <u>Jackson v. Chubb Corp.</u>, 193 F.R.D. 216, 225 (D.N.J. 2000) involved a claim for race discrimination. The Court there reviewed each of the three approaches. Two prior orders had issued compelling the disclosure of mental health treatment records. Id. at 219. The Court ruled that plaintiff had placed her mental health at issue as to "perseverating emotional distress" and post-traumatic stress disorder. Id. at 227. During the course of the case the mental status of the plaintiff deteriorated markedly. She was hospitalized for her mental health conditions, including "multiple emergency room admissions" and was likely to be hospitalized again in the near future. Id. 226, 227. Plaintiff had provided the mental health treatment records to her expert to use at trial. Her condition was extraordinary, not garden variety, and she suffered from newly diagnosed symptoms. Id at 227. She intended to use protected communications as evidence. Id. On this record, a ruling that there was an "at issue" waiver was fully supported. [continued on next page]

Cherkaoui v. City of Quincy, Civil Action No. 14-cv-10571-LTS (D. Mass. 2015) (Cabell, J.) (not mentioned in the Memo.) is based on at issue waiver because in support of her disability claim the plaintiff alleged "a mental health related disability, depression and severe emotional damages." Her "cause of action relies on the advice or findings of [his or] her psychotherapist" Id., citing Vanderbilt v Town of Chilmark, supra. Miller v. Colonial Refrigerated Transp. Inc., 81 F.R.D. 741, 746 (M.D. Pa. 1979) is an action to recover for alleged personal injuries, including post-traumatic neurosis. There, at issue waiver of the psychotherapist-patient privilege applied because the neurosis could only be proved by expert testimony. The plaintiff waived privilege because plaintiff "relies on" his or her mental or emotional condition" … "as an element of his claim or defense." Id. at 746.

Koppel, by contrast, alleges damages caused by defamation, including emotional distress damages, but not any claim or cause of action such as intentional infliction of emotional distress requiring proof of severe emotional distress as an element of the claim. The defamation claims here as a result do not support any ruling that these defamation claims put mental health "at issue." Koppel in addition will not offer any medical records in support of his emotional distress damages. Exhibit A, Confidential Affidavit of James Koppel, ¶ 5.

---

[footnote 4 continued]

Michaels v. Rutgers Univ., No. 15-cv-7603, 2017 WL 4536115, at *4 (D.N.J. 2017) involves a claim by a physician that she had suffered stress and "claims that she lost hair because of the severity of stress suffered" … this is "not a garden variety stress claim." Id.

Caldwell v. Wallis, No. 16-674-RGA, 2018 WL 3306895, at *5 (D. Del. 2018) is a claim by a prisoner for personal injuries suffered in a fire. The ruling is that the physical condition of the plaintiff, not his mental health treatment records, had been put in issue.); Manning v. Herman, No. 1:13-cv-01426, 2016 WL 4803197, at *2 (M.D. Pa. Sept. 14, 2016) says only that the plaintiff placed his or her medical condition at issue. It does not include any facts or rulings related to waiver of a privilege as to mental health treatment records.

The Motion fails to show "at issue" waiver because it takes no account of the recognized difference between (i) a claim or defense which puts a topic at issue because the topic is a necessary element of the claim or defense and the entirely different subject of (ii) whether a claim once proved permits recovery of damages for emotional suffering incurred in the course of daily life.

Massachusetts law clearly distinguishes between emotional distress as an element of a claim and emotional distress as one measure of the injury caused by a tort. See Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 647–650 (2010). In the context of defamation and other torts, Massachusetts law strongly supports the view that defamation and emotional distress damages are not extraordinary and are not "at issue." Id. Under Massachusetts law damages for emotional distress are not an element of defamation. They are one possible type of or one component of the recoverable damages. They are not "at issue" because they are not a necessary element of the claim. A defamation plaintiff could win at trial without proof of emotional distress.

Massachusetts law separately discourages any rulings as to waiver because, once an appropriate tort is proved, a lay plaintiff is competent to testify as to emotional distress damages without need for expert testimony or treatment records. Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 647–650 (2010). Testimony of the non-expert plaintiff is sufficient. Millennium Equity, supra, 456 Mass. at 647–650 (abuse of process). In that case the SJC held that no expert testimony was required to prove emotional distress damages. It pointedly distinguished case law involving claims or causes of action for intentional or negligent infliction of emotional distress. It expressly approved of the sufficiency of testimony by the lay plaintiff as to his "emotional pain" impacting day-to-day activities. The entirely non-expert testimony in Millennium Equity Holdings, LLC, 456 Mass. 627 included testimony as to the difficulty of

performing work, embarrassment, lack of focus, difficulty sleeping, and embarrassment. Id. These ordinary life complaints are very similar to the testimony of Koppel at deposition.

Massachusetts law is similarly favorable to plaintiffs on a related topic relevant to his defamation claim namely proof of damages to reputation. Damages to reputation are not limited to out-of-pocket loss but include "impairment to reputation and standing in the community, personal humiliation and mental anguish and suffering." Stone v. Essex Cnty. Newspapers, Inc., 367 Mass. 849, 861, 330 N.E.2d 161 (1975 (emphasis added). No expert testimony is required. Id.

In light of these points favorable to a defamation plaintiff under Massachusetts law, the Motion ignores, or is contrary to, Massachusetts law. It seeks relief without any adequate factual or legal showing. A defamation claim by itself is not a basis for at issue waiver. The Motion is contrary to federal common law and to Massachusetts substantive law because the Motion in substance asserts that any plaintiff in any defamation case in Massachusetts waives psychiatric privilege if that plaintiff seeks to recover the full measure of damages for defamation, including "mental anguish" and "suffering" and "personal humiliation." No identified case in Massachusetts supports that proposition. A defamation claim, as a matter of law, is not a waiver of mental health treatment privilege under federal common law or under Massachusetts law.[5]

---

[5] Federal common law privilege has not been waived. See In re Hampers, 651 F.2d 19, 22–23 (1st Cir. 1981). Hampers sets out a four-prong analysis for balancing the various state and federal interests to determine whether, and to what extent, the federal common law of privilege would recognize a state evidentiary privilege against disclosure. The four factors are: (1) Would the courts of Massachusetts recognize such a privilege? (2) Is the state's asserted privilege "intrinsically meritorious in our own independent judgment"? (3) Should such a privilege be "sedulously fostered"? (4) Is injury that would inure to the relationship by the disclosure of the communication greater than the benefit thereby gained? Sabree v. United Bhd. of Carpenters & Joiners of Am., Loc. No. 33, 126 F.R.D. 422, 425 (D. Mass. 1989). Here each test points to non-waiver.

E. <u>The Motion is barred by the Stipulation and Order as to the end of discovery.</u>

The Motion s filed on the last day of discovery and is barred by the Stipulation and Order as to the end of discovery. Docket Documents 105 and 106 (Order). A copy of 105 is Exhibit B The Stipulation and Order as to the time to end discovery states that "the time for discovery ends" on August 19, 2022, absent contrary Order of this Court. A copy of document 105 is attached.

The Motion is apparently an afterthought. Discovery disclosures in this case started on January 4, 2021, when Plaintiffs applied answers to interrogatories and responses to document requests. Hoping to avoid motion practice, the plaintiff supplemented each of those initial responses. See Document 46, Exhibits 6, 7, 8 (supplemental responses to document requests and to interrogatories). The interrogatory answers supplied on January 4, 2021, and again on February 9, 2021, included three answers dedicated to description of emotional distress and to facts causing that distress. See docket Document 46, April 28, 2021, pp. 69, 71, and 72.

Defendant in April 2021 filed a motion to compel additional disclosures including answers to interrogatories and documents. Document 46. That was followed by a motion for sanctions served on September 7, 2021, which was denied. This Motion is filed roughly 561 days after January 4, 2001, the date Plaintiff first described his emotional distress and made clear he would not waive privilege. Motion Exhibit B, p. 10, Response 37.

Discovery ended on the day the Motion was filed, August 19, 2022. The Motion is impermissibly tardy because it seeks to extend the time for discovery (e.g.." inspection" of private treatment records) beyond that date without good cause. See Stipulation and Order as to discovery, docket documents 105, 106.

15

F. <u>Any compelled disclosures should be limited.</u>

 The Motion seeks treatment records. Motion 1. It is limited to Document Request 37. The text of that request is found at Exhibit B, p. 10. The first document requests in other instances seek documents retroactively back to June 2015. Request 37 seeks mental health treatment records starting March 2, 2020, related to these defamations. Plaintiff mentions this to avoid controversy. In addition, and end point is appropriate because plaintiff's testimony is clear that he ceased to need weekly therapy because of these defamations by the end of 2021. Exhibit C, page 578. Plaintiff requests that if any disclosure is forced the disclosure be limited to attorneys' eyes only. See conclusion below.


Conclusion

 The Motion fails to show that any principled basis for a forced waiver of the privilege afforded to mental health treatment records under federal common law as applied in this Circuit or under Massachusetts law. Emotional distress damages are an element of the recoverable damages for defamation. They are able to be proved under Massachusetts law entirely by lay testimony. Koppel does not intend to offer any psychiatric or other expert testimony as to emotional distress. He does not claim causation of any specialized new medical condition. The Motion should we denied under <u>Vanderbilt v Town of Chilmark, supra.</u>

 In the alternative, if the Motion is not denied in full, Plaintiff requests that relief be limited to an Order that the Plaintiff is not permitted to testify at trial as to any extraordinary symptoms of mental distress, if any, and that the test for that applied by this Court be injuries required to be proved by an expert. As a second alternative if the Motion is granted at all Plaintiff requests that any documents disclosed pursuant to any Order on this Motion be limited to mental health

treatment records after March 2, 2020 and that they be disclosed only on the condition that the Defendants enter into a new confidentiality order providing that the disclosed mental health treatment records are for attorneys' eyes only plus disclosure to a trial or not for trial expert, and that they not be disclosed to the defendant or anyone else.

Respectfully submitted,

James Koppel,
by his attorneys,

/s/ Paul G. Boylan
Paul G. Boylan, BBO 052320
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
pboylan@fmglaw.com
Dated: September 2, 2022                    Tel: (617) 963-5972

## Certificate of Service

I hereby certify that the within document was served on opposing counsel Jeffrey Pyle by email.

Dated: September 2, 2022                    /s/ Paul G. Boylan
                                            Paul G. Boylan