UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES KOPPEL,
      Plaintiff,

     v.

WILLIAM MOSES,
      Defendant.

No. 20-cv-11479-LTS

**MEMORANDUM AND ORDER ON MOTION TO SEAL**

CABELL, U.S.M.J.

    In an assented-to motion, the defendant William Moses moves to seal a supporting memorandum, associated exhibits, an opposition filed by the plaintiff James Koppel and, presumably, the opposition's associated exhibits. (D. 113). The parties filed the foregoing documents in connection with the defendant's motion to compel the plaintiff's psychological treatment records. (D. 114). For reasons set out below, the motion to seal (D. 113) is denied.

**I.  BACKGROUND**

    By way of background, in March 2022, this court entered a protective order regarding documents containing confidential or sensitive, private information. (D. 100). The protective order allows a party to designate documents as "Confidential Information" as long as the party has a reasonable belief "that

disclosure would compromise the confidentiality of such information or the privacy of an individual." (D. 100, p. 1). It also requires a party to file Confidential Information "under seal by a motion to impound pursuant to Local Rule 7.2 . . . unless or until . . . the Court denies [the] motion to impound." (D. 100, ¶ 7). The parties represent that the filings at issue refer to material the plaintiff designated as Confidential Information. (D. 113). The defendant, with the plaintiff's assent, therefore, moves to seal the aforementioned filings. (D. 113).

## II.   DISCUSSION

In seeking to seal these filings, the defendant argues the following: (1) under *Anderson v. Cryovac*, 805 F.2d 1, 13 (1st Cir. 1986), "neither the First Amendment nor the common law presumption that the 'public may inspect judicial records' encompass[es] 'discovery material'" (D. 113) (quoting *Anderson*, 805 F.2d at 13); and (2) the protective order (D. 100, ¶ 7) requires him "to seal material designated confidential by [the plaintiff]," and the filings refer to such material, including the plaintiff's psychological treatment. (D. 113).

Turning to the first argument, discovery materials are distinct "from the record on which a judge actually decides the central issues in a case." *In re Boston Herald, Inc.*, 321 F.3d 174, 189 (1st Cir. 2003) (discussing *Anderson*, 805 F.2d at 13); *accord United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013)

2

(noting that, in *Anderson*, court "carefully distinguished the record on which a judge" decides "'central issues in a case' from 'documents presented to a judge in connection with a discovery dispute'"); *see In re Boston Herald*, 321 F.3d at 189 (common law presumption of public access applies to "judicial records," which are "often" defined as "'materials on which a court relies in determining the litigants' substantive rights'") (citation omitted). Based on this reasoning, "no right of [public] access attaches to civil discovery motions themselves or materials filed with them." *Kravetz*, 706 F.3d at 55 (dicta) (citing *Anderson*, 805 F.3d at 11-13); *see Anderson*, 805 F.3d at 11 ("hold[ing] there is no right of public access to documents considered in civil discovery motions").

The defendant is therefore correct that the *Anderson* decision stands for the principle, among others, that neither the constitutional right of public access nor "the common law presumption" of public access "encompass[es] discovery materials." *Anderson*, 805 F.3d at 13. The defendant's motion (D. 113), filed with the plaintiff's assent, nevertheless overlooks the holding in *Anderson*, which requires good cause for the court to seal discovery materials. *See id.* at 14. In particular, *Anderson* holds, inter alia, that "the district court need only have had *good cause* to deny the public access to documents submitted to the court for its use in deciding discovery motions because there is no

3

constitutional or common law right of access to such documents."[1] *Id.* (emphasis added). In the same vein, a *party* must show good cause to impound discovery materials, *see* LR. 7.2(a),[2] and to continue impoundment of discovery documents. *See Hayes v. McGee*, Civil Action No. 10-40095-TSH, 2014 WL 198407, at *5 (D. Mass. Jan. 13, 2014) (balancing competing interests and finding defendants "established good cause under LR, D.Mass. 7.2 for continuing impoundment of" exhibit submitted in connection with motion to quash subpoena). A party must also show good cause to file discovery documents under seal. *See Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, Civil Action No. 07-11444-RWZ, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008) (stating that "party seeking to file a document under seal must demonstrate . . . 'good cause,'" which exists for documents "pertaining to defendants' summary judgment motion," but is *less clear as to other documents*); *Branch v. Umphenour*, Case No. 1:08-cv-01655-SAB, 2017 WL 220129, at *12 (E.D. Cal. Jan. 18, 2017) (moving party must

---

[1] In contrast, because of "the common-law presumption in favor of public access to judicial records, . . . 'only the most compelling reasons can justify non-disclosure of judicial records.'" *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011) (internal brackets omitted).

[2] Local Rule 7.2 requires a party filing a motion to impound to file "a statement, supported by good cause, that the material should be impounded until further order of the court." LR. 7.2(a)(1). Without an adjective preceding or limiting "material," the good cause showing applies to discovery material and non-discovery material. In addition, there is no reason to construe the language of LR. 7.2(a) as applying a different meaning to "good cause" than the one universally and commonly applied to protective orders in Fed. R. Civ. P. 26(c) ("Rule 26(c)"). *See generally Anderson*, 805 F.2d at 13 (noting "first amendment scrutiny of protective orders 'must be made within the framework of Rule 26(c)'s requirement of good cause'") (citation omitted).

show "good cause exists to seal" documents "attached to a discovery or non-dispositive motion[]").

In deciding whether good cause exists, the same, *flexible* good cause standard applicable to protective orders in general applies. *See Anderson*, 805 F.2d at 13 (to determine whether good cause exists to deny access to documents submitted to decide discovery motions, "the same good cause standard is to be applied that must be met for protective orders in general"); *see also Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391, 402 (1st Cir. 2005) (recognizing that good cause is flexible standard); *see generally Bradford & Bigelow,* 109 F. Supp. 3d at 447 ("What constitutes 'good cause,' and therefore what concerns can justify a document being filed under seal, depends on the nature of the filing."). Good cause "must be based on a particular factual demonstration of potential harm" as opposed to "conclusory statements." *Anderson*, 805 F.3d at 7. It also requires *balancing* "the many interests that may be present." *Gill*, 399 F.3d at 402 (citation omitted); *see also Nat'l Org. for Marriage v. McGee*, 649 F.3d 34, 70 (1st Cir. 2011) (stating, albeit in context of common law presumption of public access, that decisions on sealing "judicial documents require a *balancing* of interests") (emphasis added). As explained in *Gill*, "considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced." *Gill*, 399 F.3d at 402. The

administrative concern of expending resources to electronically file documents under seal, which entails multiple steps, also constitutes a relevant consideration. *See Bradford & Bigelow,* 109 F. Supp. 3d at 447 (justification for requiring proponent of sealing to show good cause "is driven by administrative concerns" because "court expends considerable resources to process and maintain sealed documents").

Relative to privacy interests, the plaintiff asks to keep his affidavit under seal because, to use his words, "whether a person does or does not seek therapy is private." (D. 116-1). The affidavit is also one of the filings the defendant, with the plaintiff's assent, moves to seal. (D. 113). The sum total of the plaintiff's argument to seal his affidavit reads: "Whether a person does or does not seek therapy is private." (D. 116-1, ¶ 1).

Several reasons lead to the conclusion that there is an inadequate showing of good cause to seal the requested filings. First, the defendant, with the plaintiff's assent, asks to seal each filing in its entirety. The request is overbroad. By way of example, one of the defendant's interrogatories asks the plaintiff for routine, non-private information, namely, to describe any complaint or report that the plaintiff "had made any person uncomfortable." (D. 115-1, p. 3, No. 3). This information is, in part, already publicly disclosed in the amended complaint (D. 54,

6

¶¶ 25-26, 28, 33), which is not sealed. *See Kravetz*, 706 F.3d at 63 (quoting *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494-95 (1975), that "interests in privacy fade when the information involved already appears on the public record"). Other interrogatories ask the plaintiff for routine, typically non-private information, to wit, the names of individuals he expects to call as witnesses at trial or the names of individuals with knowledge of the subject matter of the amended complaint. (D. 115-1, p. 9, No. 16, 17). To provide another example, the request to seal the entire supporting memorandum to the motion to compel (D. 115) is overbroad because it is replete with non-private, non-privileged statements about the law.

Second, the single-sentence argument in the defendant's assented-to motion (D. 113) "does not explain" in any meaningful manner why a specific document should be sealed. *See Bradford & Bigelow,* 109 F. Supp. 3d at 449 (noting, albeit in context of documents constituting judicial records, that proponent of sealing did "not explain why any specific documents should be sealed"). Third, the fact that the protective order states that a party must file confidentially designated documents "under seal by a motion to impound" (D. 100, ¶ 7), *see* LR. 7.2, is insufficient by itself to show good cause. *See Bradford & Bigelow,* 109 F. Supp. 3d at 448 (rejecting, albeit again in context of documents constituting judicial records, "common justification" for "good cause" to seal

7

"court filing" that "document is . . . designated" confidential under protective order); *see also Abiomed*, 2021 WL 5165010, at \*2 (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 680 n.15 (3d Cir. 1988), as characterizing argument "'legally flawed'" because it "'would have this court hold that a stipulated protective order gave [the party] the *unilateral power* to designate which of its documents would be part of the public record'") (emphasis added).

Fourth, and importantly, the single-sentence arguments (D. 113) (D. 116-1, ¶ 1, sent. 4) do not address good cause or even reference the requisite balancing of interests aspect of the good cause showing. *See Dusel v. Factory Mutual Ins. Co.*, No. 21-1609, 2022 WL 16569173, at \*12 (1st Cir. Nov. 1, 2022). Indeed, the plaintiff fails to cite any legal authority to support his argument. (D. 116-1, ¶ 1). As such, the plaintiff's "argument" is even less developed than the argument the First Circuit in *Dusel* deemed waived. *See id.* (applying waiver to argument which cited "Federal Rule of Civil Procedure 56(c)(4) as applicable to [summary judgment] affidavits" and stated "motion to strike was 'improperly denied' and" reversal "merited based on abuse of discretion"). The parties therefore waived the issue of good cause.

## II.  CONCLUSION

In accordance with the foregoing discussion, the motion to seal (D. 113) is **DENIED**.

                                        /s/ Donald L. Cabell
                                        DONALD L. CABELL, U.S.M.J.

DATED:  November 10, 2022