UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES KOPPEL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 20-cv-11479-LTS |
| WILLIAM MOSES, | ) ) ) | |
| Defendant. | ) ) ) | |

**AFFIDAVIT OF EMMA BATSON**

I, Emma Batson, hereby depose and state as follows.

1. I am a graduate student at the Massachusetts Institute of Technology, and a member of the Student Information Processing Board ("SIPB") with the status of "keyholder." I make this affidavit on personal knowledge in support of William Moses's motion for summary judgment.

2. I joined SIPB in 2016. From February 2019 until February 2020, I served as the Chair of SIPB's Executive Committee ("EC"). Over my years at SIPB, I became thoroughly familiar with its practices and procedures, including the EC's practices with respect to its communications with SIPB members.

3. Throughout my time at SIPB, the group's Executive Committee has made decisions relating to governance of the organization, and has regularly kept SIPB membership informed of its decisions. The EC has done so primarily through emails to the distribution list known as "SIPB-Office," or sibp-office@mit.edu.

4.      During my time as SIPB Chair, I understood SIPB-Office to consist of SIPB members and keyholders who identify as having an interest in information relating to the SIPB Office, a physical space on MIT's campus that contains computing resources. At all times, SIPB members or keyholders who do not wish to continue receiving emails sent to this list have had the option of unsubscribing.

5.      From time to time, the EC has used the SIPB-Office list to notify SIPB members that a particular person is no longer associated with SIPB or is not welcome in SIPB-controlled spaces, and the reasons why.

6.      For example, on August 15, 2016, SIPB Vice Chair Eric Lujan sent an email to SIPB-Office notifying members that John Hawkinson ("jhawk"), an MIT alumnus, had been asked to refrain from participating in all MIT student groups "due to complaints raised about his presence in various student groups." The email explained that "while John remains a SIPB member, he has effectively lost much of the privileges that being a SIPB member or a prospective accords him." A true and correct copy of this email is attached to the Affidavit of Jeffrey J. Pyle as Exhibit 9.

7.      On December 18, 2018, SIPB member Lily Chung sent an email to SIPB-Office stating that Hawkinson was no longer a SIPB member. The email read: "Hi SIPB, This week the SIPB EC sanctioned jhawk and removed his SIPB membership. As you may already know, he was already enjoined by MIT from interacting with any student groups, but was technically still a SIPB member; this is no longer the case." A true and correct copy of this email is attached to the Affidavit of Jeffrey J. Pyle as Exhibit 10.

8.      A number of recipients of Chung's email questioned SIPB's decision and requested further information about it via the email thread. Accordingly, on December 21, 2018,

4394113.v1

in my capacity as a member of the Executive Committee, I responded to the SIPB-Office list as follows:

> Hi all,
>
> After viewing some of the responses, I hoped I could provide some clarity by explaining some of my thoughts on the matter as a member of the EC.
>
> First I want to be clear that while the SAO [Student Activities Office] reaching out to us was the catalyst that started this discussion, ultimately I felt that there were many compelling reasons to revoke jhawk's membership. **A large number of SIPB members have been made very uncomfortable by jhawk, including current students**. I didn't want this to keep happening. I didn't want a future EC to have to deal with this. And I didn't want his behavior to be affiliated with SIPB in any way. . . .

(Pyle Aff., Exhibit. 10 at WM000421) (emphasis supplied)).

9.  On December 2, 2019, when I was Chair of the Executive Committee, I sent an email to SIPB-Office notifying members that an individual named Matt Stephenson, who was not a member of the MIT community but had indicated he was planning to come to a SIPB meeting, was not welcome in SIPB spaces. I noted in the email that Stephenson "was known to have caused problems in the past." I further stated: "I want to make sure everyone at SIPB feels safe and comfortable – if you have any concerns about this please reach out to me." A copy of this email is attached to the Affidavit of Jeffrey J. Pyle as Exhibit 11.

10. On February 10, 2020, I was present at a SIPB meeting. After the meeting, someone brought up whether James Koppel should be made a keyholder. I closed the room to persons other than keyholders, and asked whether anyone present had opinions about the subject. It is a common SIPB practice for keyholders to discuss informally whether a member should be made a keyholder, in order to determine whether there is a consensus on the topic. I recall that a number of SIPB keyholders present stated that Koppel made them uncomfortable, and that I was concerned about what they said.

11. On February 26, 2020, Billy Moses, who had recently been elected Chair of the SIPB Executive Committee, sent an email to SIPB-Private@mit.edu requesting comment on whether Koppel should be made a keyholder. The SIPB-Private list consists only of SIPB keyholders. In response, numerous keyholders commented about Koppel, including by relating the experiences of themselves or others. On February 27, 2020, Moses sent another email to SIPB-Private, summarizing the Executive Committee's conclusions about the conversation concerning Koppel, and stating that he had just asked Koppel to disengage from the group. In my time at SIPB, I had frequently seen the SIPB-Private list used to discuss similar issues.

12. On March 2, 2020, the SIPB Executive Committee, on which I served, discussed sending an email to a broader SIPB audience about Koppel's disengagement. (Pyle Aff., Ex. 6 at WM000387-399). We used the Mattermost messaging platform for this discussion. During the conversation, Moses asked the group for advice as to what SIPB list the communication should be sent. (*Id.*).

13. I replied on the Mattermost thread that I believed the communication should go to SIPB-Office. I gave Moses this advice because the SIPB-Office list was the SIPB distribution list that was best suited to reach SIPB members and keyholders who may have interacted with Koppel in the past and were likely to have an interest in his withdrawal from the group. I also noted that, "[f]or historical comparison, that was the list I sent the Matt Stephenson email to, and that was the list [Lily Chung] announced the revocation of [John Hawkinson's] membership to."

14. Cel Skeggs, another Executive Committee member, concurred with my recommendation.

15. Moses sent the email about Koppel's disengagement from SIPB to SIPB-Office on March 2, 2020. The March 2 email served a number of purposes of SIPB. First, it served to

4394113.v1

notify SIPB members of a significant action of the Executive Committee. Second, it notified SIPB members that Koppel would no longer be at the SIPB office, thereby potentially encouraging persons who may have been avoiding Koppel that they could now participate in the group. Third, the email conveyed to SIPB members that the Executive Committee takes seriously any incident where other SIPB persons are made to feel uncomfortable, and would deal with those incidents appropriately. Finally, it served to begin a discussion about how to ensure that SIPB members could feel comfortable appropriately reporting similar interactions in the future.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 22, 2023.

_____
Emma Batson

4394113.v1

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing document by email on counsel for plaintiff on January 23, 2023.

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle