UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES KOPPEL, | ) |
| Plaintiff, | ) |
| v. | ) No. 20-cv-11479-LTS |
| WILLIAM MOSES, | ) |
| Defendant. | ) |

**AFFIDAVIT OF WILLIAM S. MOSES**

I, William S. Moses, hereby depose and state as follows.

1. I am a Ph.D candidate at the Massachusetts Institute of Technology ("MIT") and the defendant in the above-captioned matter. I make this affidavit on personal knowledge in support of my motion for summary judgment.

2. I was born in 1996. I graduated from the Thomas Jefferson High School for Science and Technology in Northern Virginia in 2014, and matriculated at MIT as an undergraduate later that year.

3. In 2017, I joined the Student Information Processing Board ("SIPB") at MIT. SIPB is an officially chartered MIT student group focused on computer science. It has been in existence for more than 50 years. SIPB offers talks, classes for and without credit, computing infrastructure, and answers to computing questions. SIPB controls a number of spaces on MIT's campus, including the "SIPB Office," which contains computing-related equipment and resources. Over the course of my education at MIT, I engaged in numerous projects and activities with SIPB.

1

4.	On February 17, 2020, I became Chair of the Executive Committee of SIPB. Through my activities with the group, I have become thoroughly familiar with SIPB's history, its philosophy, and its interests.

5.	SIPB is guided by a constitution. The constitution provides that a SIPB member can be elected a "keyholder." That status confers full SIPB privileges, including the ability to maintain one's student email address at the domain "@mit.edu" indefinitely after graduation. SIPB keyholders are issued a physical key to the SIPB Office. Keyholders retain both their status, and their keys, after they graduate from MIT.

6.	MIT alumni who are SIPB members and keyholders often work on SIPB projects, and prior to the COVID-19 pandemic were frequently present at the SIPB Office.

7.	SIPB uses email distribution lists for communications among SIPB members, including alumni. A person who is added to any of these distribution lists may opt out of receiving emails sent to these lists at any time by unsubscribing from the list.

8.	One of those lists, SIPB-Office@mit.edu, includes addresses of some SIPB keyholders and non-keyholding members. The list has generally been used to communicate with SIPB-affiliated persons who may have an interest in information relating to the SIPB Office.

9.	Another list, SIPB-Private@mit.edu, consists only of a subset of SIPB keyholders. Its primary use is for discussions about whether a SIPB member should be made a keyholder.

10.	Throughout my time at SIPB, the group's Executive Committee has made decisions relating to governance of the organization. The Executive Committee has regularly kept the membership of SIPB informed of its decisions. It has done so primarily through emails sent by members of the Executive Committee to the distribution list "SIPB-Office."

4400752.v1

11. On February 17, 2020, I was elected Chair of the SIPB Executive Committee. On February 21, 2020, following up on an in-person discussion earlier that month, I sent a message to the rest of the Executive Committee on the messaging service Mattermost. In the message, I suggested that I should solicit opinions via an email to SIPB-Private about whether James Koppel should become a keyholder. I asked for the views of Executive Committee members on this subject because some of them had more experience with SIPB than I did at the time.

12. On February 26, 2020, as authorized by the Executive Committee, I sent an email to SIPB-Private soliciting experiences, information, and opinions about Koppel. I received a number of responses over the next two days. I had no reason to doubt the truth of those responses.

13. On February 27, 2020, I sent an email to the SIPB-Private distribution list, replying to the thread about Koppel's potential keyholdership. My email reported that the Executive Committee had decided to ask Koppel to disengage from SIPB. On March 2, 2020, I sent an email to the SIPB-Office list concerning the same subject.

14. I sent these emails to advance what I considered to be the interests of SIPB. Those interests included notifying my fellow SIPB members of a significant action of the Executive Committee; informing SIPB members that Koppel would no longer be at the SIPB office, thereby potentially encouraging persons who may have been avoiding Koppel that it was now safe to participate in the group; and conveying to SIPB members that the Executive Committee takes seriously any incident where other SIPB persons are made to feel uncomfortable, and would deal with such incidents appropriately. I also hoped the email would begin a discussion about how to ensure that SIPB members could feel comfortable appropriately reporting similar interactions in the future.

4400752.v1

15. Before sending the March 2, 2020 email, I asked other members of the Executive Committee and a past SIPB Chair for advice as to what distribution list I should send it to. Executive Committee members Emma Batson (the immediate past Chair) and Cel Skeggs (a prior SIPB Vice Chair) advised me that the email should be sent to SIPB-Office. Lizhou Sha, another past SIPB Chair, gave me the same guidance. I received no advice to the contrary.

16. My understanding at the time I sent the March 2, 2020 email was that the SIPB-Office list included keyholders and members who had an interest in information relating to the SIPB Office. I did not know the number of emails on the SIPB-Office list at the time I sent the March 2, 2020 email. I did not attempt to identify the holder of each email account on the list before I sent the email. I relied on the collective wisdom of the Executive Committee and Mr. Sha to guide me as to the appropriate audience for the email.

17. In August 2022 I received a spreadsheet produced by MIT in response to a subpoena served by my counsel. The spreadsheet shows the email address of each person who had an active account -- or who may have had an active account -- on the SIPB-Office list as set forth in a document generated by James Koppel as of about March 20, 2020. The MIT spreadsheet indicates (through yellow highlighting) which email addresses on the SIPB-Office list using the domain @mit.edu were inactive and therefore incapable of receiving emails as of that date. (Affidavit of Olu Brown, Exhibit C). After removal of a duplicates (e.g. taralee@mit.edu and taralee@alum.mit.edu), my own email address, and an email from which I received a bounceback from the March 2 Email, the spreadsheet indicates that there were 508 email accounts that potentially received the March 2, 2020 email.

18. To the best of my knowledge, each of the 508 potential recipients of the March 2, 2020 email was a SIPB-affiliated person who had not removed their email address from the

4400752.v1

SIPB-Office list as of March 2, 2020, and who thereby indicated to SIPB an interest in receiving the kinds of emails sent to SIPB-Office.

19. SIPB maintains other lists that have significantly more members than SIPB-Office. For example, SIPB-list-of-lists@mit.edu contains approximately 2,538 unique email addresses, some of which may have been terminated. The list SIPB-Announce@mit.edu currently contains approximately 880 unique email addresses, some of which, again, may have been terminated.

4400752.v1

Signed under the pains and penalties of perjury this <u>22nd</u> day of January, 2023,

_William Moses_
William S. Moses

4400752.v1

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing document by email on counsel for plaintiff on January 23, 2023.

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle