UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES KOPPEL, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM MOSES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 20-cv-11479-LTS <br> ) <br> ) <br> ) <br> ) <br> ) |

## WILLIAM MOSES'S PARTIAL MOTION TO SEAL
## OBJECTION TO REPORT AND RECOMMENDATION

Pursuant to this Court's March 3, 2022 Protective Order (Doc. No. 100) and Local Rule 7.2, Defendant William S. Moses moves to partially impound his Objection to Magistrate Judge Cabell's Report and Recommendation on Moses's Motion for Summary Judgment, and further that he be permitted to file a public version of the Objection redacting only the names of individuals who reported that Koppel had made them or others uncomfortable. In support of this motion, Moses states as follows.

1. On March 3, 2022, Magistrate Judge Cabell issued a Protective Order. The Protective Order allows a party to designate discovery material as "Confidential Information" if the party reasonably believes the disclosure of the information "would compromise the confidentiality of such information or the privacy of an individual." (Protective Order, Doc. No. 100, at 1-2). The Protective Order further provides:

> If a party wishes to file or submit to the Court any Confidential Information, the party must file that information with the Court under seal by a motion to impound pursuant to Local Rule 7.2. Such information may not be filed electronically through ECF or otherwise in the Court's public docket unless or until (a) the party that designated the information as

4685761

>> Confidential has consented in writing, or (b) the Court denies a motion to impound.

(*Id*. at 5).

2. Moses is submitting for filing today an Objection to the Magistrate Judge's report and recommendation on Moses's motion for summary judgment. The objection cites to the content of documents and information exchanged in discovery that plaintiff James Koppel has designated as "confidential" under the Protective Order. This includes the entirety of the transcript of the deposition of James Koppel; the transcript of Volume II of the deposition of William Moses; and the entirety of the transcript of a third-party witness.

3. Moses has not designated anything as "confidential" pursuant to the Protective Order.

4. Moses states that in the context of a summary judgment motion, there is no good cause for sealing anything that Koppel has designated as "confidential." Moses submits this motion to comply with the Magistrate Judge's Protective Order, and to request leave to file a public version of the Objections that redacts only a small category information as to which good cause exists for impoundment as previously found in this action: the names of persons who reported that Koppel made them or others uncomfortable.

5. Motions for summary judgment and their related filings constitute "judicial records" subject to the common-law and First Amendment right of public access, because they constitute the "record on which a judge actually decides the central issues in a case." *In re Boston Herald, Inc.*, 321 F.3d 174, 189 (1st Cir. 2003) (discussing *Anderson*, 805 F.2d at 13). "Where, as here, the documents at issue are judicial records, only the most compelling reasons can justify non-disclosure." *Taylor v. Grunigen*, No. CV 19-11947-MBB, 2022 WL 313970, at *1 (D. Mass. Feb. 2, 2022) (cleaned up) citing *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d

404, 410 (1st Cir. 1987); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments").

6.      In ruling on a similar motion to seal the summary judgment papers, the Magistrate Judge held that the summary judgment papers shall be public, with one exception: that Moses may redact from public filing the names of individuals who reported that Koppel made them uncomfortable. (Doc. No. 149). That is the only material in the objections as to which Moses believes there is "good cause" for impoundment – the identities (but not the information or testimony) of third parties who reported or stated that Koppel made them uncomfortable. Some such statements in the summary judgment filings, for example those contained in Exhibit 7 to the Affidavit of Jeffrey J. Pyle, were made under an assurance of anonymity. Moses is prepared to file a redacted version of his Objections redacting this information upon this Court's order to do the same.

WHEREFORE, pursuant to Local Rule 7.2 and the Court's Protective Order, Moses moves that the Court impound his objection to the report and recommendation, and permit him to file a public redacted version of said document redacting only the names of individuals who reported that Koppel made them uncomfortable.

4685761

>Respectfully submitted,
>
>WILLIAM MOSES,
>
>By his attorneys,
>
>*/s/ Jeffrey J. Pyle*
>Jeffrey J. Pyle (BBO #647438)
>jpyle@princelobel.com
>Nicole J. Cocozza (BBO #693523)
>ncocozza@princelobel.com
>PRINCE LOBEL TYE LLP
>One International Place, Suite 3700
>Boston, MA 02110
>T: 617-456-8000
>F: 617-456-8100

Dated: January 11, 2024

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that on January 11, 2024, I conferred with counsel for plaintiff James Koppel in a good faith attempt to resolve or narrow the issues presented in this motion.

>*/s/ Jeffrey J. Pyle*
>Jeffrey J. Pyle

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on January 11, 2024.

>*/s/ Jeffrey J. Pyle*
>Jeffrey J. Pyle

4

4685761