UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES KOPPEL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 20-cv-11479-LTS |
| WILLIAM MOSES, | ) ) ) | |
| Defendant. | ) ) | |

**WILLIAM MOSES'S OPPOSITION TO
"MOTION BY PLAINTIFF KOPPEL TO IMPOUND THE TEXT OF ONE
DOCUMENT, WITH CONDITIONAL OBJECTION TO
ONE PART OF DOCUMENT 149"**

Defendant William Moses submits this opposition to Plaintiff James Koppel's motion to "impound" – i.e., redact on the public docket – a portion of the Magistrate Judge's Report and Recommendation on Moses's motion for summary judgment, and to continue the impoundment of a portion of the summary judgment papers in this case. Koppel's motion should be denied because he has failed to demonstrate good cause to withhold from the public any part of the Magistrate Judge's Report and Recommendation or the summary judgment record.

1. The public has a presumptive right of access to civil judicial documents under the First Amendment and the common law. *Courthouse News Serv. v. Quinlan*, 32 F.4th 15, 21 (1st Cir. 2022) (holding that delays in providing the public with access to newly-filed civil complaints can violate First Amendment right of access); *In re Guantanamo Bay Detainee Litig.*, 624 F. Supp. 2d 27, 36 (D.D.C. 2009) (the courts have "uniformly held that the public has a First Amendment right of access to civil proceedings and records"), and collecting cases; *In re Salem Suede, Inc.*, 268 F.3d 42, 45 (1st Cir. 2001) ("[T]here is a strong common law presumption

4688839

favoring public access to judicial proceedings and records."); *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987). The public's right of access to judicial documents "stems from the premise that public monitoring of the judicial system fosters the important values of 'quality, honesty and respect for our legal system.'" *Siedle v. Putnam Invs., Inc.,* 147 F.3d 7, 9-10 (1st Cir. 1998), quoting *Standard Fin. Mgmt.*, 830 F.2d at 410. While the common law access right is "not unfettered," *id.* at 10, "[t]he citizens' right to know is not lightly to be deflected," and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *Standard Fin. Mgt.*, 830 F.2d at 410, quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). A court faced with a question of whether to seal a judicial record "must carefully balance the competing interests that are at stake in the particular case." *Siedle*, 147 F.3d at 10.

      2.    "A 'judicial document' or 'judicial record' is a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016), quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir.2006) (internal quotation marks omitted). Motions for summary judgment and their related filings constitute "judicial records" subject to the common-law and First Amendment right of public access, because they constitute the "record on which a judge actually decides the central issues in a case." *In re Boston Herald, Inc*., 321 F.3d 174, 189 (1st Cir. 2003). "Where, as here, the documents at issue are judicial records, only the most compelling reasons can justify non-disclosure." *Taylor v. Grunigen*, No. CV 19-11947-MBB, 2022 WL 313970, at *1 (D. Mass. Feb. 2, 2022) (cleaned up) citing *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d at 410; *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("presumption of access to judicial records applies fully to dispositive

pleadings, including motions for summary judgment and related attachments"). Plainly, a report and recommendation of a magistrate judge concerning a motion for summary judgment is subject to this right of access.

3. Koppel asks the Court to "impound" a portion of the report and recommendation that quotes an email that was sent to Moses just before the first of his allegedly defamatory statements. (Doc. No. 146 at 16-17). The sender of the email reported that they had received a firsthand report of a "sexual assault" by Koppel. (*Id.*). Koppel asks to impound this portion of the report and recommendation and the underlying email on the ground that they harm his reputation. (Doc. No. 153 at 4).

4. The quote from the email is necessary to include in the Report and Recommendation if the public is to fully to understand the Magistrate Judge's determinations -- and in Moses's view, why it erroneously recommended denial of the motion for summary judgment. The Magistrate Judge determined that Moses should be brought to trial on a claim that he was reckless in reporting to the student group he led that Koppel had made other people uncomfortable -- even though Moses had just received a report (which he undisputedly had no reason to doubt) that Koppel had allegedly engaged in "sexual assault." The disclosure of the content of the email is necessary to understand the import of the Magistrate Judge's decision, and is therefore fully subject to the common law and First Amendment right of access.

5. Koppel has shown no "good cause" for impoundment. Koppel's asserted interest in his reputation does not overcome the public's right to monitor the judicial system. It certainly is not the kind of "overriding interest in sealing" that the law requires. *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 449 (D. Mass. 2015). The mere fact that a document may "embarrass, incriminate or create further litigation for a party is not enough to compel a court to

4688839

seal the documents." *Bryntensen v. Camp Auto., Inc.*, No. 2:13-CV-00491-BLW, 2015 WL 2035812, at *2 (D. Idaho May 1, 2015).

For the foregoing reasons, Moses requests that Koppel's Motion (Doc. No. 153) be denied.

                                                Respectfully submitted,

                                                WILLIAM MOSES,

                                                By his attorneys,

                                                */s/ Jeffrey J. Pyle*
                                                Jeffrey J. Pyle (BBO #647438)
                                                jpyle@princelobel.com
                                                Nicole J. Cocozza (BBO #693523)
                                                ncocozza@princelobel.com
                                                PRINCE LOBEL TYE LLP
                                                One International Place, Suite 3700
                                                Boston, MA 02110
                                                T: 617-456-8000
                                                F: 617-456-8100

Dated: January 17, 2024

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on January 17, 2024.

                                                */s/ Jeffrey J. Pyle*
                                                Jeffrey J. Pyle

4688839