UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES KOPPEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM MOSES, | ) |
| | ) |
| Defendant. | ) |

Civil No. 20-11479-LTS

ORDER ON DEFENDANT WILLIAM MOSES'S MOTION
FOR SUMMARY JUDGMENT (DOC. NO. 124)

February 2, 2024

SOROKIN, J.

Plaintiff James Koppel sued Defendant William Moses for defamation arising out of two

emails sent by Moses to various persons related to a student organization called the Student

Information Processing Board ("SIPB") at the Massachusetts Institute of Technology ("MIT").

Doc. No. 1-3. Both parties received undergraduate degrees from MIT, and, at the time of the

events giving rise to this lawsuit, both parties were candidates there for Ph.Ds. Doc. No. 133

¶¶ 13, 15; Doc. No. 129-3 at 10; Doc. No. 145 ¶¶ 1-2. Although Koppel asserted a variety of

claims, the Court previously dismissed all his claims except for his common law claim for

defamation under Massachusetts law. Doc. Nos. 24, 101.

Now pending before the Court is Moses's Motion for Summary Judgment. Doc. No. 124.

Magistrate Judge Cabell, to whom this case was referred for all purposes, issued a Report and

Recommendation ("R&R") thoroughly analyzing the various summary judgment issues. Doc.

No. 146. In his R&R, Judge Cabell recommends denying Moses's Motion because a jury could

conclude that Moses made the challenged statements knowing they were false (as to the second statement only) or in reckless disregard of the falsity of the statements (as to both statements). Doc. No. 46 at 52.

I.    DISCUSSION

    A.  Koppel's Objections to the R&R

Koppel initially objected to the R&R only insofar as it did not redact a particular email. Doc. No. 153. Moses objected to both adverse recommendations.[1] Doc. No. 156. The parties made these filings within the time provided for objections to the R&R, as extended by the Court. Doc. Nos. 151, 152. Koppel then filed a "response" to the objections filed by Moses. Doc. No. 158. Insofar as this filing responds to Moses's objections, see, e.g., Doc. No. 158 at 1-9, it is timely because Koppel filed it within fourteen days of the date Moses filed his objections. However, insofar as Koppel's "response" purports to object to the "findings and recommendations" of Judge Cabell's R&R, see, e.g., id. at 10-26, it is untimely. See Fed. R. Civ. P. 72(b)(2).

The extended deadline for filing objections to the R&R expired on January 11, 2024, Doc. No. 152, and Koppel knew it. The R&R, which he received, established the original, earlier deadline. Doc. No. 146. Koppel assented to the deadline extension Moses sought, which resulted in the extended, January 11, 2024, deadline. Doc. No. 151. Koppel neither sought an additional extension to the objection deadline, nor did he even attempt to establish good cause for disregarding the deadline so that he could advance new objections raised for the first time in his "response." The First Circuit has held that "[f]ailure to raise objections to the Report and Recommendation waives the party's right to review in the district court and those claims not

---

[1] The Court addresses and resolves Moses's objections in its discussion of his Motion for Summary Judgment below. See Section I (B) infra.

preserved by such objection are <u>precluded on appeal</u>." <u>Davet v. Maccarone</u>, 973 F.2d 22, 31 (1st Cir. 1992) (emphasis added); <u>see also</u> <u>Keating v. Sec'y of Health & Hum. Servs.</u>, 848 F.2d 271, 275 (1st Cir. 1988). Here, the R&R expressly cautioned the parties that "failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation." Doc. No. 146 at 53. Thus, Koppel's failure to timely object, pursuant to Rule 72(b), extinguishes any opportunity to raise a new issue in a reply to an objection. <u>See</u> <u>Korinko v. Wells Fargo Home Mortg.</u>, No. 1:18-cv-12632, 2020 WL 7022456, at *2-3 (D. Mass. Nov. 30, 2022) (declining to review de novo the issues raised by the defendant in their response to the plaintiff's objections to the R&R); <u>Shophar v. Gyllenborg</u>, No. 18-2125, 2019 WL 4843745, at *2 (6th Cir. Apr. 19, 2019) ("[T]he district court correctly noted that Federal Rule of Civil Procedure 72(b)(2) does not provide a right to file a reply as a substitute for objections to a report and recommendation."); <u>Sparks Tune-Up Ctrs., Inc. v. Strong</u>, No. 92 C 5902, 1994 WL 188211, at *4 (N.D. Ill. May 11, 1994) ("Plaintiffs' objection . . . is improper for it was filed well beyond the . . . time period for objections as provided in Rule 72."). For this reason, the Court rejects and OVERRULES Koppel's late objections. His one timely objection, concerning redactions, is addressed further in Section I (D), <u>infra</u>.

    B.  <u>The Motion for Summary Judgment and Moses's Objections</u>

    The Court resolves Moses's Motion for Summary Judgment, Doc. No. 124, by applying the familiar summary judgment standard, <u>Noviello v. City of Bos.</u>, 398 F.3d 76, 84 (1st Cir. 2005), with de novo consideration of the R&R. <u>United States v. Alonso</u>, 602 F. Supp. 2d 297, 299 (D.P.R. 2008). Judge Cabell identified two statements that a jury could find to be false: (1) "that Koppel engaged in the severe, consistent, and widespread sexual harassment or sexual misconduct," Doc. No. 146 at 26-27, and (2) that "he was asked to stop, or given opportunities to

change, the behavior but failed to do so."[2] <u>Id</u>. at 27. Koppel also focused his arguments around these two statements. <u>Id.</u> at 26.

Moses complains, <u>see</u> Doc. No. 156 at 8-13, that the First Circuit has rejected reading alleged defamatory statements broadly when the statements are true as written. <u>See, e.g.</u>, <u>Noonan v. Staples, Inc.</u>, 556 F.3d 20, 23-24 (1st Cir. 2009). Here, the first statement requires resolution of initial factual questions: what conduct did the statement describe, and, in particular, was that conduct sexual harassment. There is also the additional factual question of whether the statement was substantially true, which depends upon resolution of the prior fact questions. While a jury is not required to read the statements or record through the plaintiff-friendly lens of summary judgment as the R&R does, nevertheless, a jury could reasonably conclude that the quoted phrase describes sexual harassment. Under these circumstances, the First Circuit law that Moses cites is inapposite.

Moreover, the outcome of both the "severity" and "widespread" inquiries turns, to a great degree, on the scope and nature of the conduct that is encompassed by the first statement. Ordinarily, sexual harassment refers either to conduct that is sexual in nature or conduct undertaken because of a person's sex. <u>Cf.</u> 42 U.S.C. § 2000e-2(a)(1) (defining an "unlawful employment practice" to include "to fail or refuse to hire or to discharge any individual . . . because of such individual's . . . sex"). Here, the evidence on the record gives rise to a fact question on, at least, the latter definition. For these reasons, the question of falsity or, rather, whether the statement was substantially true, presents a jury issue. As to the second statement, both the analysis and the outcome are much the same.

---

[2] Moses did not actually write, in an email, the words that the Court has quoted from Judge Cabell's R&R. Rather, those words are Judge Cabell's characterization of the meaning that Moses's written statement "conveys." Doc. No. 146 at 26.

Moses also challenges, Doc. No. 156 at 17-26, the R&R's finding that a reasonable jury could conclude, on this record, that Koppel has established, by clear and convincing evidence, that Moses abused the applicable conditional privilege by making the two challenged statements in reckless disregard of their truth (or, as to the second statement, with knowledge of its falsity). See Doc. No. 146 at 50, 52. This challenge presents a closer question for two reasons. First, on this issue, Koppel bears the burden to meet a substantially higher standard of proof. See Lawless v. Estrella, 160 N.E.3d 1253, 1261 (Mass. App. Ct. 2020). Second, Koppel's opposition to the Motion for Summary Judgment on this point was sparse, consisting of two, brief paragraphs. Doc. No. 131 at 8-9. The only evidence Koppel cites either is not evidence of recklessness or knowing falsity, see, e.g., id. at 8 (citing Doc. No. 133 ¶ 116), or merely references the "retraction" email, see Doc. No. 129-12 at 7, which, although it gives some support to Koppel's position, is not the dispositive admission he suggests.

The alleged "retraction" email merely concedes that the SIPB leadership had not given Koppel prior warnings or opportunities to stop. Id. However, the alleged defamatory email did not say that the SIPB leadership had previously given him such warnings or opportunities. Rather, it stated that Koppel had "been given several opportunities to change his behavior, and he failed to do so." See Doc. No. 131-3 at 2; Doc. No. 146 at 18-19. Thus, the "retraction" email is not an admission that Koppel failed to receive such warnings, but instead a concession that he failed to receive them from the SIPB leadership.

Nevertheless, the question of recklessness presents a jury issue. The nature and scope of the conduct of which Moses was aware at the time the allegedly defamatory emails were sent presents factual questions. For example, whether Koppel's conduct that Moses knew about constituted sexual harassment, as opposed to socially awkward, uncomfortable, or even rude and

annoying conduct, presents a jury question which bears on whether Moses made the statements recklessly, or, at least as to the second question, with knowledge of its falsity.[3]

For all of the foregoing reasons, the Court OVERRULES Moses's objections to the R&R. Doc. No. 156. The Court finds the R&R comprehensive, thoughtful, and correct. Accordingly, the Court ADOPTS the R&R, Doc. No. 146, and DENIES Moses's Motion for Summary Judgment, Doc. No. 124. Returning to Koppel's untimely objections, see Doc. No. 158 at 10-26, the Court also OVERRULES them on the merits after de novo review of the R&R and Motion papers.

    C.  <u>Scope of the Trial</u>

Considering the record and summary judgment findings, the Court now clarifies the scope of the trial. At issue is whether the two emails conveyed the statements described as defamatory in the R&R. That is, the jury will decide: (1) whether, in fact, the words "severe, consistent, and widespread" described conduct constituting sexual harassment; (2) the other elements of Koppel's defamation claim as to each of the two statements; and (3) whether Koppel establishes, by clear and convincing evidence, that Moses abused the conditional privilege by making one or both statements in reckless disregard of their truth or with actual knowledge of their falsity. The ruling on the Motion for Summary Judgment resolves whether the conditional privilege applies and rules out other possible exceptions to the privilege.

Trial shall commence on **May 6, 2024, at 9:00 a.m**. A separate, pretrial order establishing filing deadlines will issue.

---

[3] The exception to the privilege turns on Moses's state of mind, not on the objective truth or falsity of the statements at issue.

D.  <u>Additional Pending Motions</u>

Two additional Motions also require resolution. First, Koppel objects, <u>see</u> Doc. No. 153

at 16-17, to making public a quotation from one email, <u>see</u> Doc. No. 146 at 16-17, describing one

of the three incidents that the R&R found was "severe." Doc. No. 146 at 29. He also objects to

Judge Cabell's ruling, Doc. No. 149, that the summary judgment filings should be public, except

for the identities of third parties, i.e., the persons providing information described in the R&R.

Doc. No. 153 at 10. Non-dispositive matters (and this objection is not dispositive of any claim or

defense) are subject to review only for errors of law or abuse of discretion. Fed. R. Civ. P. 72(a).

Under this standard of review, the Court AFFIRMS Judge Cabell's ruling and OVERRULES the

objection, Doc. No. 153. While Koppel did not address what standard of review applies to his

objection, given the relationship of the matter to the Motion for Summary Judgment, the Court

also considers the objection de novo. Under de novo review, the Court ADOPTS what Judge

Cabell did for the reasons he stated. <u>See</u> Doc. No. 149. Accordingly, the parties shall submit

redacted public copies of their summary judgment filings within fourteen days.

Second, Moses seeks to seal only so much of his own Objection, Doc. No. 156, to the

R&R as encompassed by Judge Cabell's ruling. Doc. No. 154. This Motion is ALLOWED.

II.   <u>CONCLUSION</u>

The Court ADOPTS the R&R, Doc. No. 146; DENIES the Motion for Summary

Judgment, Doc. No. 124; OVERRULES the Objection to the Sealing Order, Doc. No. 153;

ALLOWS the Motion to Seal, Doc. No. 154; ORDERS the parties to file redacted public copies

of all their summary judgment filings within 14 days; and ORDERS that trial shall commence on

**May 6, 2024, at 9:00 a.m.**

SO ORDERED.

 /s/ Leo T. Sorokin             
United States District Judge